**GESSIN LTD**
Jesse Gessin (SBN 263889)
Jesse@Gessin.Ltd
Mailing - 806 E. Avenida Pico, Suite I-291
San Clemente, CA  92673
Physical – 910 South El Camino Real, Suite 201
San Clemente, CA  92672
Tel.: (949) 328-6629

*Specially Appearing Counsel for Defendants JUSTIN ZEIG and the ZEIG LAW FIRM, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXPERIAN INFORMATION SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ZEIG LAW FIRM, LLC, JUSTIN ZEIG et al., <br><br> Defendants. | Case No. 8:24-cv-01186-FWS-JDE <br><br> **APPLICATION TO CONTINUE DATES FOR RESPONSE TO PLAINTIFF'S COMPLAINT** <br><br> The Hon. Fred W. Slaughter <br><br> Complaint served:     June 3, 2024 <br> Current response date for Zeig Law Firm, LLC and Justin Zeig:    July 24, 2024 <br> Current response date for other Defendants (except Daniel Soffer):        July 25, 2024 <br> Requested response date for all Defendants (except Daniel Soffer):        August 8, 2024 |

1    Defendants STEIN SAKS, PLLC, a New York company; JUDAH STEIN, a
2 New Jersey resident; YAAKOV SAKS, a Florida resident, TAMIR SALAND, a New
3 York resident, ELIYAHU BABAD, a New Jersey resident (collectively, the "Stein
4 Saks Defendants"), ZEIG LAW FIRM, LLC, a Florida company, JUSTIN ZEIG, a
5 Florida resident (collectively the "Zeig Defendants"), CHESKY MONK, a New
6 Jersey resident, (collectively, "Defendants") hereby apply pursuant to the Court's
7 Standing Civil Order, Federal Rules of Civil Procedure 6 and 16, and the Court's
8 inherent and supervisory authority to extend the time to respond to the initial
9 Complaint by an additional two weeks.  If granted, the new response date for all
10 Defendants (except Daniel J. Soffer) would be August 8, 2025.

Dated:  June 18, 2024                    GESSIN LTD

                                         By:  /s/ Jesse Gessin
                                              Jesse Gessin

                                              *Specially Appearing Counsel for*
                                              *Defendants JUSTIN ZEIG and the ZEIG*
                                              *LAW FIRM, LLC*

# APPLICATION TO CONTINUE
# MEMORANDUM OF POINTS AND AUTHORITIES

Under Federal Rule of Civil Procedure 6(b), the Court may, for good cause, extend the time for an act to be done if the request is made before the original time or its extension expires.[1] Rule 6(b) likewise authorizes a court to extend the time within which a party may do any act required by the rules. The Court possesses the inherent power to control its docket and dispositions with economy of time and effect for itself, for counsel, and for litigants. *Krueger v. Wyeth, Inc.,* No. 03CV2496 JAH (MDD), 2016 WL 3981126, at *2 (S.D. Cal. May 19, 2016) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).

The Court's Standing Civil Order states, "Requests for continuances must be by motion, stipulation or application and must be accompanied by a declaration setting forth the reasons for the requested continuance. The declaration also should include whether there have been any previous requests for continuances and whether these requests were granted or denied by the court."

## A. Prior Continuances

All defendants have received one stipulated continuance of their respective response dates. Declaration of Jesse Gessin ("Gessin Decl."), ¶ 1; Docket Entry ("DE") 25-28. Defendant Soffer's response date is July 19, 2024. DE 27. The Zeig Defendants' response date is July 24, 2024. Id.; DE 25. Defendant Monk's and the Stein Saks Defendants' response date is July 25, 2024. Id.; DE 26, 28.

## B. Good Cause Exists for the Requested Extension

Here, good cause exists for extending the response deadline. The Complaint, filed on June 3, 2024, includes 118 pages with detailed allegations of racketeering, conspiracy, and fraud, necessitating comprehensive and well-prepared responses. The Complaint is 525 paragraphs. The Complaint's complexity and the nature of the anticipated motions—Motion to Transfer Venue, Motion to Dismiss under Fed. R.

---

[1] The Court may also extend the time after the time has expired if the party failed to act because of excusable neglect, which does not apply here.

Civ. P. 12(b)(6), and Motion to Strike under California's Anti-SLAPP Statute—require significant time and resources to prepare adequately and engage in meet and confer efforts with Plaintiff's counsel. Gessin Decl., ¶ 2.

Also, a continuance to a single day will permit the Defendants to coordinate their responsive filings so the Court does not receive three motions to dismiss, three motions to transfer venue, and three anti-SLAPP motions. Gessin Decl., ¶ 3. It would be more efficient for the Court to receive one motion and two joinders or a single substantive motion with two limited motions adopting and adapting the substantive motion to the facts and circumstances of a particular defendant. Id.

### C. The Extension is Sought in Good Faith and Will Not Prejudice the Plaintiff

Defendants have been diligently preparing their responses and motions but require additional time to ensure a comprehensive and legally sound defense. Gessin Decl., ¶ 4. This request is made in good faith and not for the purpose of delay. Granting this extension will not prejudice the Plaintiff—the Plaintiff cannot seriously argue otherwise—but instead will allow for a more thorough examination and response to the complex issues presented.

### D. Legal Precedent Supports Granting Extensions Where There is No Prejudice

The Federal Rules of Civil Procedure are to be liberally construed to effectuate the general purpose of seeing that cases are tried on their merits. *See Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983). The courts have consistently held that extensions should be granted when the moving party demonstrates diligence and when there is no substantial prejudice to the opposing party. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-59 (9th Cir. 2010).

### E. Compliance with Local Rules & Efforts to Contact Opposing Counsel

Defendants making this Application have requested Plaintiff stipulate to a further two-week continuance to August 8, 2024, but Plaintiff will not stipulate.

Gessin Decl., ¶ 5.  Counsel for Defendants has made reasonable, good faith efforts to advise counsel for Plaintiff of the date and substance of this proposed ex parte application.  Specifically, on July 12, 2024, Defendants' counsel sent an email to Plaintiff's counsel requesting a meet and confer regarding the extension.  Id. Plaintiff's counsel responded on July 13, 2024, denying the request for an extension. Id.  On July 15, 2024, Defendants' counsel attempted to reach Plaintiff's counsel via phone and left voicemail messages.  Id.  Despite these efforts, Plaintiff's counsel has not agreed to the requested extension.  Id.  On July 17, 2024, Defendants' counsel notified Plaintiff's counsel of this Application.  Id.

### F. Conclusion

For the foregoing reasons, Defendants respectfully request that the Court grant this Application to extend the time to respond to Plaintiff's Complaint to August 8, 2024.

Respectfully submitted,

Dated:  July 18, 2024                    GESSIN LTD

                                         By: /s/ Jesse Gessin
                                             Jesse Gessin

                                         *Specially Appearing Counsel for Defendants JUSTIN ZEIG and the ZEIG LAW FIRM, LLC*

Dated:  July 18, 2024                    LEWIS BRISBOIS BISGAARD AND SMITH LLP

                                         By: /s/David Samani
                                             David Samani

                                         *Specially Appearing Counsel for Defendants STEIN SAKS, PLLC; JUDAH STEIN; YAAKOV SAKS, TAMIR SALAND, and ELIYAHU BABAD*

Dated: July 18, 2024

GUTNICKI LLP

By: /s/ Kelley Cox

Kelley C. Cox

*Specially Appearing Counsel for* CHESKY MONK

# PROOF OF SERVICE

I served the foregoing document described as

**APPLICATION TO CONTINUE DATES FOR RESPONSE TO PLAINTIFF'S COMPLAINT**

on the following-listed attorneys who are not on the list to receive e-mail notices for this case (who therefore require manual notice) by the following means of service:

**SERVED BY U.S. MAIL:** There are currently no individuals on the list to receive mail notices for this case.

**SERVED BY CM/ECF:** I certify that, on July 18, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.  The filing of the foregoing document will send copies to the following CM/ECF participants:

    The following are those who are currently on the list to receive e-mail notices for this case.

Richard J. Grabowski
rgrabowski@jonesday.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed on July 18, 2024, at San Clemente, California.

                      */s/ Jesse Gessin*
                      Jesse Gessin