1  Curtis Smolar (SBN 194700)
2  Bochner PLLC
   450 Townsend Street, Suite 100
3  San Francisco, CA 94107
   Phone Number (646) 971-0685
4  Email:  csmolar@bochner.law

5

6  *Attorneys Specially Appearing for*
   *Defendant Daniel J. Soffer*

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| **EXPERIAN INFORMATION SOLUTIONS, INC.,** | Case No.:    8:24-cv-01186-FWS-JDE |
| *Plaintiff,* | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DANIEL J. SOFFER'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| vs. | |
| **STEIN SAKS, PLLC; JUDAH STEIN, a New Jersey resident; YAAKOV SAKS, a Florida resident; TAMIR SALAND, a New York resident; ELIYAHU BABAD, a New Jersey resident; ZEIG LAW FIRM, LLC, a Florida company; JUSTIN ZEIG, a Florida resident; CHESKY MONK, a New Jersey resident; DANIEL J. SOFFER, a New Jersey resident; and DOE DEFENDANTS 1-10,** | The Hon. Fred W. Slaughter |
| | Complaint served:      June 3, 2024 |
| | Current response date for Daniel J. Soffer: July 19, 2024 |
| | Requested response date for Daniel J. Soffer: August 2, 2024 |
| *Defendants.* | |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

**TABLE OF CONTENTS** ............................................................................................ **0**

**TABLE OF AUTHORITIES** .................................................................................. **III**

**INTRODUCTION** ...................................................................................................... **1**

**THE COMPLAINT** .................................................................................................... **1**

**ARGUMENT** ................................................................................................................ **4**

  **I.**    THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANT SOFFER ................................. **5**

      A.   Legal Standard for Nationwide RICO Jurisdiction ................................. 5

      B.   Plaintiff Fails to Allege Soffer Knew About the RICO Enterprise or Other RICO Co-Defendants 7

      C.   Nationwide RICO Jurisdiction is Unavailable Because Defendants Are All Subject to Personal Jurisdiction in Florida ................................................................. 9

      D.   RICO Claims Fails Because the Ends of Justice Militate Against Exercising Personal Jurisdiction Over Soffer in California .......................................... 11

  **II.**   THE COMPLAINT FAILS TO STATE RICO CLAIMS AGAINST DEFENDANT SOFFER ................... **11**

      A.   Legal standard on a Rule 12(b)(6) Motion to Dismiss .......................... 11

      B.   Plaintiff Fails to Allege Plausible RICO Claims against Soffer .................. 13

  **III.**  PLAINTIFF FAILS TO ALLEGE PERSONAL JURISDICTION OVER SOFFER AS TO THE NON-RICO CLAIMS ................................................................................................ **19**

  **IV.**  PLAINTIFF FAILS TO STATE CLAIMS AGAINST SOFFER FOR CONSPIRACY, FRAUD, UNJUST ENRICHMENT, ABUSE OF PROCESS, OR UNFAIR COMPETITION ................................ **20**

**CONCLUSION** ........................................................................................................ **22**

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

## TABLE OF AUTHORITIES

__CASES__

Ashcroft v. Iqbal,
    556 U.S. 662 (2009)......................................................................................................

U.S. v. Autuori,
    212 F.3d 105 (2d Cir. 2000) ..................................................................................18

Baumer v. Pachl,
    8 F.3d 1341 (9th Cir. 1993) ...............................................................................8, 15

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007)...............................................................................................12

Boschetto v. Hansing,
    539 F.3d 1011 (9th Cir. 2008) ..............................................................................21

Burger King Corp. v. Rudzewicz,
    471 U.S. 462 (1985).........................................................................................10, 21

Butcher's Union Local No. 498 v. SDC Inv. Inc.,
    788 F.2d 535 (9th Cir. 1986) ........................................................................5, 6, 10

Capital Asset Mgmt. Inc. v. Satinwood Inc.,
    385 F.3d 159 (2d Cir. 2004) ..................................................................................15

Crenshaw v. Antokol,
    287 F. Supp. 2d 37 (D.D.C. 2003) ........................................................................12

Desaigoudar v. Meyercord,
    223 F.3d 1020 (9th Cir. 2000) ..............................................................................16

Doe v. Walmart Inc.,
    No. 18-CV-02125-LHK, 2019 WL 499754 (N.D. Cal. Feb. 8, 2019) ................6, 7

Eclectic Properties East LLC v. Marcus & Millichap Co.,
    751 F.3d 990 (9th Cir. 2014) ………………………… 13, 14, 18 ..............................

Gilbert v. Bank of Am.,
    No. C 13-01171 JSW, 2014 WL 4748494 (N.D. Cal. Sept. 23, 2014)....................7

Helicopteros Nacionales de Colombia, S.A. v. Hall,
    466 U.S. 408 (1984)...............................................................................................10

Howard v. Am. Online Inc.,
    208 F.3d 741 (9th Cir. 2000) .................................................................................22

In re Century Aluminum Co. Sec. Litig.,
    729 F.3d 1104 (9th Cir. 2013) ..............................................................................14

International Shoe Co. v. Washington,
    326 U.S. 310 (1945).........................................................................................10, 21

Lundy v. Catholic Health Sys. of Long Island,
    711 F.3d 106 (2d Cir. 2013) ..................................................................................17

Mills v. Polar Molecular Corp.,
    12 F.3d 1170 (2d Cir. 1993) ..................................................................................17

Moss v. Morgan Stanley Inc.,
    719 F.2d 5 (2d Cir. 1983) ......................................................................................15

iii

Ozeran v. Jacobs,
   798 F. App'x 120 (9th Cir. 2020) .......................................................................... 19

Pyle v. Hatley,
   239 F. Supp. 2d 970 (C.D. Cal. 2002) ................................................................. 15

Rocawear Licensing LLC v. Pacesetter Apparel Grp.,
   No. CV 06-3093 CJC, 2007 WL 5289737 (C.D. Cal. Sept. 12, 2007) ................ 6, 8, 9

Salinas v. United States,
   522 U.S. 52 (1997) ............................................................................................... 22

Schreiber Distrib. Co. v. Serv-Well Furniture Co. Inc.,
   806 F.2d 1393 (9th Cir. 1986) ............................................................................. 18

Sedima, S.P.R.L. v. Imrex Co., Inc.,
   473 U.S. 479 (1985) ............................................................................................ 15

Smith v. Berg,
   247 F.3d 532 (3d Cir. 2001) .................................................................................. 9

United States v. Aguilar,
   515 U.S. 593 (1995) ............................................................................................ 18

United States v. Fernandez,
   388 F.3d 1199 (9th Cir. 2004) ............................................................................... 9

United States v. Turkette,
   452 U.S. 576 (1981) ............................................................................................ 15

Vess v. Ciba-Geigy Corp. USA,
   317 F.3d 1097 (9th Cir. 2003) ............................................................................. 16

Walden v. Fiore,
   571 U.S. 277 (2014) ............................................................................................ 10

Williams v. Affinion Grp. LLC,
   889 F.3d 116 (2d Cir. 2018) ................................................................................ 17

Wool v. Tandem Computers Inc.,
   818 F.2d 1433 (9th Cir. 1987) ............................................................................. 16

**Statutes**

18 U.S.C. § 1343 ....................................................................................... 13, 18

18 U.S.C. § 1503 ....................................................................................... 13, 18

18 U.S.C. § 1512(c) ................................................................................... 13, 18

18 U.S.C. § 1961(4) ......................................................................................... 15

18 U.S.C. § 1962(c) ............................................................................... 9, 15, 22

18 U.S.C. § 1962(d) ......................................................................................... 22

18 U.S.C. § 1964 ............................................................................................... 5

18 U.S.C. § 1965(b) ................................................................................. 5, 6, 10

California Business and Professions Code § 17200 ...................................... 2, 23

Federal Rule of Civil Procedure 12(b)(2) ........................................................ 1

iv

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) ........................................................................ 1, 12

Federal Rule of Civil Procedure Rule 9(b) ......................................................................... 16

v

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **INTRODUCTION**

Defendant Daniel Soffer ("Soffer") lives and works entirely in New Jersey, has never conducted any business in or aimed at the state of California, and respectfully moves this Court to dismiss the Complaint as alleged against him for lack of personal jurisdiction and for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(2) & (b)(6).

The Complaint improperly asserts that this Court has personal jurisdiction over Soffer under 18 U.S.C. § 1965(b), based on an alleged nationwide RICO enterprise and conspiracy to defraud Plaintiff. However, Plaintiff fails to establish that Soffer has any contact with this jurisdiction whatsoever, nor does Plaintiff establish that Soffer had any contact with any other Defendant except for Judah Stein ("Stein"). Moreover, the allegations do not demonstrate that Soffer had any knowledge of, or participation in, the broader conspiracy beyond his limited interactions with Stein, all of which occurred entirely within the State of New Jersey.

The Complaint also fails to state any claim against Soffer under Rule 12(b)(6). The facts alleged in the Complaint fail to plausibly suggest that Soffer engaged in wire fraud, obstruction of justice, or any other racketeering activity or conspiracy as required under RICO. Lack of factual pleadings linking Soffer to the alleged broader RICO enterprise suggests he had nothing to do with any alleged scheme. Similarly, Plaintiff's remaining allegations are not supported by any facts alleged against Soffer, including claims for fraud, unjust enrichment, abuse of process and unfair competition.

In sum, the Complaint should be dismissed as against Soffer in its entirety for lack of personal jurisdiction and for failure to state a claim.

## **THE COMPLAINT**

Plaintiff is upset because it settled various cases (the "Settlements") without bothering to conduct its own discovery, in various actions filed against Plaintiff (the "Actions") by Stein's law

1

firm Stein Saks, PLLC (the "Stein Saks") and its attorneys Yaakov Saks, Tamir Saland, and Eliyahu Babad (collectively, the "Stein Saks Defendants"). Compl. at ¶¶ 265-66. Essentially, Plaintiff claims it was induced into these Settlements because of "fake" credit-denial letters (the "Letters") submitted by the Stein Saks Defendants on behalf of consumers in of these Actions (the "Clients"). *Id.*

Plaintiff also seeks to recover against Soffer and other co-defendants who provided any such Letters to Stein Saks Defendants, even though such Letters were provided months prior to such Actions. Plaintiff alleges, in relevant part, that Soffer provided several such "fake" credit-denial Letters (the "Soffer Lettes") to various Clients (the "Soffer Clients") as Vice President of Funding Resources Mortgage Corporation ("FRMC"). Compl. ¶¶ 265-407. Months later, Stein eventually used these Soffer Letters to support corresponding Actions in New York, New Jersey, Florida, and Pennsylvania (collectively, the "FRMC Actions"). Compl. ¶¶ 265-407. Notably, none of these FRMC Actions were filed in California. *See id.*

By calling the Soffer Letters "fake," Plaintiff does not mean that Soffer was unlicensed – he is – or that the Soffer stated anything untrue about the Client's credit report or credit assessment in any Soffer Letter – they did not. *See generally*, Compl. Rather, Plaintiff means that the Clients of Stein did not actually submit a "legitimate" credit application in compliance with "C.F.R. § 1024.2(b)," but only credit applications that included the names and contact of the Clients only, without loan amounts or property locations (the "Soffer Client Applications"). Compl. ¶ 280.

These Soffer Client Applications were obtained by Plaintiff when it eventually decided to serve Soffer with a subpoena, which Soffer responded to in full. Compl. at ¶ 281. Although the Soffer Client Applications show the name and contact information of each Client, Compl. ¶ 279, Plaintiff disputes the reliability of these documents because, on "information and belief . . . Stein

2

directed Soffer to paper over the FRMC Scheme by completing the top of the loan applications with the names and contact information of the consumers after Experian subpoenaed Soffer." Compl. ¶¶ 281. The Complaint, however, does not plead any specific facts, nor any basis for such a conclusion or "belief" that Soffer doctored evidence. Nor does the Complaint allege facts to show that Soffer was even required to receive a written, formal loan applications in order to properly issue the Soffer Letters.

Tellingly, the Complaint fails to allege that Soffer knew about the Actions, or about any of the Defendants other than Stein. Instead, Soffer appears in various lists of defendants throughout the Complaint who "participated" in various RICO "schemes" to induce Settlements (e.g., ¶¶ 37-38). Indeed, each of the four Soffer Letters specified in the Complaint were created by Soffer *months* before any corresponding FRMC Actions were commenced by Stein alleging FCRA violations against Plaintiff. Specifically:

- The credit-denial letter for Malichi was created June 12, 2023, while the corresponding action in *Malichi v. Equifax Info. Servs., LLC* was filed on November 20, 2023, more than 5 months later. Compl. at ¶¶ 393, 390

- The credit-denial for Silber was dated March 17, 2023, while the corresponding action in *Silber v. Transunion, LLC*, 2:23-cv-03927 (D.N.J.) was filed on July 24, 2023, more than four months later. Compl. at ¶¶ 402, 399.

- The credit-denial for Dorray was created dated May 17, 2023, while the corresponding action in *Dorray v. Equifax Info. Servs., LLC*, 8:23-cv-02224 (M.D. Fla.) was filed on September 29, 2023, more than four months later. Compl. at ¶¶ 375, 372.

- The credit-denial letter for Mendlowitz was created on December 20, 2022, while the corresponding action in *Mendlowitz v. TransUnion, LLC*, 2:23-cv-01408

3

(E.D.N.Y.) was filed on February 22, 2023, more than two months later. Compl. at ¶¶ 326, 323.

The Complaint concludes that Soffer's actions in providing the allegedly "fake" Soffer Letters constituted wire fraud and obstruction of justice. Compl. at ¶ 469(d) & (e). However, no further specific facts are alleged to show that Soffer had knowledge of or participated in any broader RICO enterprise beyond these specific interactions. Although no relationship or interactions are alleged between Soffer and any other co-Defendant, the Complaint attempt to lump additional co-defendants into a so-called "FRMC Scheme," whereby the Stein Saks Defendants, Zeig Law Firm LLC and Justin Zeig allegedly aided Stein by identifying Soffer Clients and compiling litigation packages to set up FRMC Actions. By contrast, it does not alleged any relationship or association between Soffer a separate "scheme" (the "Zeig Scheme") involving letters obtained from other co-defendants (the "Zeig Letters") that were used in support of other actions, including actions commenced in California (the "Zeig Actions"). Compl. at ¶¶ 148, 230.

Based on the foregoing allegations, Soffer is accused of participating in a grand RICO enterprise by committing wire fraud, obstruction of justice, and by "conspiring" with the other co-defendants in violation of 18 USC 1962(c) & (d) (the "RICO Claims"), as well as four additional state-law claims for fraud, unjust enrichment, abuse of process, and unfair competition pursuant to California Business and Professions Code (B.P.C.) §§ 17200 (the "State-Law Claims"). Compl. at ¶¶ 413-512.

## **ARGUMENT**

As set forth below, the Plaintiff fails to support personal jurisdiction over Soffer because he is a New Jersey resident who did business exclusively in New Jersey, had no contacts with anyone outside of New Jersey, had no effect on anyone in the state of California, and had no

4

knowledge of any Actions or any nationwide RICO enterprise. Additionally, Plaintiff fails to properly state any of the RICO Claims or State-Law Claims (collectively, the "Claims") as alleged against Soffer.

### I.   The Court Lacks Personal Jurisdiction over Defendant Soffer

The Plaintiff does not bother alleging this Court has personal jurisdiction over Soffer based on general or specific jurisdiction under FRCP Rule 4(k), because the Plaintiff has not shown that Soffer has any connection with this jurisdiction whatsoever. Instead, Plaintiff attempts to establish personal jurisdiction over Soffer solely based 18 U.S.C. § 1965(b), which allows for nationwide personal jurisdiction for RICO co-defendants when the "***ends of justice require***" ("Nationwide RICO Jurisdiction"). Compl. at ¶ 26. As set forth below, however, Plaintiff cannot assert Nationwide RICO Jurisdiction against Soffer because (i) Soffer did not know about any alleged RICO enterprise or any of the other Defendants besides Stein, (ii) all the Defendants are subject to general or specific jurisdiction in Florida or New Jersey, and because (iii) the ends of justice militate against extending jurisdiction and compel Soffer to litigate these claims across the Country from his business and the location of all events alleged against him.

#### A.   Legal Standard for Nationwide RICO Jurisdiction

18 U.S.C. § 1965(b) provides:

> In any action under section 1964 of this chapter in any district court of the United States in which it is shown that ***the ends of justice require*** that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof.

(emphasis added). The purpose of the "ends of justice" provision is to enable plaintiffs to bring all members of a nationwide RICO conspiracy before a court in a single trial. *See Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 539 (9th Cir. 1986).

However, the right to nationwide service in RICO suits is not unlimited. Simply naming persons in a RICO complaint does not automatically subject them to section 1965(b)'s

5

Nationwide RICO Jurisdiction. Rather, a plaintiff must meet specific criteria under § 1965(b), which include alleging:

- a "***multidistrict conspiracy that encompasses the defendants***";
- "personal jurisdiction over one of the participants in the alleged multidistrict conspiracy"; and
- the absence of a single jurisdiction "***in which a court will have personal jurisdiction over all of the alleged co-conspirators***."

Rocawear Licensing LLC v. Pacesetter Apparel Grp., No. CV 06-3093 CJC, 2007 WL 5289737, at *5 (C.D. Cal. Sept. 12, 2007) (citing Butchers Union, 788 F.2d at 539). Once the defendant challenges the exercise of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction. *Butcher's Union*, 788 F.2d at 538. Moreover, when alleging a multidistrict conspiracy under 18 U.S.C. § 1965(b), a plaintiff must demonstrate that a defendant was aware of the essential nature and scope of the RICO enterprise and intended to participate in it. *See id.*

In *Butcher's Union*, the complaint alleged a civil RICO claim where defendant lawyers conspired with four separate employers to engage in union-busting activities. 788 F.2d at 537. However, the court found that the plaintiff unions failed to allege a single nationwide RICO conspiracy, as Plaintiff has not plead there is a connection between the defendant employers beyond the use of the same lawyers, and each conspiracy was largely independent. *Id.* The court concluded that none of the four defendant employers had specific knowledge of or participation in any of the other conspiracies. *Id.* at 537, 539.

Similarly, in *Doe v. Walmart Inc.*, No. 18-CV-02125-LHK, 2019 WL 499754, at *7 (N.D. Cal. Feb. 8, 2019), the court granted a motion to dismiss for failure to allege a single RICO conspiracy under § 1965(b). In *Walmart*, plaintiffs alleged an unlawful extortion scheme by

various Walmart stores across the country, whereby plaintiffs were accused of shoplifting, and offered the choice of getting reported to law enforcement or paying hundreds of dollars for an online life-skills course run by Corrective Education Company, LLC (CEC). *Id.* at *2. The Court noted, however, that "As Plaintiffs' own figure (above) shows, the only alleged commonality each of the Defendants have with one another is CEC." *Id.* at *6. This relationship alone, without more, merely suggested "multiple individual conspiracies with CEC, not one unified conspiracy amongst all the Defendants," which is insufficient to establish a "single RICO conspiracy" necessary for Nationwide RICO Jurisdiction. *Id.* at *6-7 (N.D. Cal. Feb. 8, 2019); *see Gilbert v. Bank of Am.*, No. C 13-01171 JSW, 2014 WL 4748494, at *5 (N.D. Cal. Sept. 23, 2014) (granting a motion to dismiss for failure to allege a single RICO conspiracy under § 1965(b) because "[a]t best . . . Plaintiffs' allegations might show two separate conspiracies: one between the MoneyMutual Defendants and the Rare Moon Defendants; and one between the MoneyMutual Defendants and the Cane Bay Defendants.")

### B. Plaintiff Fails to Allege Soffer Knew About the RICO Enterprise or Other RICO Co-Defendants

Plaintiff's allegations against Soffer are insufficient to establish his knowledge of or participation in a broader RICO enterprise involving other co-defendants. Generalized claims of conspiracy, without specific facts demonstrating Soffer's awareness and intent to participate in a nationwide scheme, fail to meet the legal standards required to assert personal jurisdiction under 18 U.S.C. § 1965(b).

Under *Butcher's Union*, a plaintiff must show that a defendant was aware of the essential nature and scope of the RICO enterprise and intended to participate in it. The complaint against Soffer does not meet this requirement. It alleges that Soffer issued credit-denial letters for FRMC Clients but does not provide specific facts indicating that Soffer was aware of a nationwide

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

conspiracy involving other co-defendants or that he had any interactions with any of those co-defendants.

Indeed, the specific act alleged against Soffer, providing the four Soffer Letters, occurred months prior to the FRMC Clients' commencement of their respective Actions against Plaintiff. As discussed *supra* at 3, each of the four Soffer Letters were created more than two and as much as five months prior to the commencement of a corresponding Action.

These timelines show that Soffer's actions were isolated and confined to his interactions with Stein in New Jersey, not part of a broader, coordinated national scheme.

The Complaint otherwise fails to allege that Soffer had any knowledge of or interaction with the other co-defendants or was aware of the broader RICO enterprise, which is fatal to their RICO Claims. *See Rocawear Licensing LLC*, 2007 WL 5289737, at *5 (requiring specific factual allegations showing that defendants had knowledge of and intended to participate in a conspiracy). Here, the mere issuance of credit-denial letters by Soffer does not indicate an agreement or knowledge of an overarching RICO enterprise, but rather a less-than formal opinion offered to help consumers understand their current credit options. There is nothing illegal in offering such a latter upon request if the credit criteria are being applied appropriately. Regardless, as in *Baumer v. Pachl*, 8 F.3d 1341 (9th Cir. 1993)*, the RICO Claims at bar fail to allege any facts showing that Soffer was aware of the essential nature and scope of the RICO enterprise and intended to participate in it.

Moreover, Defendants do not even establish one unified conspiracy, but rather multiple conspiracies involving either Soffer Letters or Zeig Letters, but not both. In similar cases, courts have dismissed RICO claims where plaintiffs could not establish a unified conspiracy among all defendants. In *Doe v. Walmart Inc.*, for example, the court dismissed claims due to the lack of evidence showing a unified conspiracy or relationship between and among all defendants. The

8

court in Walmart emphasized that merely alleging a single entity, CEC, had a relationship with each defendant was insufficient to demonstrate a single RICO conspiracy. No. 18-CV-02125-LHK, 2019 WL 499754, at *7; *see also Gilbert,* No. C 13-01171 JSW, 2014 WL 4748494, at *5. Such allegations only suggest numerous separate conspiracies, not a single nationwide RICO enterprise. *Id.*

The allegations against Soffer are analogous to these cases. The complaint asserts that Soffer fabricated credit-denial letters used in specific FRMC Actions initiated by Stein but fails to show that Soffer knew about or intended to participate in any broader conspiracy beyond his interactions with Stein. This lack of connection between Soffer and multiple defendants across different states is fatal to Plaintiff's RICO Claims against Soffer.

In sum, Plaintiff's allegations do not establish that Soffer was aware of or participated in a nationwide RICO conspiracy. The claims against Soffer are based on his isolated actions within the FRMC Scheme and do not provide sufficient facts to link him to the broader RICO enterprise involving multiple co-defendants across various states. Therefore, Plaintiff fails to establish personal jurisdiction over Soffer under 18 U.S.C. § 1965(b), and the complaint should be dismissed for lack of personal jurisdiction and failure to state a claim.

**C.  Nationwide RICO Jurisdiction is Unavailable Because Defendants Are All Subject to Personal Jurisdiction in Florida**

New Jersey, not California, is the proper jurisdiction for Plaintiff's Claims against Soffer, because both he and Stein resides in New Jersey. Thus, contrary to Plaintiff's blithe conclusion that "there is no other district in which a court will have personal jurisdiction over all alleged co-conspirators," Compl. at ¶ 26, the District of New Jersey has general personal jurisdiction over all "co-conspirators" for the Claims against Soffer, i.e., Soffer and Stain *only*. As noted above, Nationwide RICO Jurisdiction only applies when co-conspirators are not all subject to any single jurisdiction. *See Rocawear Licensing*, No. CV 06-3093 CJC, 2007 WL 5289737, at *5; *Butchers*

9

*Union*, 788 F.2d at 539. Here, were Plaintiff alleges Soffer only interacted with Stein, and not with any other Defendant, Plaintiff is essentially alleging a conspiracy only between two New Jersey residents, for whom Nationwide RICO Jurisdiction cannot apply.

Moreover, New Jersey would remain the proper jurisdiction for all "co-conspirators" even if the additional Defendants alleged to be involved in the FRMC Conspiracy are included in our analysis. Despite some of these Defendants being Florida or New York residents, and despite their lack of relationship with Soffer, each of them would be subject to specific personal jurisdiction in New Jersey based on their having allegedly prepared and commenced several of the FRMC Actions in the state of New Jersey. *See Walden v. Fiore*, 571 U.S. 277, 134 (2014) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

To establish personal jurisdiction over a non-resident defendant, Plaintiff must plead that the defendant is subject to either: (1) general jurisdiction, which requires a showing that the defendant has had continuous and systematic business contacts with the forum state; or (2) specific jurisdiction, which requires a showing that the defendant has purposefully directed its activities at residents of the forum state and the lawsuit relates to or arises out of the defendant's contacts with that state. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985); *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984); Walden v. Fiore, 571 U.S. 277, 134 (2014) (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

Here, specific personal jurisdiction over each of the Defendants because they either reside in New Jersey or because they allegedly directed their activity at the state of New Jersey via the various FRMC Actions filed in New Jersey on behalf of FRMC Clients residing in New Jersey. Since all of the Defendants associated with the alleged FRMC Scheme are subject to either general or specific jurisdiction in New Jersey based on the facts alleged in the Complaint,

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Plaintiff's assertion of Nationwide RICO Jurisdiction under § 1965(b) is wholly improper as a matter of law.

### D.  RICO Claims Fails Because the Ends of Justice Militate Against Exercising Personal Jurisdiction Over Soffer in California

Most circuits have recognized that fifth amendment due process still prevents personal jurisdiction against a defendant who has no contact with the forum whatsoever.

Moreover, in undertaking 18 U.S.C. § 1965(b) "ends of justice" analysis, courts consider: 1) location of parties, witnesses, records, and acts or omissions giving rising to claims; 2) whether juridical economy favors trying action in one court; 3) whether § 1965(b) venue promotes orderly and expeditious disposition of case; and 4) whether there exists alternative forum where venue is proper. *Crenshaw v. Antokol*, 287 F.Supp.2d 37, 42 (D. C. 2003).

Here, venue under § 1965(b) does not promote expeditious disposition of this case, because the RICO defendants reside in New Jersey, New York, and Florida, Defendants' witnesses and records are located in those states only, and none of the alleged RICO Claims occurred in California with respect to the FRMC Actions. Judicial economy simply does not favor trying this action across the country in the California, and the Motion should be granted accordingly.

### II.     The Complaint Fails to State RICO Claims Against Defendant Soffer

### A.  Legal standard on a Rule 12(b)(6) Motion to Dismiss

Under Twombly and Iqbal, a complaint must be dismissed where it lacks sufficient allegations to plausibly state a claim for relief.  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964–1965 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50 (2009).

A complaint is plausible on its face when the pleader provides factual content "that allows a court to draw the reasonable inferences that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1950.  The pleader must nudge its claims from the possible or conceivable to

11

the plausible. *Id.*. Courts must generally accept the allegations in the Complaint as true, except where the allegations are made in a conclusory fashion. *Id.* at 1949–50 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do").

Under this standard, "[e]stablishing the plausibility of a complaint's allegations is a two-step process that is 'context-specific' and 'requires the reviewing court to draw on its judicial experience and common sense.' *Iqbal*, 556 U.S. at 679. First, a court should 'identify pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.' *Id.* Then, a court should 'assume the veracity' of 'well pleaded factual allegations' and 'determine whether they plausibly give rise to an entitlement to relief.' Id." Eclectic Properties East, LLC v. Marcus & Millichap Co., 751 F.3d 990, 996 (9th Cir. 2014)

"We proceed in our analysis by removing conclusory statements of law from the complaint. Iqbal, 556 U.S. at 679. Trimmed of 'legal conclusions' and 'threadbare recitals of a cause of action,' Plaintiff's argument that the alleged scheme reflects an intent to defraud contains two prongs...We conclude that neither argument contains sufficient factual allegations to state a plausible entitlement to relief." Id. at 998.

The Ninth Circuit specifically applies this standard to test allegations of fraudulent intent, which must fail if the facts alleged "do[] not tend to exclude a plausible and innocuous alternative explanation." *Id.* (citing *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013). In *Exlectic Properties*, for example allegations of a price-increase, although consistent with defendants' wrongful intent, was insufficient where "no facts . . . show that this increase was not typical, appropriate, or the product of legitimate market forces." *Id.* at 998-999. Thus, "Plaintiffs have not met their burden to do '[s]omething more' to 'render [their] allegations plausible within the meaning of *Iqbal* and *Twombly*.'" *Id.* at 999 (quoting *Century*, 729 F.3d at 1108)."

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

For claims relating to fraud, Federal Rule of Civil Procedure Rule 9(b) also requires that the circumstances constituting the fraud be pled with particularity. *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022-23 (9th Cir. 2000) (fraud must be pled "with a high degree of meticulousness"). Averments of fraud must be accompanied by "the who, what, when, where, and how" of the misconduct charged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted). Allegations of fraud based on information and belief usually do not satisfy the degree of particularity required under Rule 9(b). *See Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1439 (9th Cir. 1987) (citation omitted).

**B.  Plaintiff Fails to Allege Plausible RICO Claims against Soffer**

To prevail on its RICO claim under 18 U.S.C. § 1962(c), Plaintiff must prove the following elements: the defendant must participate in (1) the conduct of (2) an enterprise that affects interstate commerce (3) through a pattern (4) of racketeering activity or collection of unlawful debt; and (5) the conduct must be the proximate cause of harm to the victim. *Eclectic Properties East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014) (quoting *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496–97 (1985)).

**1.    Plaintiff Fails to Allege Defendant Soffer was Part of a RICO Enterprise**

Section 1962(c) prohibits a person from "conduct or participat[ion]" in "any enterprise . . . through a pattern of racketeering activity." 18 U.S.C. § 1962(c) (2018); *United States v. Turkette*, 101 S. Ct. 2524, 2527–28 (1981). An enterprise is "any individual, partnership, corporation, association . . . or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4) (2018) (emphasis added); *Moss v. Morgan Stanley Inc.*, 719 F.2d 5, 22 (2d Cir. 1983). An association of individuals constitutes an enterprise, where the individuals "share a common purpose to engage in a particular fraudulent course of conduct and work together to achieve such purposes." *Reed Const. Data Inc. v. McGraw-Hill Co. Inc.*, 745 F.Supp.2d 343, 351 (S.D.N.Y. 2010). An association-in-fact enterprise has at least three structural features: (i) a purpose; (ii)

13

relationships among those associated with the enterprise; and (iii) longevity sufficient to permit the associates to pursue the enterprise's purpose. *BWP Media USA Inc. v. Hollywood Fan Sites, LLC*, 69 F. Supp. 3d 342, 359 (S.D.N.Y. 2014). A plaintiff that merely names a string of entities in a conclusory fashion does not "adequately allege an enterprise." *Id.* (quoting *Capital Asset Mgmt. Inc. v. Satinwood, Inc.*, 385 F.3d 159, 175 (2d Cir. 2004)).

While it is not necessary for each conspirator to know all the details of the conspiracy, *Hernandez v. Balakian*, 480 F.Supp.2d 1198, 1212 (E.D.Cal. 2007)), the evidence must show that the defendant knowingly agreed to facilitate a scheme that includes the operation or management of a RICO enterprise, *United States v. Fernandez*, 388 F.3d 1199 (9th Cir. 2004). Without specific factual allegations linking the defendants together, general allegations of conspiracy are inadequate to establish personal jurisdiction. *Baumer v. Pachl*, 8 F.3d at 1341.

For example, the court in *Rocawear Licensing LLC v. Pacesetter Apparel Grp.*, the court emphasized that it is insufficient to rely on general allegations of conspiracy. No. CV 06-3093 CJC CWX, 2007 WL 5289737, at *6 (see also *Pyle v. Hatley*, 239 F.Supp.2d 970, 979-980 (C.D.Cal.2002)). The Court in Rocawear specifically rejected the argument that Nationwide RICO Jurisdiction may apply against defendants who do not know each other, even if all of the Defendants each have a relationship with the same alleged co-conspirator who does know each such defendant. *Id.* Instead, the plaintiff must plead facts showing that the defendants intended to enter into an agreement or had knowledge of the essential nature of the conspiracy. *Id.* (finding no unified enterprise where "there are simply no facts linking the 250 defendants together").

In the case at bar, Plaintiff appears to allege that Soffer and Stein created an association-in-fact enterprise in order to obtain "fake" credit-rejection Letters. According to Plaintiff, the goal of the "enterprise" was to induce Settlements from Plaintiff in the FRMC Actions. Pl.'s Compl. at ¶¶ 265–266.  Although Plaintiff concludes that Soffer "knowingly and intentionally agreed and

14

conspired" with the other putative members of the FRMC Scheme, Compl. at ¶ 38, Plaintiff does not allege facts that show how, when, or whether Soffer learned "*of the essential nature and scope*" of the alleged FRMC Scheme. *See Baumer*, 8 F.3d at 1346. Moreover, without specific allegations linking Soffer to the other alleged co-conspirators, Soffer cannot be considered part of any such RICO enterprise, and Plaintiff's RICO claims against him must, therefore, fail as a matter of law. *See id.*

Plaintiff attempts to bolster its pleadings toward the end of the Complaint by alleging in a general manner that Soffer participated in the "enterprise" because he "identified and recruited plaintiffs for sham lawsuits," and "he attempted to obstruct justice by falsely completing portions of invalid." Compl. ¶ 417(d)). These pleadings fail to supply any additional factual allegations, and therefore do nothing to bolster Plaintiff's RICO claims against Soffer. Nowhere does the Complaint allege any facts showing that Soffer identified and recruited any of the Soffer Clients, nor that Soffer doctored the Soffer Client Applications.

The Plaintiff's allegations against Soffer are similar to the plaintiff's allegations in *Reed Construction Data Inc. v. McGraw-Hill Companies, Inc.*, 745 F. Supp.2d 343 (S.D.N.Y. 2010). Reed Construction was a company that provided proprietary information on global construction projects, sued its competitor and a third party. *Id.* at 350. The company alleged that its competitor engaged in a scheme whereby it hired individuals to pose as prospective clients of the company to gain insight into the services the company provided to its customers. *Id.* The company alleged that the third party compiled the information the company's competitor had taken from the company and created a misleading analysis of the company's services. *Id.* at 351–353.

The court dismissed Reed Construction's RICO claim against the third party. Id. at 353. The court reasoned that the company failed to allege that the third party formed a common

15

purpose to engage in a fraudulent activity with the company's competitor. *Id.* at 351 (finding that third party was nothing more than "an innocent instrument").

What was true in *Reed Construction Data Inc.* is also true here. Plaintiff claims that Soffer participated in a scheme to defraud Plaintiff by providing credit-denial letters used in various FRMC Actions. However, Plaintiff does not plausibly allege that Soffer knew of or participated in those Actions or any broader RICO enterprise beyond his isolated interactions with Stein.

At bottom, Plaintiff's RICO Claims against Soffer are based on isolated actions that do not demonstrate Soffer's involvement in any broader scheme. Accordingly, the Complaint fails to allege Soffer's participation in any RICO enterprise.

**2.     Plaintiff Fails to Allege Soffer Committed Predicate Acts of Wire Fraud or Obstruction of Justice**

A pattern of racketeering activity must have two or more predicate acts, the predicate acts must be related, and the predicate acts must "amount to, or pose a threat of, continuing criminal activity." *H.J., Inc. v. N.W. Bell Tel. Co.*, 109 S. Ct. 2893, 2899–2903 (2001); *BWP Media USA Inc.*, 69 F. Supp.3d at 360–361.  Section 1961(1) provides, in relevant part, that racketeering activity may consist of obstruction of justice, in violation of 18 U.S.C. §§ 1503, and wire fraud, under 18 U.S.C. § 1343, and a host of other offenses prohibited by federal and state statutes. RICO claims premised on wire fraud "must be particularly scrutinized because of the relative ease with which a plaintiff may mold a RICO pattern from allegations that, upon closer scrutiny, do not support it." *Id.* at 362.

Only predicate acts alleged against Soffer are (i) "Obstruction of Justice by manufacturing and fabricating… the Fraudulent FRMC Letters" pursuant to 18 U.S.C. §§ 1503, 1512(c)), Compl at 469(d) and (ii) "Wire Fraud by using email to send" the Soffer Letters pursuant to Wire Fraud (18 U.S.C. §1343). Compl. at 469(e).

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

The essence of a wire fraud allegation is a scheme to defraud. Plaintiffs must plead mail and wire fraud with particularity.  Fed. R. Civ. P. 9(b); Lundy v. Catholic Health Sys. of Long Island, 711 F.3d 106, 119 (2d Cir. 2013).  The plaintiff must "detail the specific statements that are false or fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams*, 889 F.3d at 124 (citing *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993)).

"The mail and wire fraud statutes . . . contain three elements: (A) the formation of a scheme to defraud, (B) the use of the mails or wires in furtherance of that scheme, and (C) the specific intent to defraud. *Schreiber Distrib. Co. v. Serv–Well Furniture Co., Inc.*, 806 F.2d 1393, 1399 (9th Cir.1986). It is this final sub-element, the defendant's specific intent to defraud, that is at issue here." *Eclectic Properties East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014).

Plaintiff does not plausibly allege that Soffer committed acts that constitute wire fraud. See Pl.'s Compl., at ¶¶ 431–440. First, as discussed above, Plaintiff fails to allege any facts showing that Soffer formed any scheme to defraud. Indeed, Soffer provided each of the Soffer Letters to Stein long before any of the corresponding FRMC Actions were commenced against Plaintiff. Moreover, Plaintiff fails to make any specific allegations that Soffer had the specific intent to defraud. Indeed, no such intent could be formed when Soffer was never made aware that the Soffer Letters were utilized in active litigation. Plaintiff also does not even plausibly allege that Soffer had a note of any facts indicating that fraud was afoot. Under the alleged facts, it is entirely plausible that Soffer was simply providing the Soffer Clients with credit-denial letters in response to informal credit inquiries and that his assessment and denial were entirely consistent with proper banking practice. Without specific facts showing that Soffer had knowledge of a fraudulent purpose, Soffer cannot be held liable for wire fraud.

Similarly, the Complaint fails as a matter of law to allege facts that support the conclusion that Soffer committed any acts of obstruction of justice. Section 1512(c) specifically targets conduct involving the destruction of evidence and the corruption of witnesses, including altering documents in order to impair their use in official proceedings.  The only allegation supporting such a claim is Plaintiff's conclusory allegation that, "[o]n information and belief," Soffer altered the subpoena Soffer Client Applications records. However, as discussed above, *supra* at 3, Plaintiff fails to offer a single fact in support of such a bold conclusion or "belief."

The Plaintiff's claim against Soffer for obstruction of Justice fares no better under Section 1503, which cannot apply to conduct committed long before the commencement of the official proceeding allegedly being obstructed. *See United States v. Aguilar*, 515 U.S. 593 (1995).  As the Supreme Court has noted, this "[c]atchall provision of obstruction of justice statute requires 'nexus' in time, causation or logic between act and judicial proceedings." Id. at 593. Here, as in *Aguilar*, Soffer necessarily "lacks knowledge that his actions are likely to affect the judicial proceeding" and therefore "he lacks the requisite intent to obstruct" as a matter of law. *See Id.*

**3.    RICO Claims Fails to Allege Proximate Cause**

Plaintiff's RICO claims are further defective as alleged against Soffer because the alleged creation of "fake" Soffer Letters did not cause any direct harm to Plaintiff – only Stein's submission of those documents in support of the FRMC did that. As a matter of law, to establish proximate causation, a civil RICO plaintiff must plead and prove that there is "'some ***direct*** relation between the injury asserted and the injurious conduct alleged.'" *Ozeran v. Jacobs*, 798 F. App'x 120, 122 (9th Cir. 2020) (quoting *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 457 (2006) (emphasis added)). Here, where Soffer provided Stein with the Soffer Letters long before any of the alleged harm was caused, Soffer's conduct cannot possibly satisfy the proximate cause requirement for Plaintiff's RICO Claims against him and must be dismissed accordingly.

18

### III.   Plaintiff Fails to Allege Personal Jurisdiction Over Soffer as to the Non-RICO Claims

Plaintiff's remaining State-Law claims against Soffer must be dismissed as well based on lack of personal jurisdiction. As set forth above, Soffer is not subject to Nationwide RICO Jurisdiction because Plaintiff fails to allege facts showing that Soffer agreed or knew about any national enterprise or RICO conspiracy to commence any FRMC Actions against Plaintiff or trick them into accepting any Settlement. Since Plaintiff fails to bother alleging any other basis for personal jurisdiction against Soffer, its remaining State-Law Claims also must be dismissed for lack of personal jurisdiction.

Moreover, personal jurisdiction over an out-of-state defendant arises when the defendant has "certain minimum contacts with [the forum] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945); *Boschetto v. Hansing*, 539 F.3d 1011 (9th Cir. 2008) (holding that a single eBay sale to a forum state resident was insufficient to establish specific personal jurisdiction because it did not demonstrate that the defendant purposefully availed themselves of the benefits and protections of conducting business in the forum state).

Here, the Plaintiff has not even alleged a single contact Soffer has with California, nor any acts by Soffer that directly affected anyone in California. Notably, none of the FRMC Actions were filed in California, none of the Soffer Clients were from California, and Soffer has resided and worked exclusively in New Jersey during all relevant times hereto. Compl. at 18, 256-407. Thus, there also can be no basis for general or specific personal jurisdiction to support bringing any of the State-Law Claims against Soffer in this forum.

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

**IV.**     **Plaintiff Fails to State Claims Against Soffer for Conspiracy, Fraud, Unjust Enrichment, Abuse of Process, or Unfair Competition**

Even if Plaintiff had alleged any basis for finding personal jurisdiction over Soffer in the state of California, each of Plaintiff's remaining Claims fail to state a cause of action as a matter of law.

First, Plaintiff fails to state a claim against Soffer for RICO Conspiracy because, as set forth above, Plaintiff fails to allege any agreement Soffer made with Stein or any other Defendant, regarding a RICO conspiracy or any other matter.

To establish a violation of section 1962(d), the Plaintiff must allege either an agreement that is a substantive violation of RICO or that the defendants agreed to commit, or participated in, a violation of two predicate offenses. *See Howard v. Am. Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000). "'A conspirator must intend to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense.'" *Id.* (quoting *Salinas v. United States,* 522 U.S. 52, 65 (1997)). Moreover, as with claims under 1962(c), allegations of RICO Conspiracy must allege that the defendant was "aware of the essential nature and scope of the enterprise and intended to participate in it." *Id.* (quoting *Baumer v. Pachl,* 8 F.3d at 1341, 1346).

Here, as set forth above, Plaintiff fails to allege Soffer was aware of the facts relating to the commencement, prosecution, or settlement of the FRMC Actions, fails to allege that Soffer entered into any agreement with Stein, and fails to allege that Soffer intended or "conspired" to complete an endeavor that would satisfy predicate RICO acts for obstruction of justice, wire fraud, or any other wrongful act subject to RICO.

Second, Plaintiff fails to adequately allege any facts to support any of the State-Law Claims against Soffer, none of which can apply to Soffer under any construction of the Complaint.

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

For example, the third cause of action for fraud fails to present any facts that could apply to Defendant Soffer. Fraud is alleged against all the defendants who "knowingly misrepresented, omitted, and/or concealed material facts in their pleadings and representations before U.S. courts, in their communications with Experian, and in their settlement agreements between their clients and Experian." None of these allegations pertain to Soffer, whose only specific acts alleged in the complaint involve drafting loan denial letters before any legal action was commenced. The Plaintiff has not shown how these actions, taken independently and without knowledge of any fraudulent scheme, could constitute fraud under any plausible theory.

Similarly, the fourth cause of action for unjust enrichment has no application to Defendant Soffer. Unjust enrichment requires that the defendant received a benefit unjustly at the plaintiff's expense. Here, Plaintiff fails to allege that Soffer benefitted in any way from the alleged RICO schemes, or any other wrongful conduct detailed in the Complaint. Soffer's role was limited to issuing loan denial letters in the normal course of business, and Plaintiff has not demonstrated any direct or indirect benefit Soffer received from these actions.

The fifth cause of action for "Abuse of Process" similarly fails to implicate Soffer. Abuse of process requires a showing that the defendant used some legal process against the plaintiff in a wrongful manner. Nowhere does the Complaint allege that Soffer was involved in initiating or prosecuting any legal actions against Plaintiff, nor does it provide any facts suggesting that Soffer misused legal processes. Plaintiff's allegations of wrongful conduct in this regard do not apply to Soffer, who was not involved in any legal processes described in the Complaint.

Finally, the Plaintiff's sixth and final cause of action for unfair competition fares no better than the previous claims. Unfair competition under California Business and Professions Code § 17200 requires a showing of unlawful, unfair, or fraudulent business acts. The Plaintiff fails to allege any specific acts by Soffer that would constitute unfair competition. The Complaint does

not demonstrate how Soffer's actions in issuing loan denial letters, which were conducted in the

regular course of business and without any connection to the alleged fraudulent schemes, could be

deemed unfair competition.

Accordingly, Plaintiff has failed to state any claim against Soffer for fraud, unjust

enrichment, abuse of process, or unfair competition as a matter of law.

## **CONCLUSION**

Based on the foregoing, the Complaint should be dismissed in its entirety against

Defendant Daniel Soffer for lack of personal jurisdiction and for failure to state a claim. The

allegations against Soffer are insufficient to demonstrate that he was aware of or intended to

participate in any national RICO conspiracy or enterprise, and, therefore, fail to meet the

requirements for personal jurisdiction under 18 U.S.C. § 1965(b). Plaintiff also fails to state a

RICO Claims against Soffer because no acts of wire fraud or obstruction of justice are plausibly

alleged. Plaintiff further fails to show how Soffer's isolated actions, taken in the normal course of

business and without any connection to a fraudulent scheme, could give rise to liability under any

State-Law Claims or subject Soffer to personal jurisdiction in the state of California and,

therefore, all the Claims against Soffer must be dismissed.

Dated: August 2, 2024
     San Francisco, California

By:   */s/ Curtis Smolar*

Curtis Smolar
Bochner PLLC
450 Townsend Street, Suite 100
San Francisco, CA 94107
(646) 971-0685
Curtis@bochner.law

*Attorneys Specially Appearing for*
*Defendant Daniel J. Soffer*

22

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
### Form CV-141. Certificate of Compliance

**Case Number(s)**    | 8:24-cv-01186-FWS-JDE |

I am the attorney or self-represented party.

**This brief contains** | 6975 | **words**, excluding the items exempted

by Local Civil Rule 11-6.1.

I certify that this brief *(select only one)*:

☒ complies with the word limit of L.R. 11-6.1.

◯ complies with the word limit designated by court order dated | | .

◯ complies with the page limit of L.R. 11-6.1 as a typewritten or handwritten

brief.

**Signature** | /s/ Curtis Smolar |   **Date** | 8.2.2024 |

*(use "s/[typed name]" to sign electronically-filed documents)*