DAVID D. SAMANI, SB# 280179
  E-Mail: David.Samani@lewisbrisbois.com
PATRIK JOHANSSON, SB# 231769
  E-Mail: Patrik.Johansson@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendants STEIN SAKS, PLLC, JUDAH STEIN, YAAKOV SAKS, TAMIR SALAND, and ELIYAHU BABAD

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| EXPERIAN INFORMATION SOLUTIONS, INC., an Ohio Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>STEIN SAKS, PLLC, a New York company, JUDAH STEIN, a New Jersey resident, YAAKOV SAKS, a Florida resident, TAMIR SALAND, a New York resident, ELIYAHU BABAD, a New Jersey resident, ZEIG LAW FIRM, LLC, a Florida company, JUSTIN ZEIG, a Florida resident, CHESKY MONK, a New Jersey resident, DANIEL J. SOFFER, a New Jersey resident, and DOE DEFENDANTS 1-10,,<br><br>Defendants. | Case No. 8:24-cv-01186-FWS-JDE<br><br>**DEFENDANTS STEIN SAKS, PLLC, JUDAH STEIN, YAAKOV SAKS, TAMIR SALAND, AND ELIYAHU BABAD'S NOTICE OF MOTION AND MOTION TO STAY DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:   November 14, 2024<br>Time:   10:00 a.m.<br>Crtrm:  10D<br><br>Judge: Fred W. Slaughter<br><br>[*Filed concurrently with Proposed Order*]<br><br>Trial Date:   June 2, 2026 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 14, 2024 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 10D of the above-entitled courthouse, located at 411 West 4th Street, Santa Ana, CA, 92701, Defendants STEIN

147101710.1

SAKS, PLLC, JUDAH STEIN, YAAKOV SAKS, TAMIR SALAND, and ELIYAHU BABAD (collectively, the "Stein Saks Defendants") will and hereby do move this Court to issue an order to stay all discovery until the defendants to this action have answered an operative pleading.

Defendants bring this Motion pursuant to Federal Rule of Civil Procedure 26(c) and 26(d), on the ground that Plaintiff should not subject the Stein Saks Defendants to discovery unless and until it has been established through the Court's ruling on the pending motions—including the Stein Saks Defendants' Motion to Dismiss (Doc. 45), Special Motion to Strike (Doc. 46), and Motion to Transfer Venue (Doc. 52)—such that it is established that (1) Plaintiff has stated a viable claim for relief, and (2) this action will continue to proceed in this venue. The Stein Saks Defendants submit that conducting discovery in advance of such a determination could lead to the unnecessary expenditure of resources and would run counter to policy objectives underpinning the *Noerr-Pennington* doctrine.

Counsel for the Stein Saks Defendants met and conferred with Plaintiff's counsel of record on October 3, 2024 pursuant to Local Rule 7-3.

This Motion is based on the Notice of Motion, the Memorandum of Points and Authorities, the Complaint, the pleadings and papers on file with the Court in this matter, all matters upon which this Court must or may take judicial notice, and upon all argument that this Court may allow at the time of hearing the Motion.

DATED: October 10, 2024          LEWIS BRISBOIS BISGAARD & SMITH LLP

By:    /s/ David D. Samani
DAVID D. SAMANI
Attorneys for Defendants STEIN SAKS, PLLC, JUDAH STEIN, YAAKOV SAKS, TAMIR SALAND, and ELIYAHU BABAD

147101710.1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants STEIN SAKS, PLLC, JUDAH STEIN, YAAKOV SAKS, TAMIR SALAND, and ELIYAHU BABAD (collectively, the "Stein Saks Defendants") expect an onslaught of discovery from Plaintiff EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") in this matter. Indeed, as recently as August 28, 2024, the Court of Appeals for the Eight Circuit affirmed a decision ordering Experian, represented by Jones Day, to pay $93,243.50 since the Court found that Experian "crossed the line when it demanded mostly irrelevant information." *Stecklein v. Experian Info. Sols., Inc.*, 113 F.4th 858 (8th Cir. 2024). This is Experian's *modus operandi*: (i) punish law firms who represent plaintiffs who file lawsuits against them by accusing lawyers of misconduct; (ii) unleash a barrage of irrelevant and overbearing discovery through an army of Jones Day attorneys with an unlimited budget to engage in an improper fishing expedition into the business practices of the law firm; and (iii) utilize subpoena power to improperly pressure and embarrass the law firm's non-party clients, vendors and business associates, with the ultimate goal of destroying the firm's reputation and putting it out of business.

The Stein Saks Defendants are, unfortunately, intimately familiar with Experian's scorched-earth discovery tactics, having recently been subjected to four months of grossly abusive "sanctions discovery" in *Sofer v. Experian*, 23-CV-04844 (E.D.N.Y.), a case where Experian initially sought sanctions based upon many of the exact same assertions contained in the Complaint. There, following extensive, financially draining and harassing discovery, Jones Day filed a dense sanctions motion, which was fully briefed and submitted over the summer. Incredibly, following a recent conference with Judge Marutollo in which the Court suggested it was going to deny Experian's sanctions motion, Experian immediately voluntarily withdrew their motion. Stein Saks was forced to spend hundreds of thousands of dollars it does not have defending against Experian's wasteful discovery and sanctions

motion, only for it to be voluntarily withdrawn. In its portion of the parties' joint Rule 26 report, Experian lists a wide-ranging number of witnesses it intends to call and documents that it intends to utilize in discovery – much of the very same discovery Experian has already sought and obtained in the *Sofer* action.

This action should be transferred to the Eastern District of New York where the issues in this case has been litigated for the last nine months. The Stein Saks Defendants have brought a motion to dismiss, a special motion to strike and a motion to transfer venue. The motion to dismiss and the special motion to strike, among other arguments, contend that Experian's claims are barred by the *Noerr-Pennington* doctrine and California's litigation privilege. Both defenses are premised on the public policy goal of preventing litigants and their attorneys from being subject to retaliatory litigation based on protected activity. The motion to transfer venue, meanwhile, asserts that this case should more properly be litigated where it already has been litigated, in the Eastern District of New York.

Under Federal Rule of Civil Procedure 26(c), this Court may issue an order to stay discovery for "good cause shown" in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." This Court should issue an order staying discovery until the Stein Saks Defendants' motions have been heard and the pleadings are settled.

## II.  ARGUMENT

### A.  Legal Standard

Under Federal Rule of Civil Procedure 26(c), this Court may issue an order to stay discovery for "good cause shown" to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The Ninth Circuit in particular has recognized that Rule 26(c) provides district courts with broad discretion to stay all discovery pending the resolution of a potentially dispositive motion. *See Little v. City of Seattle*, 863 F.2d 681 (9th Cir. 1988). This

includes motions to dismiss pursuant to Rule 12(b)(6), as well as certain challenges to jurisdiction. *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987); *Huene v. U.S. Dept. of Treasury*, 2013 WL 417747 at *7 (citing *TBS, Inc. v. Tracinda Corp.*, 175 F.R.D. 652 (D. Nev. 1989)); *see also Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (affirming stay of discovery pending disposition of motion to dismiss). Likewise, Federal Rule of Civil Procedure 26(d) authorizes this Court to issue an Order, under its broad discretion pursuant to Rule 26(c), sequencing or phasing discovery "in the interests of justice." Fed. R. Civ. P. 26(d)(2).

For the reasons set forth below, there is good cause for this Court to stay discovery pending a decision on the Stein Saks Defendants' Motion to Dismiss, Special Motion to Strike and Motion to Transfer Venue.

### A. There Is Good Cause To Grant A Stay Of Discovery

Motions to stay discovery may be granted upon a showing of good cause by the moving party. *GTE Wireless, Inc. v. QualComm, Inc.*, 192 F.R.D. 284, 285-86 (S.D. Cal. 2000). In deciding on the requisite good cause, and whether to grant a protective order staying discovery during the pendency of other motions, the Court may apply a two-prong analysis: (1) a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed; and (2) the court must determine whether the pending dispositive motion can be decided absent additional discovery. *Pac. Lumber Co. v. Nat'l Union Fire Ins., Co.*, 220 F.R.D. 349, 352 (N.D. Cal. 2003) (internal citations omitted). Both prongs favor this Court's issuance of an order granting a stay of discovery.

Tthe pending motion to dismiss and special motion to strike are potentially dispositive of all of Experian's claims. The Stein Saks Defendants' motion to dismiss argues: (1) Experian's RICO claims are barred by the *Noerr-Pennington* doctrine as the allegations target the Stein Saks Defendants in representing clients in underlying litigation; (2) Experian does not have standing to maintain RICO claims as the

predicate acts are based on litigation activity; (3) Experian fails to allege that the Stein Saks Defendants managed, controlled, or directed a RICO enterprise; and (4) Experian has failed to allege an association-in-fact enterprise.  Experian's motion to strike argues that all of Experian's state law claims are barred by the litigation privilege in Cal. Civ. Code § 47 as the claims against the Stein Saks Defendants are all premised on communicative conduct which bears a logical relation to litigation.

The pending motions are thus potentially dispositive of the entire matter against the Stein Saks Defendants.  The motion to dismiss, if granted, would dispose of the RICO claims and the special motion to strike would be dispositive of the state law claims.  Moreover, it is undisputed that these motions can be decided by this Court without the need for any additional facts or discovery.  The motions present purely legal issues, in that both involve the standards applicable under Rule 12(b)(6).  Thus, the second prong is also satisfied.

Because both prongs of the analysis for issuing an order staying discovery until the resolution of a dispositive motion are answered in the affirmative, this Court should grant the requested stay.

### B. Several Additional Factors Favor Staying Discovery Including Judicial Efficiency, Lack of Prejudice to Experian, Nature of the Action, and Current Stage of Litigation

In addition to the two-pronged analysis set out above, the Ninth Circuit and other jurisdictions have considered additional factors in deciding whether to stay discovery pending resolution of a motion to dismiss.  Those factors include: (1) whether the stay would further the goal of efficiency for the court and litigants; (2) whether a pending motion raises factual issues that require discovery for their resolution; (3) whether the plaintiff would be prejudiced by a stay; (4) the nature and complexity of the action; and (5) the stage of the litigation. *See Little*, 863 F.2d at 685 (stay is appropriate when furthering "the goal of efficiency for the court and

litigants"); *Jarvis*, 833 F.2d at 155 (staying discovery in a RICO case pending resolution of a motion to dismiss where the "complaint did not raise factual issues that required discovery for their resolution."); *Anti-Monopoly, Inc. v. Hasbro, Inc.*, 94 Civ. 2120 (LMM) (AJP), 1996 U.S. Dist. LEXIS 2684 *5-11 (S.D.N.Y. March 7, 1996) (finding no prejudice to plaintiff from a stay of discovery).

First, issuing an Order to stay discovery will increase judicial efficiency. The Stein Saks Defendants' motions presented this Court with their reasoning to support their dismissal from this action, which would obviate the need for conducting discovery. If Experian cannot meet its burden to survive the motion to dismiss or special motion to strike, discovery is clearly unnecessary. This is a logical position for the Court to take, as neither the Court nor the parties will waste any time, effort or expense on discovery or discovery issues if it is not necessary to resolve the pending motions.[1]

Further, a stay of discovery will not prejudice Experian whatsoever. Experian will be unable to show any prejudice or allege any irreparable injury entitling it to a denial of this motion. Should Experian's Complaint survive the motions, Experian will be entitled to proceed and conduct its discovery in whatever way and whatever sequence this Court directs. Experian's lack of prejudice is further highlighted by the fact that it already had the benefit of conducting four months of discovery in the *Sofer* Action, which it utilized for the improper purpose of building its case here. A stay will not cause a significant delay to Experian or its prosecution of this case pending a ruling on the motions. Accordingly, Experian will suffer absolutely no prejudice from an order imposing a stay of discovery pending the outcome of the motions.

Finally, at this stage of the litigation, a temporary stay of discovery will not cause undue delay. The Court has set a trial date in June of 2026, with a fact-discovery cut-off in November 2025. Accordingly, there would be no delay moving forward,

---

[1] Co-defendants have brought similar motions making similar arguments.

147101710.1  5

should the Court deny the motions. With no risk of undue delay, and the substantial possibility that discovery will be rendered moot following a ruling on the dispositive motions, this Court should issue an order to stay discovery. *Hall v. Tilton*, Case No. C 07-3233 RMW (PR), 2010 U.S. Dist. LEXIS 11162 at *3-5 (N.D. Cal. Feb. 9, 2010).

Moreover, a stay would further important policy interests underpinning the *Noerr-Pennington* doctrine, which exists to protect defendants from being dragged into costly litigation for protected First Amendment activity. *See, e.g., Oregon Nat. Res. Council v. Mohla*, 944 F.2d 531, 533 (9th Cir. 1991).

## III. <u>CONCLUSION</u>

This Court should issue an order to stay all discovery or order the timing and sequence of discovery such that discovery is prohibited until after the Court has resolved the issues presented in the Stein Saks Defendants' motion to dismiss, special motion to strike and motion to transfer venue. The Ninth Circuit's two-pronged analysis supports the issuance of such an order because there is a motion pending that is potentially dispositive of the entire case and further discovery is unnecessary for this Court to render its decision. Additionally, other factors recognized by the Ninth Circuit and other jurisdictions favor staying discovery. Experian would suffer no prejudice whatsoever from a short stay of discovery, especially considering Experian has already had a four month head start on discovery in the *Sofer* Action.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

Accordingly, the Stein Saks Defendants respectfully request that the Court grant their motion and impose a brief discovery stay in this action.

DATED: October 10, 2024         LEWIS BRISBOIS BISGAARD & SMITH LLP

By:      /s/ David D. Samani
DAVID D. SAMANI
Attorneys for Defendants STEIN SAKS, PLLC, JUDAH STEIN, YAAKOV SAKS, TAMIR SALAND, and ELIYAHU BABAD