1   DAVID D. SAMANI, SB# 280179
      E-Mail: David.Samani@lewisbrisbois.com
2   PATRIK JOHANSSON, SB# 231769
      E-Mail: Patrik.Johansson@lewisbrisbois.com
3   **LEWIS BRISBOIS BISGAARD & SMITH LLP**
    633 West 5th Street, Suite 4000
4   Los Angeles, California 90071
    Telephone: 213.250.1800
5   Facsimile: 213.250.7900

6   Attorneys for Defendants STEIN SAKS,
    PLLC, JUDAH STEIN, YAAKOV SAKS,
7   TAMIR SALAND, and ELIYAHU
    BABAD

8

9              UNITED STATES DISTRICT COURT

10      CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

11

12   EXPERIAN INFORMATION            Case No. 8:24-cv-01186-FWS-JDE
     SOLUTIONS, INC., an Ohio
13   Corporation,                    **DEFENDANTS STEIN SAKS,
                                      PLLC, JUDAH STEIN, YAAKOV
14              Plaintiff,           SAKS, TAMIR SALAND, AND
                                      ELIYAHU BABAD'S REPLY IN
15        vs.                        SUPPORT OF MOTION TO STAY
                                      DISCOVERY**
16   STEIN SAKS, PLLC, a New York
     company, JUDAH STEIN, a New     Date:   November 14, 2024
17   Jersey resident, YAAKOV SAKS, a Time:   10:00 a.m.
     Florida resident, TAMIR SALAND, a Crtrm: 10D
18   New York resident, ELIYAHU
     BABAD, a New Jersey resident, ZEIG
19   LAW FIRM, LLC, a Florida company,
     JUSTIN ZEIG, a Florida resident, Judge:  Fred W. Slaughter
20   CHESKY MONK, a New Jersey
     resident, DANIEL J. SOFFER, a New
21   Jersey resident, and DOE
     DEFENDANTS 1-10,,                Trial Date:        June 2, 2026
22
                Defendants.
23

24

25

26

27

28

148133132.1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## I.   **INTRODUCTION**

The Stein Saks Defendants motion to stay discovery should be granted as (1) there are pending motions that are dispositive of the entire case, and (2) the motions can indisputably be decided without further discovery.

Plaintiff' Opposition attempts to avoid this argument, and instead argue against a false premise—i.e., that the Sten Saks Defendants seek a stay solely to avoid ordinary burdens of litigations.  But this argument misses the point.  The Stein Saks Defendants' pending motion to dismiss and special motion to strike, among other arguments, contend that Experian's claims are barred by the *Noerr-Pennington* doctrine and California's litigation privilege.  Both defenses are premised on the public policy goal of preventing litigants and their attorneys from being subject to retaliatory litigation based on protected activity.  Thus, the Stein Saks Defendants are not simply arguing that a stay should be issued to avoid the ordinary burdens of litigation.[1]

Furthermore, although Plaintiff summarily concludes that the Stein Saks Defendants have not established that their dispositive motions would be successful, the dispositive motions have been fully briefed and taken under submission by the Court.  Nor can Plaintiff establish any prejudice from a brief stay as the trial date is not until 2026 and Plaintiff has already conducted massive amounts of discovery in *Sofer v. Experian*, 23-CV-04844 (E.D.N.Y.).

Under Federal Rule of Civil Procedure 26(c), this Court may issue an order to stay discovery for "good cause shown" in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  This Court should issue an order staying discovery until the Stein Saks Defendants' motions have

---

[1]   The Stein Saks Defendants also argued that the considerations raised in the motion to transfer venue warranted a stay, though that issue has now been mooted in light of the Court's October 30, 2024 denial of the motion.

148133132.1                                          1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    been heard and the pleadings are settled.  Accordingly, the Stein Saks Defendants

2    respectfully request that the Court grant this Motion.

3

4    **II.     ARGUMENT**

5         **A.     There Is Good Cause To Grant A Stay Of Discovery**

6         Although Plaintiff is correct that there is no automatic blanket stay on discovery

7    when a dispositive motion is pending, as the Opposition acknowledges, a court may

8    issue a stay when (1) the pending motion is potentially dispositive of the entire case,

9    and (2) the pending motion can be decided absent additional discovery (Opposition,

10   page 4, lines 21-25.)  Plaintiff does not argue that additional discovery is necessary to

11   determine the fully-briefed, pending dispositive motions.[2]

12        Instead, Plaintiff argues that the Stein Saks Defendants have not established

13   that the pending motions are dispositive of the entire case.  Plaintiff argues that the

14   moving papers simply summarize the arguments in the dispositive motions, but does

15   not meet the burden required.  Not so.  The dispositive motions here precisely the type

16   of motions that would satisfy the burden as the motions argue that all of Plaintiff's

17   claims are barred by the *Noerr-Pennington* doctrine and Cal. Civ. Code § 47(b).  To

18   the extent Plaintiff argues that the motion itself had to set forth all of the arguments

19   and evidence set forth in the dispositive motion, Plaintiff does not cite to any case to

20   support this proposition.

21        Furthermore, Plaintiff's reliance on *Soundgarden v. UMG Recordings, Inc*.,

22   2020 U.S. Dist. LEXIS 139259, 2020 WL 4342261 is misplaced.  In *Soundgarden*,

23   there was no pending dispositive motion.  *Id*. at 1.  Here, the Stein Saks Defendants

24   have filed dispositive motions showing that Plaintiff has not, and cannot, establish a

25   _____

26   [2]    Although Plaintiff argues that the Stein Saks Defendants have not only
     challenged the complaint as a matter of law**,** there can be no argument that the Stein
27   Saks Defendants legal arguments with respect to the *Noerr-Pennington* doctrine and
     Cal. Civ. Code § 47(b) targets all of Plaintiff's claims.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    viable claim.  Indeed, the court in *Soundgarden* specifically stated that the court could

2    look at the issue again "after the anticipated motion is filed and opposed."  *Id*. at 12.

3    Here, unlike in *Soundgarden*, the dispositive motions have been fully briefed.

4         Likewise, Plaintiff's reliance on *T.L. v. Orange Unified Sch. Dist.*, 2023 U.S.

5    Dist. LEXIS 231488, 2023 WL 9007307 for the proposition that a stay is not

6    warranted and the two-factor test "is not satisfied by superficial statements or vague

7    articulations demonstrating nothing more than the traditional burdens of litigation" is

8    to no avail.  Initially, the *T.L.* matter concerned an ex parte application for a stay on

9    discovery.  More importantly, the Stein Saks Defendants do not rely on traditional

10   burdens on litigation.  Indeed, the motion to dismiss and the special motion to strike,

11   among other arguments, contend that Plaintiff's claims are barred by the *Noerr-*

12   *Pennington* doctrine and California's litigation privilege.  Both defenses are premised

13   on the public policy goal of preventing litigants and their attorneys from being subject

14   to retaliatory litigation based on protected activity.  Thus, the Stein Saks Defendants

15   do not rely on traditional burdens of litigation in their motion, but rather on public

16   policy goals and efficiency.

17

18   **B.    Several Additional Factors Favor Staying Discovery Including**

19   **Judicial Efficiency, The Lack of Prejudice to Plaintiff, The Nature**

20   **of the Action, And The Current Stage of Litigation**

21        Plaintiff does not dispute that judicial efficiency would be served with an order

22   staying discovery. The Stein Saks Defendants' motions amply present this Court with

23   grounds for their dismissal from this action, which would obviate the need for

24   conducting discovery.  If Plaintiff cannot meet its burden to survive the motion to

25   dismiss or special motion to strike, discovery is clearly unnecessary.  This is a logical

26   position for the Court to take, as neither the Court nor the parties will waste any time,

27   effort or expense on discovery or discovery issues if it is not necessary to resolve the

28   pending motions.  Moreover, Plaintiff does not dispute that a stay would further

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    important policy interests underpinning the *Noerr-Pennington* doctrine, which exists

2    to protect defendants from being dragged into costly litigation for protected First

3    Amendment activity. *See, e.g., Oregon Nat. Res. Council v. Mohla*, 944 F.2d 531,

4    533 (9th Cir. 1991).

5         Plaintiff also does not dispute that it will not be prejudiced by a stay. The Court

6    has set a trial date in June of 2026, with a fact-discovery cut-off in November 2025.

7    Accordingly, there is no concern about a potential delay towards the ultimate

8    resolution of the case, should the Court conclude Plaintiff has stated a meaningful

9    claim. With no risk of undue delay, and the substantial possibility that discovery will

10   be rendered moot following a ruling on the dispositive motions, this Court should

11   issue an order to stay discovery. *Hall v. Tilton*, Case No. C 07-3233 RMW (PR),

12   2010 U.S. Dist. LEXIS 11162 at *3-5 (N.D. Cal. Feb. 9, 2010).

13        In any event, Plaintiff points out that it has to conduct "ample and complex"

14   discovery," Plaintiff conveniently leaves out that it has already conducted massive

15   amounts of discovery in *Sofer v. Experian* regarding the very issues involved in this

16   matter. Indeed, this matter is not like most matters where the parties start from

17   scratch. Plaintiff has already conducted several depositions and sent out numerous

18   subpoenas. Indeed, Plaintiff does not deny that it conducted extensive discovery in

19   *Sofer v. Experian* with respect to the same issues involved in the present matter. There

20   can be no denying that Plaintiff is not starting from "square one."

21        Finally, Plaintiff's argument that the motion should be denied because other

22   defendants have not joined the motion is a nonstarter. First, Plaintiff does not dispute

23   that the absence of a joinder means that this Court cannot issue a stay as to the entire

24   case. Second, none of the defendants have opposed or objected to the Stein Saks

25   Defendants' motion. Third, as noted above, the trial date is far into the future, such

26   that if the parties must hold off on discovery for the time being, it would note create

27   any burden for Plaintiff or the co-defendants.

28

148133132.1                                    4

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## III.   CONCLUSION

This Court should issue an order to stay all discovery or order the timing and sequence of discovery such that discovery is prohibited until after the Court has resolved the issues presented in the Stein Saks Defendants' motion to dismiss and special motion to strike.  The Ninth Circuit's two-pronged analysis supports the issuance of such an order because there is a motion pending that is potentially dispositive of the entire case and further discovery is unnecessary for this Court to render its decision.  Additionally, other factors recognized by the Ninth Circuit and other jurisdictions favor staying discovery.  Experian would suffer no prejudice whatsoever from a short stay of discovery, especially considering Experian has already had a four month head start on discovery in the *Sofer* Action.

Accordingly, the Stein Saks Defendants respectfully request that the Court grant their motion.

DATED:  October 31, 2024        LEWIS BRISBOIS BISGAARD & SMITH LLP


By:      /s/ David D. Samani
         DAVID D. SAMANI
         Attorneys for Defendants STEIN SAKS,
         PLLC, JUDAH STEIN, YAAKOV SAKS,
         TAMIR SALAND, and ELIYAHU
         BABAD

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW