1  DAVID D. SAMANI, SB# 280179
      E-Mail: David.Samani@lewisbrisbois.com
2  PATRIK JOHANSSON, SB# 231769
      E-Mail: Patrik.Johansson@lewisbrisbois.com
3  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   633 West 5th Street, Suite 4000
4  Los Angeles, California 90071
   Telephone: 213.250.1800
5  Facsimile: 213.250.7900

6  Attorneys for Defendants STEIN SAKS,
   PLLC, JUDAH STEIN, YAAKOV SAKS,
7  TAMIR SALAND, and ELIYAHU
   BABAD

8

9              UNITED STATES DISTRICT COURT

10      CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

11

12 | EXPERIAN INFORMATION                | Case No. 8:24-cv-01186-FWS-JDE
   | SOLUTIONS, INC., an Ohio            |
13 | Corporation,                        | **DEFENDANTS STEIN SAKS,**
   |                                     | **PLLC, JUDAH STEIN, YAAKOV**
14 |              Plaintiff,             | **SAKS, TAMIR SALAND, AND**
   |                                     | **ELIYAHU BABAD'S NOTICE OF**
15 |        vs.                          | **MOTION AND MOTION FOR**
   |                                     | **ATTORNEYS' FEES PURSUANT**
16 | STEIN SAKS, PLLC, a New York        | **TO CAL. CIV. PROC. CODE §**
   | company, JUDAH STEIN, a New         | **425.16(c)**
17 | Jersey resident, YAAKOV SAKS, a     |
   | Florida resident, TAMIR SALAND, a   | Date:   March 27, 2025
18 | New York resident, ELIYAHU          | Time:   10:00 a.m.
   | BABAD, a New Jersey resident, ZEIG  | Crtrm:  10D
19 | LAW FIRM, LLC, a Florida company,   |
   | JUSTIN ZEIG, a Florida resident,    |
20 | CHESKY MONK, a New Jersey           |
   | resident, DANIEL J. SOFFER, a New   | Judge:  Fred W. Slaughter
21 | Jersey resident, and DOE            |
   | DEFENDANTS 1-10,,                   | [*Filed concurrently with (1)*
22 |                                     | *Declaration of David D. Samani; (2)*
   |              Defendants.            | *Declaration of Ryan A. Drossel;*
23 |                                     | *Proposed Order*]
   |                                     |
24 |                                     | Trial Date:       June 2, 2026

25

26        TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

27        PLEASE TAKE NOTICE that on March 27, 2025 at 10:00 a.m., or as soon

28 thereafter as the matter may be heard in Courtroom 10D of the above-entitled



151078483.1

courthouse, located at 411 West 4th Street, Santa Ana, CA, 92701, Defendants STEIN SAKS, PLLC, JUDAH STEIN, YAAKOV SAKS, TAMIR SALAND, and ELIYAHU BABAD (collectively, the "Stein Saks Defendants") will and hereby do move the Court for an order awarding attorneys' fees and costs against Plaintiff EXPERIAN INFORMATION SOLUTIONS, INC. ("Plaintiff") in the amount of $39,982.50.

This motion is made pursuant to Cal. Civ. Proc. Code § 425.16(c) on the ground that on November 19, 2024, this Court granted the Stein Saks Defendants' Special Motion to Strike, entitling the Stein Saks Defendants to recover their reasonable fees and costs in defending against Plaintiff's claims.

Counsel for the Stein Saks Defendants met and conferred with Plaintiff's counsel of record on December 2, 2024 and January 4, 2025 pursuant to Local Rule 7-3, but were unable resolve the matters presented via this Motion.

This Motion is based on the Notice of Motion, the Memorandum of Points and Authorities, the Court's November 19, 2024 Order granting the Stein Saks Defendants' Special Motion to Strike, the concurrently-filed Declarations of David D. Samani and Ryan A. Drossel, the pleadings and papers on file with the Court in this matter, all matters upon which this Court must or may take judicial notice, and upon all argument that this Court may allow at the time of hearing the Motion.

DATED: February 18, 2025

LEWIS BRISBOIS BISGAARD & SMITH LLP


By: _____/s/ David D. Samani_____
DAVID D. SAMANI
Attorneys for Defendants STEIN SAKS, PLLC, JUDAH STEIN, YAAKOV SAKS, TAMIR SALAND, and ELIYAHU BABAD

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# **TABLE OF CONTENTS**

Page

I.    INTRODUCTION ....................................................................................... 1

II.   STATEMENT OF FACTS ......................................................................... 1

III.  THE STEIN SAKS DEFENDANTS ARE ENTITLED TO RECOVER
      REASONABLE FEES AND COSTS INCURRED EXTRICATING
      THEMSELVES FROM PLAINTIFF'S SLAPP SUIT .................................. 2

      A.    The Anti-SLAPP Statute Mandates An Award Of Fees To A
            Prevailing Party ........................................................................... 2

            1.    The Court's granting of leave to amend does not preclude
                  an award of fees ................................................................. 3

            2.    The Stein Saks Defendants are entitled to all of their fees
                  related to the anti-SLAPP motion ...................................... 5

      B.    On A Motion For An Award Of Fees Under § 425.16(c), The
            Court Is To Apply The Lodestar Method For Determining
            Reasonable Fees ........................................................................... 5

            1.    The hours spent by the Stein Saks Defendants' counsel are
                  reasonable .......................................................................... 6

            2.    The Stein Saks Defendants' counsel's hourly rates are
                  reasonable .......................................................................... 8

      C.    Defendants Are Entitled To A Lodestar Amount Of $39,982.50 ........ 10

IV.   CONCLUSION ......................................................................................... 10

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

### <u>Federal Cases</u>

4

5  *In re Amgen Sec. Litig.*,
    CV 7-2536 PSG, 2016 U.S. Dist. LEXIS 148577 (C.D. Cal. Oct. 25,
6    2016) ...................................................................................................... 8, 9

7  *Christie v. Lester*,
    CV 14-08993-RGK, 2015 U.S. Dist. LEXIS 189810 (C.D. Cal. June
8    15, 2015) ...................................................................................................... 8

9
   *Clifford v. Trump*,
10    CV 18-06893-SJO, 2018 U.S. Dist. LEXIS 211297 (C.D. Cal. Dec.
     11, 2018) ...................................................................................................... 8
11

12 *Graham-Sult v. Clainos*,
    756 F.3d 724 (9th Cir. 2014) ...................................................................... 8
13

14 *Hedley & Bennett, Inc. v. Mejico*,
    EDCV 22-816 JGB (KKx), 2022 U.S. Dist. LEXIS 115549 (C.D.
15    Cal. June 24, 2022) ...................................................................................... 8

16
   *Kearney v. Foley & Lardner*,
17    553 F. Supp. 2d 1178 (S.D. Cal. 2008) ...................................................... 2

18 *Lakim Indus. v. Linzer Prods. Corp.*, 2:12-cv-049756 ODW (JEMx),
19    2013 U.S. Dist. LEXIS 58958 (C.D. Cal. April 24, 2013)........................... 9

20 *Masimo Corp. v. Mindray DS USA, Inc.*,
    No. SACV1202206CJCJPRX, 2014 U.S. Dist. LEXIS 194571 (C.D.
21    Cal. Jan. 2, 2014) ........................................................................................ 4

22
   *Metabolife International, Inc. v. Wornick*,
23    213 F. Supp. 2d 1220 (S.D. Cal. 2002) ...................................................... 10

24
   *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*,
25    190 F.3d 963 (9th Cir. 1999) ...................................................................... 1

26 *Perfect 10, Inc. v. Giganews, Inc.*
27    CV 11-07098-AB, 2015 U.S. Dist. LEXIS 54063 (C.D. Cal. March
     24, 2015) ...................................................................................................... 9
28


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

151078483.1

ii

*Ramachandran v. City of Los Altos*,
   No. 23-CV-02928-SVK, 2024 U.S. Dist. LEXIS 73002 (N.D. Cal.
   Apr. 22, 2024).................................................................................................4

*Scott W. Hallock v. Healey*,
   CV 20-02726-CJC, 2020 U.S. Dist. LEXIS 260283 (C.D. Cal. Nov.
   2, 2020).............................................................................................................6

*Defrees ex rel. U.S. Aero., Inc. v. Kirkland*,
   579 Fed. Appx. 538 (9th Cir. 2014) .................................................................3

*Vargas v. Berkeley Unified Sch. Dist.*,
   Case No. 16-cv-06634-WHO, 2017 U.S. Dist. LEXIS 199126 (N.D.
   Cal. Dec. 4, 2017).............................................................................................4

## California Cases

*Bernardi v. County of Monterey*,
   167 Cal. App. 4th 1379 (Ct. App. 2008) ..........................................................8

*Church of Scientology v. Wollersheim*,
   42 Cal. App. 4th 628 (Ct. App. 1996) ............................................................10

*Dove Audio, Inc. v. Rosenfeld, Mayer & Susman*,
   47 Cal. App. 4th 777 (Ct. App. 1996) ..............................................................3

*Dowling v. Zimmerman*,
   85 Cal. App. 4th 1400 (Cal. Ct. App. 2001).....................................................3

*Horsford v. Board of Trustees of California State University*,
   132 Cal. App. 4th 359 (Ct. App. 2005) ............................................................8

*Jones v. Union Bank of California*,
   127 Cal. App. 4th 542 (Ct. App. 2005) ..........................................................10

*Ketchum v. Moses*,
   24 Cal. 4th 1122 (2001)..........................................................................3, 6, 9

*Liu v. Moore*,
   69 Cal. App. 4th 745 (Ct. App. 1999) ..............................................................2

*Malin v. Singer*,
   217 Cal. App. 4th 1283 (Ct. App. 2013) .......................................................6, 9

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*Mann v. Quality Old Time Service, Inc.*,
    139 Cal. App. 4th 328 (Ct. App. 2006) ............................................................. 5, 6

*Nemecek & Cole v. Horn*,
    208 Cal. App. 4th 641 (Ct. App. 2012) ............................................................. 9

*PLCM Group, Inc. v. Drexler*,
    22 Cal.4th 1084 (Cal. 2000) ............................................................. 6, 8

*Premier Medical Management Systems, Inc. v. California Insurance*
    *Guarantee Association*,
    163 Cal. App. 4th 550 (Ct. App. 2008) ............................................................. 6, 10

*Raining Data Corp. v. Barrenechea*,
    175 Cal. App. 4th 1363 (Ct. App. 2009) ............................................................. 8, 10

*Serrano v. Unruh*,
    32 Cal.3d 621 (1982) ............................................................. 8

*Syers Properties III, Inc. v. Rankin*,
    226 Cal.App.4th 691 (Ct. App. 2014) ............................................................. 9

*Wilkerson v. Sullivan*,
    99 Cal. App. 4th 443 (Cal. Ct. App. 2002) ............................................................. 6

## **California Statutes**

Code Civ. Proc.
    § 425.16 ............................................................. 1, 2, 3, 5, 6, 9, 10

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Where a party prevails upon on a special motion to strike pursuant to California Code of Civil Procedure § 425.16 (the "anti-SLAPP" statute), an award of attorneys' fees is <u>mandatory</u>.  Indeed, "[t]he prevailing party on a special motion to strike is entitled to attorney's fees and costs to compensate them for the expense of responding to the SLAPP suit and the motion." *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 971 (9th Cir. 1999).

Consequently, Defendants STEIN SAKS, PLLC, JUDAH STEIN, YAAKOV SAKS, TAMIR SALAND, and ELIYAHU BABAD (collectively, the "Stein Saks Defendants"), as prevailing parties on an anti-SLAPP motion, are entitled to an award of reasonable fees incurred in connection with defeating Plaintiff's SLAPP claims for relief.  As set forth below and in the concurrently-filed declaration of David D. Samani ("Samani Decl."), the Stein Saks Defendants seek an award of $39,982.50 in attorneys' fees.  This figure results from a reasonable number of hours—multiplied by reasonable hourly rates—expended analyzing Plaintiff's now dismissed claims alleging fraud, unjust enrichment, and abuse of process premised on a supposed nationwide scheme to prosecute claims for relief based on false and fraudulent evidence.

## II.    STATEMENT OF FACTS

Plaintiff commenced this action on June 3, 2024, asserting that the Defendants are participants in a RICO enterprise which involves the alleged prosecution of underlying lawsuits for violation of the Fair Credit Reporting Act ("FCRA") that Plaintiff claims were premised on "false" and "fraudulent" credit and mortgage denial letters.  [Dkt. No. 1.]  In addition to asserting a civil RICO claim, the Complaint asserted four state law claims for relief:  (1) the third claim for relief for fraud, (2) the fourth claim for relief for unjust enrichment, (3) the fifth claim for relief for abuse of

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

process, and (4) the sixth claim for unfair competition in violation of California Business & Professions Code § 17200 et seq. [Dkt. No. 1.]

On August 8, 2024, the Stein Saks Defendants filed their Special Motion to Strike, targeting the aforementioned four state law claims. [Dkt. No. 46.] The Stein Saks Defendants contended that those claims targeted protected activity and were barred under California's litigation privilege codified at Civ. Code § 47. Plaintiff opposed the motion, and the Stein Saks Defendants filed a reply brief. [Dkt. Nos. 61, 66.]

The Court held a hearing on, *inter alia*, the Stein Saks Defendants' Special Motion to Strike on November 14, 2024. [Dkt. No. 88.]

On November 19, 2024, the Court issued its order granting the Stein Saks Defendants' Special Motion to Strike, concluding that California's litigation privilege barred the Complaint's claims for fraud, unjust enrichment, and abuse of process. [Dkt. No. 89.]

## III. THE STEIN SAKS DEFENDANTS ARE ENTITLED TO RECOVER REASONABLE FEES AND COSTS INCURRED EXTRICATING THEMSELVES FROM PLAINTIFF'S SLAPP SUIT

### A. The Anti-SLAPP Statute Mandates An Award Of Fees To A Prevailing Party

California Code of Civil Procedure § 425.16(c) states that "[i]n any action subject to subdivision (b), a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorneys' fees and costs." "[I]t is well-settled that an award of attorney's fees and costs to a successful anti-SLAPP movant is mandatory." *Kearney v. Foley & Lardner*, 553 F. Supp. 2d 1178, 1181 (S.D. Cal. 2008).

Section 425.16(c), which provides "financial relief in the form of attorneys' fees and costs, to persons who have been victimized by meritless, retaliatory SLAPP lawsuits," is "an important part of California's anti-SLAPP legislation." (*Liu v.*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*Moore*, 69 Cal. App. 4th 745, 748, 750 (Ct. App. 1999).  As the California Supreme Court noted, the fee provision of the anti-SLAPP law was intended to discourage SLAPP suits "by imposing the litigation costs on the party" filing the SLAPP suit. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001).

Thus, § 425.16(c) seeks to make the victim of a SLAPP suit whole financially. *Dove Audio, Inc. v. Rosenfeld, Mayer & Susman*, 47 Cal. App. 4th 777, 785 (Ct. App. 1996); *see also Defrees ex rel. U.S. Aero., Inc. v. Kirkland*, 579 Fed. Appx. 538, 541 (9th Cir. 2014) ("Under California's anti-SLAPP statute, the prevailing party may recover attorney's fees 'for the expense of responding to a baseless lawsuit.'").

Consequently, a prevailing party is also entitled to recover fees incurred in enforcing the right to mandatory fees via a fee motion.  *Ketchum*, 24 Cal.4th 1141; *Dowling v. Zimmerman*, 85 Cal. App. 4th 1400, 1425 (Cal. Ct. App. 2001).  Indeed, in *Ketchum*, the California Supreme Court expressly stated that a prevailing defendant under the SLAPP statute is entitled to recover fees incurred in association with a motion for fees:

> [A]n award of fees may include not only the fees incurred with respect to the underlying claim, but also the fees incurred in enforcing the right to mandatory fees under Code of Civil Procedure § 425.16 . . . .   [A]bsent circumstances rendering the award unjust, fees recoverable . . . ordinarily include compensation for all hours reasonably spent, including those necessary to establish and defend the claim.

24 Cal.4th at 1141.

### 1.    The Court's granting of leave to amend does not preclude an award of fees

During the meet-and-confer process, Plaintiff took the position that although

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

the Court dismissed the claims, the Court's granting of leave to amend to replead its RICO claims means that the Stein Saks Defendants were not the prevailing party on an anti-SLAPP motion, citing *Brown v. Elec. Arts, Inc.*, 722 F. Supp. 2d 1148, 1156-1157 (C.D. Cal. 2010), *Masimo Corp. v. Mindray DS USA, Inc.*, No. SACV1202206CJCJPRX, 2014 U.S. Dist. LEXIS 194571, at *2 (C.D. Cal. Jan. 2, 2014), and *Ramachandran v. City of Los Altos*, No. 23-CV-02928-SVK, 2024 U.S. Dist. LEXIS 73002, at *19 (N.D. Cal. Apr. 22, 2024).

Those authorities, however, are inapplicable here. They involved instances where a court granted leave to amend on the ground that a party could possibly "revise its pleading so as to state a claim not barred by the anti-SLAPP statute." *Masimo Corp.*, 2014 U.S. Dist. LEXIS 194571, at *2. Here, though, the Court granted Plaintiff leave to amend to attempt to re-plead a RICO claim. At no point did the Court suggest that Plaintiff had a path to escape the litigation privilege, an absolute bar to Plaintiff's state-law claims. In this regard, this matter is akin to *Vargas v. Berkeley Unified Sch. Dist.*, Case No. 16-cv-06634-WHO, 2017 U.S. Dist. LEXIS 199126 at *2 (N.D. Cal. Dec. 4, 2017), where the court ruled:

> That I granted leave to amend does not negate that defendants were successful on their anti-SLAPP motion. Plaintiffs' amendment did not cure the problem that Sacks's conduct arose out of protected activity and that the litigation privilege applied to bar plaintiffs' state law claims against her. Sacks is entitled to attorneys'' fees.

As in *Vargas*, the Court's order granting the Stein Saks Defendants left no doubt that Plaintiff could not proceed on its state law claims, and that the Stein Saks Defendants were the prevailing parties. They are entitled to their fees.

/ / /

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

151078483.1

4

Case No. 8:24-cv-01186-FWS-JDE
MTN FOR ATTORNEY FEES

**2.**    **The Stein Saks Defendants are entitled to all of their fees
related to the anti-SLAPP motion**

In ruling on the Stein Saks Defendants' anti-SLAPP motion, the court declined to strike Plaintiff's claim based on Business & Professions Code section 17200, concluding that its relationship to Plaintiff's federal RICO claims precludes the application of the litigation privilege.  This ruling does not preclude an award of attorneys' fees.  A defendant who partially prevails on an anti-SLAPP motion is entitled to recover reasonable attorneys' fees based on the level of success achieved. *Mann v. Quality Old Time Service, Inc.*, 139 Cal. App. 4th 328 (Ct. App. 2006).  In such an instance, "[t]he fees awarded to a defendant who was only partially successful on an anti-SLAPP motion should be commensurate with the extent to which the motion changed the nature and character of the lawsuit in a practical way." *Id.* at 345.  Thus, "the court should have considered the significance of the overall relief obtained by defendants in relation to the hours reasonably expended on the litigation and whether the expenditure of counsel's time was reasonable in relation to the success achieved." *Id.*

Here, the Stein Saks Defendants' anti-SLAPP motion removed Plaintiff's state law claims for fraud, unjust enrichment, and abuse of process.  Those claims involved distinct elements and their removal from this lawsuit materially changes the landscape of the Stein Saks Defendants' defense of this case.  Meanwhile, the claim for relief under Business & Professions Code § 17200 is effectively duplicative of Plaintiff's RICO claim, and its survival is of no consequence.  The Stein Saks Defendants should therefore be entitled to recover all of their fees.

**B.**    **On A Motion For An Award Of Fees Under § 425.16(c), The Court
Is To Apply The Lodestar Method For Determining Reasonable Fees**

In reviewing a motion for fees under the anti-SLAPP statute, "[t]he court applies the lodestar method to determine reasonable attorneys' fees, multiplying the

reasonable time spent by the reasonable hourly compensation for each attorney." *Ketchum*, 24 Cal.4th at 1131; *Malin v. Singer*, 217 Cal. App. 4th 1283, 1305 (Ct. App. 2013); *see also Scott W. Hallock v. Healey*, CV 20-02726-CJC (MAAx), 2020 U.S. Dist. LEXIS 260283 at *3-4 (C.D. Cal. Nov. 2, 2020) (applying lodestar method).

Under the lodestar method, the Court determines "the number of hours reasonably expended by the reasonable hourly rate." *PLCM Group, Inc. v. Drexler*, 22 Cal.4th 1084, 1094 (Cal. 2000); *see also Mann v. Quality Old Time Service, Inc.*, 139 Cal. App. 4th 328, 342 (Cal. Ct. App. 2006) ("Under [the lodestar] method, a court assesses attorney fees by first determining the time spent and the reasonable hourly compensation of each attorney.").

In determining the reasonable hours, § 425.16(c) "is broadly construed so as to effectuate the legislative purpose of reimbursing the prevailing defendant for expenses incurred in extracting herself from a baseless lawsuit." *Wilkerson v. Sullivan*, 99 Cal. App. 4th 443, 446 (Cal. Ct. App. 2002). Further, the "reasonable hourly rate" applicable under the lodestar method is the rate "prevailing in the community for similar work." *PLCM Group, Inc.*, 22 Cal.4th at 1095.

## 1.    The hours spent by the Stein Saks Defendants' counsel are reasonable

Much work goes into preparing an anti-SLAPP motion and gathering, analyzing, and providing the evidence necessary to support the anti-SLAPP motion. As the California Supreme Court has recognized, anti-SLAPP motions are quite often "complex and time consuming." *Ketchum*, 24 Cal.4th at 1139; *see also Premier Medical Management Systems, Inc. v. California Insurance Guarantee Association*, 163 Cal. App. 4th 550, 560-61 (Ct. App. 2008) (rejecting assertion that spending 217 hours on an anti-SLAPP motion was *per se* excessive and ultimately affirming trial court order awarding fees).

Here, the Stein Saks Defendants' anti-SLAPP motion required a review and

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

151078483.1                                      6

Case No. 8:24-cv-01186-FWS-JDE
MTN FOR ATTORNEY FEES

analysis of Plaintiff's pleadings, developing an understanding of the factual underpinnings for Plaintiff's claims (which included developing an understanding of the underlying litigation), preparation of the anti-SLAPP motion and supporting papers (which are part of the Court's file), the analysis of Plaintiff's Opposition, the preparation of a reply brief, and attending the hearing on the Stein Saks Defendants' anti-SLAPP motion.  Moreover, the Stein Saks Defendants' counsel spent time preparing this fee motion and the accompanying declarations.

The time that the Stein Saks Defendants seek is set forth, with redactions for confidential and privileged information and as to fee entries that are not sought by this motion, as an attachment to the concurrently-filed Declaration of David D. Samani.  The total time sought, in hours, is as follows:

| | |
|---|---|
| Attorney David D. Samani | 17.2 hours.[1] |
| Attorney Ryan A. Drossel | 51.2 hours. |
| Attorney time spent on Fee Motion | 5.2 hours |
| Anticipated time on Reply in support of Fee Motion | 4.5 hours |

(*See* Samani Declaration, ¶¶ 5-11, Exh. 1.)

The services performed by the Stein Saks Defendants' counsel were both necessary to defeating Plaintiff's SLAPP claims and reasonable given the nature and complexity of the claims at issue.  It has previously recognized that courts should adopt a broad approach as to what constitutes "in pursuit of" an anti-SLAPP motion

---

[1]    On November 14, 2024, the Court held a hearing on a number of pending motions, including the Stein Saks Defendants' anti-SLAPP motion, motion to dismiss, and motion to stay discovery.  Mr. Samani billed a total of 10.0 hours for preparation, travel, and attendance at that hearing.  As not all of that time related to the anti-SLAPP motion, the Stein Saks Defendants are requesting 3.5 hours (35% of 10.0) worth of that time.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    when awarding fees to "compensate a defendant for the expenses defending against a

2    baseless SLAPP lawsuit." *See Christie v. Lester*, CV 14-08993-RGK (FFMx), 2015

3    U.S. Dist. LEXIS 189810 at * 4 (C.D. Cal. June 15, 2015); *see also Graham-Sult v.*

4    *Clainos*, 756 F.3d 724, 752-753 (9th Cir. 2014) (recognizing that a court has broad

5    discretion to award fees that are incurred extricating a defendant from a SLAPP suit).

6        Of note, Mr. Samani's concurrently-filed declaration supporting this motion is

7    *prima facie* evidence that the hours sought were necessary and are reasonable.

8    *Raining Data Corp. v. Barrenechea*, 175 Cal. App. 4th 1363, 1375 (Ct. App. 2009);

9    *Bernardi v. County of Monterey*, 167 Cal. App. 4th 1379, 1398 (Ct. App. 2008); *see*

10   *also Horsford v. Board of Trustees of California State University*, 132 Cal. App. 4th

11   359, 396 (Ct. App. 2005) ("[T]he verified time statements of the attorneys, as officers

12   of the court, are entitled to credence in the absence of a clear indication the records

13   are erroneous.").  Moreover, it is well-settled that Plaintiff "cannot litigate tenaciously

14   and then be heard to complain about the time necessarily spent" by Defendants'

15   counsel in response.  *Serrano v. Unruh*, 32 Cal. 3d 621, 638 (1982).

16

17        **2.    The Stein Saks Defendants' counsel's hourly rates are**

18             **reasonable**

19        The lodestar method seeks to "fix the fee at the fair market value for the

20   particular action," and, consequently, "[t]he reasonable hourly rate is that prevailing

21   in the community for similar work." *PLCM Group, Inc.*, 22 Cal.4th at 1095.

22        In Southern California, hourly rates higher than $750 are routinely recognized

23   as reasonable. *See Hedley & Bennett, Inc. v. Mejico*, EDCV 22-816 JGB (KKx), 2022

24   U.S. Dist. LEXIS 115549 (C.D. Cal. June 24, 2022) at *5 (approving hourly rates of

25   $750 and $850 per hour); *Clifford v. Trump*, CV 18-06893-SJO (FFMx), 2018 U.S.

26   Dist. LEXIS 211297 (C.D. Cal. Dec. 11, 2018) at *11-14 (approving rates of $841.64

27   per hour, $756.49 per hour, $611.99 per hour, $586.50 per hour, and $307.60 per hour,

28   and discussing rates in anti-SLAPP litigation); *In re Amgen Sec. Litig.*, CV 7-2536

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

151078483.1                                    8

PSG (PLAx), 2016 U.S. Dist. LEXIS 148577 (C.D. Cal. Oct. 25, 2016) at *27-28 (finding reasonable hourly rates of "$750 to $985 for partners, $500 to $800 per hour for 'of counsels'/senior counsel, and $300 to $725 per hour for other attorneys"); *Perfect 10, Inc. v. Giganews, Inc.* CV 11-07098-AB (SHx), 2015 U.S. Dist. LEXIS 54063 (C.D. Cal. March 24, 2015) at *45-46 (finding rates of $825 - $930 per hour for senior partners, $610 - $750 per hour for junior partners, and $350 - $690 per hour for associates, reasonable).)

Moreover, in *Ketchum*, the California Supreme Court held that trial courts have the authority to award a fee enhancement under § 425.16(c). Likewise, in *Nemecek & Cole v. Horn*, 208 Cal. App. 4th 641, 650-51 (Ct. App. 2012), the Court of Appeal affirmed an attorneys' fees award which—based on a lodestar calculation—was more than double the attorneys' fees that were actually incurred by the attorneys, based on a general schedule and pay table for attorneys. *See also Malin*, 217 Cal. App. 4th at 1304-05.

Here, Mr. Samani's reasonable hourly rate of $725 per hour is more than reasonable. Mr. Samani, a partner with Lewis Brisbois Bisgaard & Smith LLP, was admitted in 2011, and has extensive experience in defending attorneys and other professionals. (Samani Declaration, ¶¶ 4-5.)

Likewise, Mr. Drossel's reasonable hourly rate of $400 per hour is well-justified. Mr. Drossel, who was admitted in 2021, is a graduate of Loyola Law School and also focuses his practice on the defense of professionals. (Samani Decl., ¶ 4.)

Indeed, all of the rates sought are lower than the rates set forth in the Laffey Matrix (attached as Exhibit 2 to the Samani Declaration) for attorneys of similar experience levels which, although obviously not binding authority, "provides additional guidance and has been cited with approval by other courts in [the Ninth] Circuit." *Lakim Indus. v. Linzer Prods. Corp.*, 2:12-cv-049756 ODW (JEMx), 2013 U.S. Dist. LEXIS 58958 (C.D. Cal. April 24, 2013) at *23; *see also Syers Properties III, Inc. v. Rankin*, 226 Cal.App.4th 691, 701-702 (Ct. App. 2014) (noting that trial

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

151078483.1

9

1  court had discretion to credit Laffey Matrix when determining reasonableness of

2  fees).

3

4  **C.    Defendants Are Entitled To A Lodestar Amount Of $39,982.50**

5      In total, then, Defendants seek an award of fees in the amount of $39,982.50.[2]

6  This number represents the reasonable fees Defendants incurred in extricating himself

7  from Plaintiff's SLAPP suit and, in fact, far fall below awards in other anti-SLAPP

8  cases.

9      For example, in *Premier Medical Management Systems, Inc.*, the California

10  Court of Appeal affirmed an award of $165,000 trial court fees plus $1,871.84 costs

11  under Code of Civil Procedure § 425.16(c).   163 Cal. App. 4th at 565; see *also*

12  *Metabolife International, Inc. v. Wornick*, 213 F. Supp. 2d 1220, 1228 (S.D. Cal.

13  2002) (awarding a total of $318,687.99); *Church of Scientology v. Wollersheim*, 42

14  Cal. App. 4th 628, 658 (Ct. App. 1996) ($130,506.71 awarded to defendant who

15  prevailed on his anti-SLAPP motion); *Raining Data Corp.*, 175 Cal.App.4th 1363

16  (award of $112,353.75 to prevailing defendant); *Jones v. Union Bank of California*,

17  127 Cal. App. 4th 542, 549 (Ct. App. 2005) (award of $329,779).

18

19  **IV.    CONCLUSION**

20      The Stein Saks Defendants are entitled to recoup their reasonable fees for

21  defeating Plaintiff's SLAPP claims.   As set forth above, $39,982.50 represents an

22  award of reasonable fees incurred in defending against and defeating those claims.

23  / / /

24  / / /

25

26  [2]    17.2 hours at $725 per hour equals $12,470, and 51.2 hours at $400 per hour

27  equals $20,480.  $12,470 + $20,480 equals $32,950.  Further, taking into account fees expended and anticipated to be expended on this motion adds an additional $7,032.50.

28  $32,950 + $7,032.50 equals $39,982.50.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    Accordingly, the Stein Saks Defendants respectfully urge the Court to grant

2  this Motion and award fees and costs in the requested amount.

3

4  DATED:  February 18, 2025        LEWIS BRISBOIS BISGAARD & SMITH LLP

5

6

7                                        By:    /s/ David D. Samani

8                                               DAVID D. SAMANI
                                               Attorneys for Defendants STEIN SAKS,
9                                               PLLC, JUDAH STEIN, YAAKOV SAKS,
                                               TAMIR SALAND, and ELIYAHU
10                                              BABAD

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

151078483.1

11