1  DAVID D. SAMANI, SB# 280179
      E-Mail: David.Samani@lewisbrisbois.com
2  PATRIK JOHANSSON, SB# 231769
      E-Mail: Patrik.Johansson@lewisbrisbois.com
3  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   633 West 5th Street, Suite 4000
4  Los Angeles, California 90071
   Telephone: 213.250.1800
5  Facsimile: 213.250.7900

6  Attorneys for Defendants STEIN SAKS,
   PLLC, JUDAH STEIN, YAAKOV SAKS,
7  TAMIR SALAND, and ELIYAHU
   BABAD
8

9              UNITED STATES DISTRICT COURT

10      CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

11

12  EXPERIAN INFORMATION              Case No. 8:24-cv-01186-FWS-JDE
    SOLUTIONS, INC., an Ohio
13  Corporation,                      **DEFENDANTS STEIN SAKS,
                                      PLLC, JUDAH STEIN, YAAKOV
14          Plaintiff,                SAKS, TAMIR SALAND, AND
                                      ELIYAHU BABAD'S ANSWER TO
15      vs.                           PLAINTIFF'S FIRST AMENDED
                                      COMPLAINT**
16  STEIN SAKS, PLLC, a New York
    company, JUDAH STEIN, a New
17  Jersey resident, YAAKOV SAKS, a
    Florida resident, TAMIR SALAND, a
18  New York resident, ELIYAHU
    BABAD, a New Jersey resident, ZEIG
19  LAW FIRM, LLC, a Florida company,  Trial Date:        June 2, 2026
    JUSTIN ZEIG, a Florida resident,
20  CHESKY MONK, a New Jersey
    resident, DANIEL J. SOFFER, a New
21  Jersey resident, and DOE
    DEFENDANTS 1-10,,
22
            Defendants.
23

24

25

26      Defendants STEIN SAKS, PLLC ("Stein Saks"), JUDAH STEIN ("Mr.

27  Stein"), YAAKOV SAKS ("Mr. Saks"), TAMIR SALAND ("Mr. Saland"), and

28  ELIYAHU BABAD ("Mr. Babad", and together with Stein Saks, Mr. Stein, Mr. Saks

158007510.1

and Mr. Saland collectively, "Defendants") answer Plaintiff EXPERIAN INFORMATION SOLUTIONS, INC.'s Amended Complaint dated January 6, 2025 as follows:

## NATURE OF ACTION

1.    Defendants admit that Stein Saks is a law firm with offices in New Jersey and New York. As to the remaining allegations in this paragraph, Defendants deny each and every allegation contained therein.

2.    Defendants deny the allegations of this paragraph.

3.    Defendants deny the allegations of this paragraph.

4.    Defendants deny the allegations of this paragraph.

5.    Defendants deny the allegations of this paragraph.

6.    Defendants deny the allegations of this paragraph.

7.    Defendants deny any fraudulent scheme and deny causing Experian any harm.

## PARTIES AND NON-PARTY PARTICIPANTS

### A.    Parties

8.    Defendants admit the allegations of this paragraph.

9.    Defendants admit the allegations of this paragraph.

10.    Defendants admits that Mr. Stein is an attorney licensed in New York and New Jersey. Defendants further admit that Mr. Stein is a founding member of Stein Saks, where he is a practicing attorney. As to the remaining allegations in this paragraph, Defendants deny each and every allegation contained therein.

11.    Defendants admit that Mr. Saks is an attorney licensed in New Jersey. Defendants further admit that Mr. Saks is a named partner and a founding member of Stein Saks, where he is a practicing attorney. As to the remaining allegations in this paragraph, Defendants deny each and every allegation contained therein.

12.    Defendants admit that Mr. Saland is a licensed attorney in New York and

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

was previously an associate with Stein Saks.  As to the remaining allegations in this paragraph, Defendants deny each and every allegation contained therein.

13.     Defendants admit that Mr. Babad is a licensed attorney in New York and New Jersey and is of counsel with Stein Saks.  As to the remaining allegations in this paragraph, Defendants deny each and every allegation contained therein.

14.     This paragraph contains legal conclusions and conclusory assertions which do not appear to call for a response.

15.     Defendants lack sufficient information to admit or deny the allegations in this paragraph y, and on this basis deny each and every allegation contained therein.

16.     Defendants lack sufficient information to admit or deny the allegations, and on this basis deny each and every allegation contained therein.

17.     Defendants deny than Monk acted in concert with Defendants. Defendants deny any fraudulent conduct on their behalf and deny being a part of any enterprise.  As to the remaining allegations in this paragraph, Defendants lack sufficient information to admit or deny the allegations, and on this basis deny each and every allegation contained therein.

18.     Defendants deny than Soffer acted in concert with Defendants. Defendants deny any fraudulent conduct on their behalf and deny being a part of any enterprise.  As to the remaining allegations in this paragraph, Defendants lack sufficient information to admit or deny the allegations, and on this basis deny each and every allegation contained therein.

19.     Defendants deny any scheme to defraud Experian through fabricated legal claims.  As to the remaining allegations in this paragraph, Defendants lack sufficient information to admit or deny the allegations, and on this basis deny each and every allegation contained therein.

**B.     <u>Non-Party Participants</u>**

20.     Defendants lack sufficient information to admit or deny the allegations in this paragraph y, and on this basis deny each and every allegation contained therein.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

21.    Defendants lack sufficient information to admit or deny the allegations in this paragraph, and on this basis deny each and every allegation contained therein.

## JURISDICTION AND VENUE

22.    This paragraph contains legal conclusions and conclusory assertions which do not appear to call for a response.  To the extent a response is required, Defendants admit that the Court has jurisdiction but deny that Experian has stated a proper claim under RICO.

23.    This paragraph contains legal conclusions and conclusory assertions which do not appear to call for a response.  To the extent a response is required, Defendants admit that the Court has jurisdiction but deny that Experian has stated a proper claim under RICO.

24.    This paragraph contains legal conclusions and conclusory assertions which do not appear to call for a response.  To the extent a response is required, Defendants admit that the Court has jurisdiction but deny that Experian has stated a proper claim under RICO.

25.    This paragraph contains legal conclusions and conclusory assertions which do not appear to call for a response.  To the extent a response is required, Defendants admit that Stein Saks, as co-counsel and with the assistance of local counsel, participated in the handling of lawsuits in the Central District of California. As to the remaining allegations in this paragraph, Defendants deny each and every allegation contained therein.

26.    This paragraph contains legal conclusions and conclusory assertions which do not appear to call for a response.  As to the remaining allegations in this paragraph, Defendants deny each and every allegation contained therein.

27.    This paragraph contains legal conclusions and conclusory assertions which do not appear to call for a response.  As to the remaining allegations in this paragraph, Defendants deny each and every allegation contained therein.

28.    This paragraph contains legal conclusions and conclusory assertions

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

which do not appear to call for a response.  As to the remaining allegations in this paragraph, Defendants deny each and every allegation contained therein.

## FACTUAL ALLEGATIONS

### A.     The Stein Saks Business Model

29.     Defendants admit that Stein Saks files FCRA lawsuits against companies who violate the FCRA, like Experian.  As to the remaining allegations in this paragraph, Defendants lack sufficient information to admit or deny the allegations, and on this basis deny each and every allegation contained therein.

30.     Defendants deny the allegations of this paragraph.

31.     Defendants deny that Stein Saks practices have repeatedly been criticized by courts.

32.     Defendants deny the allegations of this paragraph.

33.     Defendants deny any inappropriate practices.  The order in question is a matter of public record and speaks for itself.

### B.     The RICO Enterprise And Scheme To Defraud

34.     Defendants deny the allegations of this paragraph.

35.     Defendants deny the allegations of this paragraph.

36.     Defendants deny the allegations of this paragraph.

37.     Defendants deny the allegations of this paragraph.

38.     Defendants deny the allegations of this paragraph.

39.     Defendants deny the allegations of this paragraph.

40.     Defendants deny the allegations of this paragraph.

41.     Defendants deny the allegations of this paragraph.

#### 1.     The Cornerstone Participants

42.     Defendants deny the allegations of this paragraph.

43.     Defendants admit to the existence of the referenced e-mail and refer the Court to such document for the content stated therein.  Defendants otherwise deny the allegations of this paragraph.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

44.    Defendants admit to the existence of the referenced e-mail and refer the Court to such document for the content stated therein. Defendants otherwise deny the allegations of this paragraph.

45.    Defendants admit to the existence of the referenced e-mail and refer the Court to such document for the content stated therein. Defendants otherwise deny the allegations of this paragraph.

46.    Defendants admit to the existence of the referenced e-mail and refer the Court to such document for the content stated therein. Defendants otherwise deny the allegations of this paragraph.

47.    Defendants admit to the existence of the referenced e-mail and refer the Court to such document for the content stated therein. Defendants otherwise deny the allegations of this paragraph.

48.    Defendants admit to the existence of the referenced e-mail and refer the Court to such document for the content stated therein. Defendants otherwise deny the allegations of this paragraph.

49.    Defendants admit to the existence of the referenced e-mail and refer the Court to such document for the content stated therein. Defendants otherwise deny the allegations of this paragraph.

50.    Defendants admit to the existence of the referenced e-mail and refer the Court to such document for the content stated therein. Defendants otherwise deny the allegations of this paragraph.

51.    Defendants deny the allegations of this paragraph.

52.    Defendants lack sufficient information and belief on which to either admit or deny the allegations and on that basis deny each and every allegation contained therein.

53.    Defendants lack sufficient information and belief on which to either admit or deny the allegations and on that basis deny each and every allegation contained therein.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

54.    Defendants deny the allegations of this paragraph.

**2.    Operation of the Cornerstone Scheme**

55.    Defendants deny the allegations of this paragraph.

56.    Defendants deny the allegations of this paragraph.

57.    Defendants deny the allegations of this paragraph.

58.    Defendants deny the allegations of this paragraph.

59.    Defendants deny the allegations of this paragraph.

60.    Defendants deny being part of any scheme.  As to the remaining allegations in this paragraph, Defendants lack sufficient information to admit or deny the allegations, and on this basis deny each and every allegation contained therein.

61.    Defendants deny the allegations of this paragraph.

62.    Defendants deny the allegations of this paragraph.

63.    Defendants lack sufficient information to admit or deny the allegations, and on this basis deny each and every allegation contained therein.

64.    Defendants admit that Cahan purportedly provided a declaration. Defendants otherwise deny the allegations of this paragraph.

65.    Defendants admit that Franz purportedly provided a declaration. Defendants otherwise lack sufficient information to admit or deny the allegations, and on this basis deny each and every allegation contained therein.

**3.    Laundering the Proceeds of the Cornerstone Scheme**

66.    Defendants deny the allegations of this paragraph.

67.    Defendants deny the allegations of this paragraph.

68.    Defendants deny the allegations of this paragraph.

69.    Defendants deny the allegations of this paragraph.

70.    Defendants lack sufficient information and belief on which to either admit or deny the allegations in this paragraph, and on this basis deny each and every allegation contained therein.

71.    Defendants lack sufficient information and belief on which to either

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

admit or deny the allegations in this paragraph, and on this basis deny each and every allegation contained therein.

72.    Defendants deny the allegations of this paragraph.

### 4.    Consciousness of Guilt and Obstruction

73.    Defendants deny the allegations of this paragraph.

74.    Defendants deny the allegations of this paragraph.

75.    Defendants deny that Mr. Stein made any assurances to Monk and/or Argy. Defendants deny being involved in any fraudulent conduct.    As to the remaining allegations in this paragraph, Defendants lack sufficient information and belief on which to either admit or deny the allegations in this paragraph, and on this basis deny each and every allegation contained therein.

76.    Defendants lack sufficient information and belief on which to either admit or deny the allegations in this paragraph, and on this basis deny each and every allegation contained therein.

77.    Defendants deny the allegations of this paragraph.

78.    Defendants deny the allegations of this paragraph.

79.    Defendants deny the contents of the phone calls with Argy.    As to the remaining allegations in this paragraph, Defendants lack sufficient information and belief on which to either admit or deny the allegations and on this basis deny each and every allegation contained therein.

80.    Defendants lack sufficient information and belief on which to either admit or deny the allegations in this paragraph, and on this basis deny each and every allegation contained therein.

81.    Defendants admit to the existence of the referenced communications and otherwise deny the allegations of this paragraph.

82.    Defendants admit to the existence of the referenced communications and otherwise deny the allegations of this paragraph.

83.    Defendants admit that Experian served the motion to compel and that

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Argy forwarded a copy to Mr. Stein.  As to the remaining allegations in this paragraph, Defendants lack sufficient information and belief on which to either admit or deny the allegations and on this basis deny each and every allegation contained therein.

84.    Defendants admit to the existence of the referenced communications and otherwise deny the allegations of this paragraph.

85.    Defendants admit that Experian filed the opposition.  Defendants deny that Stein Saks obstructed efforts to depose Franz.

86.    Defendants admit the contents of the WhatsApp messages. Defendants otherwise deny the allegations of this paragraph

87.    Defendants deny the allegations of this paragraph.

88.    Defendants deny the allegations of this paragraph.

### 5.    The Sham Cornerstone Lawsuits

#### a.    Mizrahi v. Experian

89.    Defendants admit only to that which is public record regarding the litigation of this lawsuit, but deny any and all allegations of misconduct, including that the lawsuit was a sham and/or that Defendants knowingly or intentionally participated in any improper or wrongful conduct.

90.    Defendants deny the allegations of this paragraph.

91.    Defendants lack sufficient information and belief on which to either admit or deny the allegations in this paragraph, and on this basis deny each and every allegation contained therein.

92.    Defendants deny the allegations of this paragraph.

93.    Defendants admit to the existence of the referenced document.

94.    Defendants deny the allegations in this paragraph.

95.    Defendants deny the allegations of this paragraph.

96.    Defendants deny the allegations of this paragraph.

97.    Defendants deny the allegations of this paragraph.

98.    Defendants admit producing the letter.  Defendants deny knowing that

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  the letter was false.

2      99.   Defendants admit serving the discovery responses. Defendants deny

3  knowing that the letter was false.

4      100.  Defendants admit the allegations of this paragraph.

5      101.  Defendants admit to the serving of the subpoenas.  Defendants deny the

6  remaining allegations of this paragraph

7      102.  Defendants admit the allegations of this paragraph.

8      103.  Defendants admit the existence of the referenced communication and

9  refer the Court to the document for its content.

10     104.  Defendants deny the allegations of this paragraph.

11     105.  Defendants deny the allegations of this paragraph.

12     106.  Defendants admit they filed the referenced motion. The contents of the

13  motion is public record.

14     107.  Defendants admit that the opposition was filed.  The contents of the

15  opposition are public record.

16     108.  Defendants admit to the existence of the Court's Order referenced in this

17  paragraph.

18     109.  Defendants deny the allegations of this paragraph.

19          b.    Sofer v. Experian

20     110.  Defendants admit only to that which is public record regarding the

21  litigation of this lawsuit, but deny any and all allegations of misconduct, including

22  that the lawsuit was a sham and/or that Defendants knowingly or intentionally

23  participated in any improper or wrongful conduct.

24     111.  Defendants deny the allegations of this paragraph.

25     112.  Defendants deny the allegations of this paragraph.

26     113.  Defendants deny the allegations of this paragraph.

27     114.  Defendants admit to the existence of the referenced documents.

28     115.  Defendants deny the allegations of this paragraph.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

116.   Defendants deny the allegations of this paragraph.

117.   Defendants deny the allegations of this paragraph.

118.   Defendants deny the allegations of this paragraph.

119.   Defendants admit that Stein Saks served the responses to the interrogatories.

120.   Defendants deny the allegations of this paragraph.

121.   Defendants deny knowing that the letter was false and deny that the lawsuit was a sham.  Defendants admit that the letter was produced.

122.   Defendants deny the allegations of this paragraph.

123.   Defendants admit that the motion was filed.  As to the remaining allegations, Defendants deny each and every allegation contained therein.

124.   Defendants admit that the opposition was filed and the referenced Order was entered.

125.   Admit that Defendant Saks contacted Sofer's husband.  As to the remaining allegations, Defendants deny each and every allegation contained therein.

126.   Defendants admit that Sofer engaged new counsel.  As to the remaining allegations in this paragraph, Defendants lack sufficient information and belief on which to either admit or deny the allegations and on that basis deny each and every allegation contained therein.

127.   Defendants lack sufficient information and belief on which to either admit or deny the allegations in this paragraph, and on this basis deny each and every allegation contained therein.

128.   Defendants deny the allegations of this paragraph.

c.    Zabludovsky v. Experian

129.   Defendants admit only to that which is public record regarding the litigation of this lawsuit, but deny any and all allegations of misconduct, including that the lawsuit was a sham and/or that Defendants knowingly or intentionally participated in any improper or wrongful conduct.

130.   Defendants deny the allegations of this paragraph.

131.   Defendants lack sufficient information and belief on which to either admit or deny the allegations in this paragraph, and on this basis deny each and every allegation contained therein.

132.   Defendants deny the allegations of this paragraph.

133.   Defendants admit to the existence of the referenced documents.

134.   Defendants deny the allegations of this paragraph.

135.   Defendants deny the allegations of this paragraph.

136.   Defendants deny the allegations of this paragraph.

137.   Defendants deny the allegations of this paragraph.

138.   Defendants admit to the existence of the referenced communication and refer the Court to the document for its content.

139.   Defendants admit to the existence of the referenced communication and refer the Court to the document for its content.

140.   Defendants admit the contents of the settlement.  As to the remaining allegations in this paragraph, Defendants deny the allegations.

141.   Defendants admit that Experian mailed the settlement check.

142.   Defendants admit the allegations in this paragraph.

143.    Defendants lack sufficient information and belief on which to either admit or deny the allegations in this paragraph, and on this basis deny each and every allegation contained therein.

144.   Defendants admit that a portion of the settlement proceeds were sent to Zeig.  As to the remaining allegations in this paragraph, Defendants lack sufficient information and belief on which to either admit or deny the allegations and on this basis deny each and every allegation contained therein.

145.   Defendants lack sufficient information and belief on which to either admit or deny the allegations in this paragraph, and on this basis deny each and every allegation contained therein.



158007510.1

12

146.   Defendants lack sufficient information and belief on which to either admit or deny the allegations in this paragraph, and on this basis deny each and every allegation contained therein.

147.   Defendants deny the allegations in this paragraph.

    d.    <u>Hano v. Experian</u>

148.   Defendants admit only to that which is public record regarding the litigation of this lawsuit, but deny any and all allegations of misconduct, including that the lawsuit was a sham and/or that Defendants knowingly or intentionally participated in any improper or wrongful conduct.

149.   Defendants admit the allegations in this paragraph.

150.   Defendants deny the allegations in this paragraph.

151.   Defendants lack sufficient information and belief on which to either admit or deny the allegations in this paragraph, and on this basis deny each and every allegation contained therein.

152.   Defendants deny the allegations in this paragraph.

153.   Defendants admit to the existence of the referenced documents.

154.   Defendants deny the allegations of this paragraph.

155.   Defendants deny the allegations in this paragraph.

156.   Defendants deny the allegations in this paragraph.

157.   Defendants deny the allegations in this paragraph.

158.   Defendants admit that the discovery responses were served.  Defendants deny knowing the letter was false.

159.   Defendants admit to the existence of the referenced communication and refer the Court to the document for its content.

160.   Defendants admit that the letter was produced.  Defendants deny knowing that the letter was fake.

161.   Defendants admit the matter was settled.  Defendants deny that Experian would not have settled but for the letter.


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

162.  Defendants admit that Experian mailed a settlement check.

163.  Defendants admit the allegations in this paragraph.

164.  Defendants lack sufficient information and belief on which to either admit or deny the allegations in this paragraph, and on this basis deny each and every allegation contained therein.

165.  Defendants admit sending a portion of the settlement to Zeig. As to the remaining allegations in this paragraph, Defendants lack sufficient information and belief on which to either admit or deny the allegations and on this basis deny each and every allegation contained therein.

166.  Defendants lack sufficient information and belief on which to either admit or deny the allegations in this paragraph, and on this basis deny each and every allegation contained therein.

167.  Defendants lack sufficient information and belief on which to either admit or deny the allegations in this paragraph, and on this basis deny each and every allegation contained therein.

168.  Defendants deny the allegations in this paragraph.

### e.  King v. Experian

169.  Defendants admit only to that which is public record regarding the litigation of this lawsuit, but deny any and all allegations of misconduct, including that the lawsuit was a sham and/or that Defendants knowingly or intentionally participated in any improper or wrongful conduct.

170.  Defendants deny the allegations in this paragraph.

171.  Defendants lack sufficient information and belief on which to either admit or deny the allegations in this paragraph, and on this basis deny each and every allegation contained therein.

172.  Defendants deny the allegations in this paragraph.

173.  Defendants admit to the existence of the referenced document.

174.  Defendants deny the allegations in this paragraph.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    175.    Defendants deny the allegations in this paragraph.

2    176.    Defendants deny the allegations in this paragraph.

3    177.    Defendants deny the allegations in this paragraph.

4    178.    Defendants admit the matter was settled.  Defendants deny that Experian
5  would not have settled but for the letter.

6    179.    Defendants admit that a draft settlement agreement was sent to King.  As
7  to the remaining allegations in this paragraph, Defendants lack sufficient information
8  and belief on which to either admit or deny the allegations and on this basis deny each
9  and every allegation contained therein.

10    180.    Defendants admit to the existence of the referenced email. As to the
11  remaining allegations in this paragraph, Defendants lack sufficient information and
12  belief on which to either admit or deny the allegations and on this basis deny each and
13  every allegation contained therein.

14    181.    Defendants lack sufficient information and belief on which to either
15  admit or deny the allegations in this paragraph, and on this basis deny each and every
16  allegation contained therein.

17    182.    Defendants lack sufficient information and belief on which to either
18  admit or deny the allegations in this paragraph, and on this basis deny each and every
19  allegation contained therein.

20    183.    Defendants lack sufficient information and belief on which to either
21  admit or deny the allegations in this paragraph, and on this basis deny each and every
22  allegation contained therein.

23    184.    Defendants admit the allegations in this paragraph.

24    185.    Defendants admit that the settlement checks were mailed.

25    186.    Defendants admit that King accepted his share of the settlement.
26  Defendants deny being a "Cornerstone Participant." As to the remaining allegations
27  in this paragraph, Defendants lack sufficient information and belief on which to either
28  admit or deny the allegations and on this basis deny each and every allegation

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

contained therein.

187.   Defendants admit the allegations in this paragraph.

188.   Defendants lack sufficient information and belief on which to either admit or deny the allegations in this paragraph, and on this basis deny each and every allegation contained therein.

189.   Defendants admit that a portion of the settlement funds were sent to Zeig. As to the remaining allegations in this paragraph, Defendants lack sufficient information and belief on which to either admit or deny the allegations and on that basis deny each and every allegation contained therein.

190.   Defendants lack sufficient information and belief on which to either admit or deny the allegations in this paragraph, and on this basis deny each and every allegation contained therein.

191.   Defendants lack sufficient information and belief on which to either admit or deny the allegations in this paragraph, and on this basis deny each and every allegation contained therein.

192.   Defendants lack sufficient information and belief on which to either admit or deny the allegations in this paragraph, and on this basis deny each and every allegation contained therein.

193.   Defendants deny the allegations in this paragraph.

f.   Kanelsky v. Experian

194.   Defendants admit only to that which is public record regarding the litigation of this lawsuit, but deny any and all allegations of misconduct, including that the lawsuit was a sham and/or that Defendants knowingly or intentionally participated in any improper or wrongful conduct.

195.   Defendants deny the allegations in this paragraph.

196.   Defendants lack sufficient information and belief on which to either admit or deny the allegations in this paragraph, and on that basis deny each and every allegation contained therein.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

197.   Defendants deny the allegations in this paragraph.

198.   Defendants admit to the existence of the referenced documents.

199.   Defendants deny the allegations in this paragraph.

200.   Defendants deny the allegations in this paragraph.

201.   Defendants deny the allegations in this paragraph.

202.   Defendants deny the allegations in this paragraph.

203.   Defendants admit that the letter was produced.   Defendants deny knowing the letter was false.

204.   Defendants admit that the responses were served.   Defendants deny knowing the letter was false.

205.   Defendants admit that the demand was made.   Defendants deny that it was a sham lawsuit.

206.   Defendants admit the allegations in this paragraph.

207.   Defendants admit the allegations in this paragraph.

208.   Defendants admit the allegations in this paragraph.

209.   Defendants admit the allegations in this paragraph.

210.   Defendants deny the allegations in this paragraph.

g.    Gang v. Experian

211.   Defendants admit only to that which is public record regarding the litigation of this lawsuit, but deny any and all allegations of misconduct, including that the lawsuit was a sham and/or that Defendants knowingly or intentionally participated in any improper or wrongful conduct.

212.   Defendants deny the allegations in this paragraph.

213.   Defendants lack sufficient information and belief on which to either admit or deny the allegations in this paragraph, and on this basis deny each and every allegation contained therein.

214.   Defendants deny the allegations in this paragraph.

215.   Defendants admit to the existence of the referenced documents.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

216. Defendants deny the allegations in this paragraph.

217. Defendants deny the allegations in this paragraph.

218. Defendants deny the allegations in this paragraph.

219. Defendants deny the allegations in this paragraph.

220. Defendants admit to the existence of the referenced communication and refer the Court to the document for its content.

221. Defendants admit that the letter was produced.  Defendants deny knowing the letter was false.

222. Defendants admit the allegations in this paragraph.

223. Defendants admit that the settlement check was sent.

224. Defendants deny the allegations in this paragraph.

225. Defendants lack sufficient information and belief on which to either admit or deny the allegations in this paragraph, and on this basis deny each and every allegation contained therein.

226. Defendants deny the allegations in this paragraph.

227. Defendants deny the allegations in this paragraph.

228. Defendants deny the allegations in this paragraph.

### h.   Kahen v. Experian

230. Defendants admit only to that which is public record regarding the litigation of this lawsuit, but deny any and all allegations of misconduct, including that the lawsuit was a sham and/or that Defendants knowingly or intentionally participated in any improper or wrongful conduct.

231. Defendants admit the allegations in this paragraph.

232. Defendants deny the allegations in this paragraph.

233. Defendants deny the allegations in this paragraph.

234. Defendants admit to the existence of the referenced documents.

235. Defendants lack sufficient information and belief on which to either admit or deny the allegations in this paragraph, and on this basis deny each and every

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  allegation contained therein.

2       236.   Defendants deny the allegations in this paragraph.

3       237.   Defendants deny the allegations in this paragraph.

4       238.   Defendants admit to the existence of the referenced communication and

5  refer the Court to the document for its content.

6       239.  Defendants admit that the letter was produced.   Defendants deny

7  knowing the letter was false.

8       240.   Defendants admit the allegations in this paragraph.

9       241.   Defendants deny the allegations in this paragraph.

10           i.       Adjmi v. Experian

11      242.  Defendants admit only to that which is public record regarding the

12  litigation of this lawsuit, but deny any and all allegations of misconduct, including

13  that the lawsuit was a sham and/or that Defendants knowingly or intentionally

14  participated in any improper or wrongful conduct.

15      243.   Defendants deny the allegations in this paragraph.

16      244.   Defendants lack sufficient information and belief on which to either

17  admit or deny the allegations in this paragraph, and on this basis deny each and every

18  allegation contained therein.

19      245.   Defendants deny the allegations in this paragraph.

20      246.   Defendants deny the allegations in this paragraph.

21      247.   Defendants admit to the existence of the referenced documents.

22      248.   Defendants deny the allegations in this paragraph.

23      249.   Defendants deny the allegations in this paragraph.

24      250.   Defendants deny the allegations in this paragraph.

25      251.   Defendants admit to the existence of the referenced communication and

26  refer the Court to the document for its content.

27      252.   Defendants deny the allegations in this paragraph.

28



1                          j.      Glick v. Experian

2          253.   Defendants admit only to that which is public record regarding the

3    litigation of this lawsuit, but deny any and all allegations of misconduct, including

4    that the lawsuit was a sham and/or that Defendants knowingly or intentionally

5    participated in any improper or wrongful conduct.

6          254.   Defendants deny the allegations in this paragraph.

7          255.   Defendants lack sufficient information and belief on which to either

8    admit or deny the allegations in this paragraph, and on this basis deny each and every

9    allegation contained therein.

10         256.   Defendants deny the allegations in this paragraph.

11         257.   Defendants admit to the existence of the referenced documents.

12         258.   Defendants deny the allegations in this paragraph.

13         259.   Defendants deny the allegations in this paragraph.

14         260.   Defendants deny the allegations in this paragraph.

15         261.   Defendants deny the allegations in this paragraph.

16         262.   Defendants admit that the demand was made.  Defendants deny that it

17   was a sham lawsuit.

18         263.   Defendants admit that the letter was produced.    Defendants deny

19   knowing the letter was false.

20         264.   Defendants deny the allegations in this paragraph.

21   **D.     The FRMC Scheme**

22                 **1.     Operation of the Scheme**

23         265.   Defendants deny the allegations in this paragraph.

24         266.   Defendants deny the allegations in this paragraph.

25         267.   Defendants deny the allegations in this paragraph.

26         268.   Defendants deny the allegations in this paragraph.

27         269.   Defendants deny the allegations in this paragraph.

28         270.   Defendants deny the allegations in this paragraph.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

271.   Defendants admit to the existence of the referenced e-mail and refer the Court to such document for the content stated therein.  Defendants otherwise deny the allegations of this paragraph.

272.   Defendants admit to the existence of the referenced e-mail and refer the Court to such document for the content stated therein.  Defendants otherwise deny the allegations of this paragraph.

273.   Defendants admit to the existence of the referenced document.

274.   Defendants admit the allegations in this paragraph.

275.   Defendants deny the allegations in this paragraph.

276.   Defendants deny the allegations in this paragraph.

277.   Defendants admit that Mr. Stein and Soffer were connected on LinkedIn. Defendants deny knowingly using fraudulent credit denials.  As to the remaining allegations in this paragraph, Defendants lack sufficient information and belief on which to either admit or deny the allegations and on this basis deny each and every allegation contained therein.

278.   Defendants deny the allegations in this paragraph.

279.   Defendants deny the allegations in this paragraph.

280.   Defendants admit to the existence of the referenced e-mail and refer the Court to such document for the content stated therein.  Defendants otherwise deny the allegations of this paragraph.

281.   Defendants admit to the existence of the referenced e-mail and refer the Court to such document for the content stated therein.  Defendants otherwise deny the allegations of this paragraph.

### 2.    Consciousness of Guilt and Obstruction

282.   Defendants deny the allegations in this paragraph.

283.   Defendants admit that Experian subpoenaed Soffer.  As to the remaining allegations in this paragraph, Defendants lack sufficient information and belief on which to either admit or deny the allegations and on that basis deny each and every

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

allegation contained therein.

284.    Defendants admit Soffer responded to the subpoena.  As to the remaining allegations in this paragraph, Defendants deny each and every allegation contained therein.

285.    Defendants deny the allegations in this paragraph.

286.    Defendants deny the allegations in this paragraph.

287.    Defendants deny the allegations in this paragraph.

### 3.    The Sham FRMC Lawsuits

#### a.    Amiram v. Experian

288.    Defendants deny the allegations in this paragraph.

289.    Defendants deny the allegations in this paragraph.

290.    Defendants deny the allegations in this paragraph.

291.    Defendants deny the allegations in this paragraph.

292.    Defendants deny the allegations in this paragraph.

293.    Defendants deny the allegations in this paragraph.

294.    Defendants deny the allegations in this paragraph.

295.    Defendants deny the allegations in this paragraph.

296.    Defendants admit that a demand was made.

297.    Defendants admit that a settlement agreement was entered into. Defendants deny that Experian would not have settled but for the letter.

298.    Defendants admit that the settlement check was sent.

299.    Defendants admit the allegations in this paragraph.

300.    Defendants lack sufficient information and belief on which to either admit or deny the allegations in this paragraph, and on this basis deny each and every allegation contained therein.

301.    Defendants deny the allegations in this paragraph.

#### b.    Herskowitz v. Experian

302.    Defendants deny the allegations in this paragraph.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

303. Defendants deny the allegations in this paragraph.

304. Defendants deny the allegations in this paragraph.

305. Defendants deny the allegations in this paragraph.

306. Defendants deny the allegations in this paragraph.

307. Defendants deny the allegations in this paragraph.

308. Defendants deny the allegations in this paragraph.

309. Defendants deny the allegations in this paragraph.

310. Defendants admit that a settlement agreement was entered into. Defendants deny that Experian would not have settled but for the letter.

311. Defendants admit that the check was received.

312. Defendants admit the allegations in this paragraph.

313. Defendants lack sufficient information and belief on which to either admit or deny the allegations and on that basis deny each and every allegation contained therein.

314. Defendants deny the allegations in this paragraph.

c.    Vargas v. Experian

315. Defendants deny the allegations in this paragraph.

316. Defendants deny the allegations in this paragraph.

317. Defendants deny the allegations in this paragraph.

318. Defendants deny the allegations in this paragraph.

319. Defendants deny the allegations in this paragraph.

320. Defendants deny the allegations in this paragraph.

321. Defendants deny the allegations in this paragraph.

322. Defendants deny the allegations in this paragraph.

323. Defendants deny the allegations in this paragraph.

324. Defendants admit that a settlement agreement was entered into. Defendants deny that Experian would not have settled but for the letter.

325. Defendants admit that the check was received.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    326.   Defendants admit the allegations in this paragraph.

2    327.   Defendants lack sufficient information and belief on which to either

3    admit or deny the allegations in this paragraph, and on this basis deny each and every

4    allegation contained therein.

5    328.   Defendants deny the allegations in this paragraph.

6              d.    Mendlowitz v. Experian

7    329.   Defendants deny the allegations in this paragraph.

8    330.   Defendants deny the allegations in this paragraph.

9    331.   Defendants deny the allegations in this paragraph.

10   332.   Defendants deny the allegations in this paragraph.

11   333.   Defendants deny the allegations in this paragraph.

12   334.   Defendants deny the allegations in this paragraph.

13   335.   Defendants deny the allegations in this paragraph.

14   336.   Defendants deny the allegations in this paragraph.

15   337.   Defendants admit that a settlement agreement was entered into.

16   Defendants deny that Experian would not have settled but for the letter.

17   338.   Defendants admit that the checks were received.

18   339.   Defendants admit the allegations in this paragraph.

19   340.   Defendants lack sufficient information and belief on which to either

20   admit or deny the allegations in this paragraph, and on this basis deny each and every

21   allegation contained therein.

22   341.   Defendants deny the allegations in this paragraph.

23              e.    Zokari v. Experian

24   342.   Defendants deny the allegations in this paragraph.

25   343.   Defendants deny the allegations in this paragraph.

26   344.   Defendants deny the allegations in this paragraph.

27   345.   Defendants deny the allegations in this paragraph.

28   346.   Defendants deny the allegations in this paragraph.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

347.   Defendants deny the allegations in this paragraph.

348.   Defendants deny the allegations in this paragraph.

349.   Defendants deny the allegations in this paragraph.

350.   Defendants admit that a settlement was entered into.  Defendants deny that Experian would not have entered into a settlement but for the letter.

351.   Defendants admit receiving the checks.

352.   Defendants admit the allegations in this paragraph.

353.   Defendants lack sufficient information and belief on which to either admit or deny the allegations in this paragraph, and on this basis deny each and every allegation contained therein.

354.   Defendants deny the allegations in this paragraph.

f.    <u>Small v. Experian</u>

355.   Defendants deny the allegations in this paragraph.

356.   Defendants deny the allegations in this paragraph.

357.   Defendants deny the allegations in this paragraph.

358.   Defendants deny the allegations in this paragraph.

359.   Defendants deny the allegations in this paragraph.

360.   Defendants deny the allegations in this paragraph.

361.   Defendants deny the allegations in this paragraph.

362.   Defendants deny the allegations in this paragraph.

363.   Defendants admit that a settlement was entered into.  Defendants deny that Experian would not have entered into a settlement but for the letter.

364.   Defendants admit receiving the checks.

365.   Defendants admit the allegations in this paragraph.

366.   Defendants lack sufficient information and belief on which to either admit or deny the allegations in this paragraph, and on this basis deny each and every allegation contained therein.

367.   Defendants deny the allegations in this paragraph.


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1             g.     <u>Greenblatt v. Experian</u>

2     368.   Defendants deny the allegations in this paragraph.

3     369.   Defendants deny the allegations in this paragraph.

4     370.   Defendants deny the allegations in this paragraph.

5     371.   Defendants deny the allegations in this paragraph.

6     372.   Defendants deny the allegations in this paragraph.

7     373.   Defendants deny the allegations in this paragraph.

8     374.   Defendants deny the allegations in this paragraph.

9     375.   Defendants deny the allegations in this paragraph.

10     376.   Defendants admit that a settlement was entered into. Defendants deny

11 that Experian would not have entered into a settlement but for the letter.

12     377.   Defendants deny the allegations in this paragraph.

13             h.     <u>Dorray v. Experian</u>

14     378.   Defendants deny the allegations in this paragraph.

15     379.   Defendants deny the allegations in this paragraph.

16     380.   Defendants deny the allegations in this paragraph.

17     381.   Defendants deny the allegations in this paragraph.

18     382.   Defendants deny the allegations in this paragraph.

19     383.   Defendants deny the allegations in this paragraph.

20     384.   Defendants deny the allegations in this paragraph.

21     385.   Defendants deny the allegations in this paragraph.

22     386.   Defendants deny the allegations in this paragraph.

23             i.     <u>Woods Johnson v. Experian</u>

24     387.   Defendants deny the allegations in this paragraph.

25     388.   Defendants deny the allegations in this paragraph.

26     389.   Defendants deny the allegations in this paragraph.

27     390.   Defendants deny the allegations in this paragraph.

28     391.   Defendants deny the allegations in this paragraph.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Case No. 8:24-cv-01186-FWS-JDE
STEIN SAKS DEFENDANTS' ANSWER TO FACT

392.  Defendants deny the allegations in this paragraph.

393.  Defendants deny the allegations in this paragraph.

394.  Defendants deny the allegations in this paragraph.

395.  Defendants deny the allegations in this paragraph.

### j.      Malichi v. Experian

396.  Defendants deny the allegations in this paragraph.

397.  Defendants deny the allegations in this paragraph.

398.  Defendants deny the allegations in this paragraph.

399.  Defendants deny the allegations in this paragraph.

400.  Defendants deny the allegations in this paragraph.

401.  Defendants deny the allegations in this paragraph.

402.  Defendants deny the allegations in this paragraph.

403.  Defendants deny the allegations in this paragraph.

404.  Defendants deny the allegations in this paragraph.

### k.      Silber v. Experian

405.  Defendants deny the allegations in this paragraph.

406.  Defendants deny the allegations in this paragraph.

407.  Defendants deny the allegations in this paragraph.

408.  Defendants deny the allegations in this paragraph.

409.  Defendants deny the allegations in this paragraph.

410.  Defendants deny the allegations in this paragraph.

411.  Defendants deny the allegations in this paragraph.

412.  Defendants deny the allegations in this paragraph.

413.  Defendants deny the allegations in this paragraph.

**E.      Additional Evidence of Fraud**

414.  Defendants deny the allegations in this paragraph.

415.  Defendants deny the allegations in this paragraph.

416.  Defendants deny the allegations in this paragraph.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

417.   Defendants deny the allegations in this paragraph.

418.   Defendants deny the allegations in this paragraph.

419.   Defendants deny the allegations in this paragraph.

## **FIRST CLAIM FOR RELIEF**

### **Violation of 18 U.S.C. § 1962(c)**

### **Association In Fact Enterprise**

### **(Against All Defendants)**

420.    Defendants incorporate herein by reference each and every paragraph of this answer as if set forth in full.

421.   This paragraph contains legal conclusions and conclusory assertions which do not appear to call for a response.

422.   This paragraph contains legal conclusions and conclusory assertions which do not appear to call for a response.

## **The RICO Enterprise**

423.   Defendants deny the allegations in this paragraph.

424.   Defendants deny the allegations in this paragraph.

425.   Defendants deny the allegations in this paragraph.

426.   Defendants deny the allegations in this paragraph.

427.   Defendants deny the allegations in this paragraph.

428.   Defendants deny the allegations in this paragraph.

## **Pattern of Racketeering Activity**

429.   Defendants deny the allegations in this paragraph.

430.   Defendants deny the allegations in this paragraph.

431.   Defendants deny the allegations in this paragraph.

432.   Defendants deny the allegations in this paragraph.

433.   Defendants deny the allegations in this paragraph.

434.   Defendants deny the allegations in this paragraph.

435.   Defendants deny the allegations in this paragraph.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

436. Defendants deny the allegations in this paragraph.

437. Defendants deny the allegations in this paragraph.

**Mail and Wire Fraud (18 U.S.C. §§ 1341, 1343)**

438. This paragraph contains legal conclusions and conclusory assertions which do not appear to call for a response.

439. This paragraph contains legal conclusions and conclusory assertions which do not appear to call for a response.

440. This paragraph contains legal conclusions and conclusory assertions which do not appear to call for a response.

441. This paragraph contains legal conclusions and conclusory assertions which do not appear to call for a response.

442. This paragraph contains legal conclusions and conclusory assertions which do not appear to call for a response.

443. This paragraph contains legal conclusions and conclusory assertions which do not appear to call for a response.

444. This paragraph contains legal conclusions and conclusory assertions which do not appear to call for a response.

445. Defendants deny the allegations in this paragraph.

446. Defendants deny the allegations in this paragraph.

447. Defendants deny the allegations in this paragraph.

**Extortion (18 U.S.C. § 1951)**

448. This paragraph contains legal conclusions and conclusory assertions which do not appear to call for a response.

449. This paragraph contains legal conclusions and conclusory assertions which do not appear to call for a response.

450. Defendants deny the allegations in this paragraph.

451. Defendants deny the allegations in this paragraph.

452. Defendants deny the allegations in this paragraph.

453.    Defendants deny the allegations in this paragraph.

454.    Defendants deny the allegations in this paragraph.

**Obstruction of Justice (18 U.S.C. §§ 1503, 1512(c))**

455.    This paragraph contains legal conclusions and conclusory assertions which do not appear to call for a response.

456.    This paragraph contains legal conclusions and conclusory assertions which do not appear to call for a response.

457.    Defendants deny the allegations in this paragraph.

458.    Defendants deny the allegations in this paragraph.

459.    This paragraph contains legal conclusions and conclusory assertions which do not appear to call for a response.

460.    Defendants deny the allegations in this paragraph.

461.    Defendants deny the allegations in this paragraph.

462.    Defendants deny the allegations in this paragraph.

**Witness Tampering (18 U.S.C. § 1512(b))**

463.    This paragraph contains legal conclusions and conclusory assertions which do not appear to call for a response.

464.    This paragraph contains legal conclusions and conclusory assertions which do not appear to call for a response.

465.    This paragraph contains legal conclusions and conclusory assertions which do not appear to call for a response.

466.    This paragraph contains legal conclusions and conclusory assertions which do not appear to call for a response.

467.    This paragraph contains legal conclusions and conclusory assertions which do not appear to call for a response.

468.    Defendants deny the allegations in this paragraph.

**Money Laundering (18 U.S.C. §§ 1956, 1957)**

469.    This paragraph contains legal conclusions and conclusory assertions

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  which do not appear to call for a response.

2      470.   Defendants deny the allegations in this paragraph.

3      471.   Defendants deny the allegations in this paragraph.

4      472.   Defendants deny the allegations in this paragraph.

5      473.   Defendants deny the allegations in this paragraph.

6  **Specific Predicate Acts for Each Defendant**

7      474.   Defendants admit that Mr. Stein, Mr. Saks, Mr. Saland, and Mr. Babad
8  acted as authorized agents of Stein Saks.   As to the remaining allegations, this
9  paragraph contains legal conclusions and conclusory assertions which do not appear
10  to call for a response.

11     475.   Defendants deny the allegations in this paragraph.

12     476.   Defendants deny the allegations in this paragraph.

13              **SECOND CLAIM FOR RELIEF**

14            **Violation of 18 U.S.C. § 1962(d)**

15                    **Conspiracy**

16              **(Against All Defendants)**

17     477.   Defendants incorporate herein by reference each and every paragraph
18  of this answer as if set forth in full.

19     478.   This paragraph contains legal conclusions and conclusory assertions
20  which do not appear to call for a response.

21     479.  Defendants admit the allegations contained in this paragraph.

22     480.  Defendants deny the allegations in this paragraph.

23     481.  Defendants deny the allegations in this paragraph.

24     482.  Defendants deny the allegations in this paragraph.

25     483.  Defendants deny the allegations in this paragraph.

26     484.  Defendants deny the allegations in this paragraph.

27     485.  Defendants deny the allegations in this paragraph.

28     486.  Defendants deny the allegations in this paragraph.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

487.   Defendants deny the allegations in this paragraph.

488.   Defendants deny the allegations in this paragraph.

489.   Defendants deny the allegations in this paragraph.

## **THIRD CLAIM FOR RELIEF**

### **California Business and Professions Code §§ 17200, et seq.**

### **California State Unfair Competition**

### **(Against All Defendants)**

490.   Defendants incorporate herein by reference each and every paragraph of this answer as if set forth in full.

491.   Defendants deny the allegations in this paragraph.

492.   Defendants deny the allegations in this paragraph.

493.   This paragraph contains legal conclusions and conclusory assertions which do not appear to call for a response.

494.   Defendants deny the allegations in this paragraph.

495.   Defendants deny the allegations in this paragraph.

496.   Defendants deny the allegations in this paragraph.

497.   Defendants deny the allegations in this paragraph.

498.   Defendants deny the allegations in this paragraph.

499.   Defendants deny the allegations in this paragraph.

500.   Defendants deny the allegations in this paragraph.

501.   Defendants deny the allegations in this paragraph.

### **DEMAND FOR JURY TRIAL**

502.   Defendants demand a jury trial on all issues triable of right by jury.

### **PRAYER FOR RELIEF**

Defendants deny that Plaintiff is entitled to any relief at all as against them.

503.   Defendants deny that Plaintiff is entitled to any relief at all as against them.

504.   Defendants deny that Plaintiff is entitled to any relief at all as against


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  them.

2      505.   Defendants deny that Plaintiff is entitled to any relief at all as against
3  them.

4      506.   Defendants deny that Plaintiff is entitled to any relief at all as against
5  them.

6      507.   Defendants deny that Plaintiff is entitled to any relief at all as against
7  them.

8      508.   Defendants deny that Plaintiff is entitled to any relief at all as against
9  them.

10     509.   Defendants deny that Plaintiff is entitled to any relief at all as against
11 them.

12     510.   Defendants deny that Plaintiff is entitled to any relief at all as against
13 them.

14     511.   Defendants deny that Plaintiff is entitled to any relief at all as against
15 them.

16     512.   Defendants deny that Plaintiff is entitled to any relief at all as against
17 them.

18

19                          **AFFIRMATIVE DEFENSES**

20                       **FIRST AFFIRMATIVE DEFENSE**

21     1.    Defendants are informed and believe and thereon allege that the
22 Complaint is barred by the doctrine of unclean hands as Plaintiff violated the FCRA
23 in each of the lawsuits Stein Saks filed against Plaintiff

24

25                     **SECOND AFFIRMATIVE DEFENSE**

26     2.    Defendants allege that Plaintiff's claims implicate confidential
27 communications between Defendants and their clients, and that Defendants' inability
28 to disclose those communications, by virtue of the attorney-client privilege, materially

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

and impermissibly hinders Defendants' ability to mount a defense.  Defendants further allege that Plaintiff's claims are subject to the privileges codified in Cal. Civ. Code § 47 and/or the *Noerr-Pennington* Doctrine.

### THIRD AFFIRMATIVE DEFENSE

3.    As a separate, affirmative defense, Defendants allege that Plaintiff's conduct, including Plaintiff's continuing to settle matters based on the allegedly fraudulent letters after filing the present lawsuit, equitably estops Plaintiff from obtaining any relief herein and/or constitutes a waiver of rights.

### FOURTH AFFIRMATIVE DEFENSE

4.    As a separate, affirmative defense, Defendants allege that Plaintiff has failed to join an indispensable party, Yenon Argy, in this action.

### FIFTH AFFIRMATIVE DEFENSE

5.    As a separate, affirmative defense, Defendants allege that third-party criminal conduct acted as a superseding, intervening cause of Plaintiff's alleged injuries in this action.  Alternatively, damages must be apportioned to account based upon the contribution of nonparty tortfeasors.

### SIXTH AFFIRMATIVE DEFENSE

6.    As a separate, affirmative defense, Defendants allege Plaintiff lacks standing to bring its claims.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray for an award as follows:

1.    That Plaintiff take nothing by reason of the First Amended Complaint on file herein;

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1        2.     That Judgment be entered in favor of Defendants and that Plaintiff's First

2    Amended Complaint be dismissed, with prejudice;

3        3.     That Defendants be awarded all of their recoverable costs and attorney

4    fees incurred herein in defense of Plaintiff's First Amended Complaint; and

5        4.     For such other and further relief as the Court may deem just.

6

7    DATED:  May 30, 2025           LEWIS BRISBOIS BISGAARD & SMITH LLP

8

9

10                       By:       /s/ David D. Samani

11                           DAVID D. SAMANI
                             Attorneys for Defendants STEIN SAKS,

12                           PLLC, JUDAH STEIN, YAAKOV SAKS,
                             TAMIR SALAND, and ELIYAHU

13                           BABAD

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW