RICHARD J. GRABOWSKI (SBN 125666)
*rgrabowski@goodwinlaw.com*
JOHN A. VOGT (SBN 198677)
*javogt@goodwinlaw.com*
RYAN D. BALL (SBN 321772)
*rball@goodwinlaw.com*
CHERYL L. O'CONNOR (SBN 173897)
*cheryloconnor@goodwinlaw.com*
TJ HERRON (SBN 331728)
*therron@goodwinlaw.com*
**GOODWIN PROCTER LLP**
660 Newport Center Drive,
Suite 450
Newport Beach, CA 92660
Tel. +1 949 743 3400
Fax: +1 949 743 3485

JOHN P. LOSCHEIDER (*pro hac vice*)
*jloscheider@goodwinlaw.com*
**GOODWIN PROCTER LLP**
1900 N Street, NW
Washington, DC 20036
Telephone: +1.771.200.2112
Facsimile: + 1.202.346.4444
Admitted only in MN; work supervised by D.C.-admitted attorneys in the firm

Attorneys for Plaintiff
EXPERIAN INFORMATION SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| EXPERIAN INFORMATION SOLUTIONS, INC., an Ohio Corporation,<br><br>Plaintiff,<br><br>v.<br><br>STEIN SAKS, PLLC, a New York company; JUDAH STEIN, a New Jersey resident; YAAKOV SAKS, a Florida resident, TAMIR SALAND, | Case No. 8:24-cv-1186-FWS-JDE<br><br>**[DISCOVERY MATTER]**<br><br>**PLAINTIFF EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM DEFENDANTS STEIN SAKS, PLLC, JUDAH STEIN, YAAKOV SAKS,** |

| | |
|---|---|
| a New York resident, ELIYAHU BABAD, a New Jersey resident, ZEIG LAW FIRM, LLC, a Florida company, JUSTIN ZEIG, a Florida resident, CHESKY MONK, a New Jersey resident, DANIEL J. SOFFER, a New Jersey resident, and DOE DEFENDANTS 1-10,<br><br>Defendants. | **ELIYAHU BABAD, AND TAMIR SALAND PURSUANT TO L.R. 37-2.4**<br><br>Ctrm.: 6-A<br>Magistrate: Hon. John D. Early<br>411 West 4th Street<br>Santa Ana, CA 92701<br><br>Hearing Date/Time: October 1, 2026<br>Discovery Cutoff Date: December 22, 2026<br>Pretrial Conference Date: June 10, 2027<br>Trial Date: July 20, 2027 |

# TABLE OF CONTENTS


I. INTRODUCTORY STATEMENT ........ 1
II. DISCOVERY IN DISPUTE ........ 3
III. BACKGROUND ........ 51
IV. ARGUMENT ........ 55
A. Defendants Refuse To Produce Documents They Have Agreed To Produce ........ 56
B. Defendants' Boilerplate Objections And Failures to Respond Are Improper ........ 60
C. Defendants' Assertions That Certain Documents Are "Not Believed to Exist" Or "Never Existed" Were Not the Product of a Principled Search ........ 68
D. Tamir Saland's Individual Disclaimers as to Request Nos. 6, 13-14, 17, 29, and 33 ........ 71
E. Experian Is Entitled To Relief Under Fed. R. Civ. P. 37 ........ 72
V. CONCLUSION ........ 73

Pursuant to Local Rule 37-2.4, Plaintiff Experian Information Solutions, Inc. ("Experian") moves the Court for an order compelling the production of documents for an order compelling the production of documents responsive to Experian's First Requests for Production of Documents ("Requests") 1-41 on Defendant Stein Saks, PLLC and Requests 1-39 served on the Individual Defendants Judah Stein, Yaakov Saks, Tamir Saland, and Eliyahu Babad (collectively, "Defendants").

This Motion is necessary pursuant to Local Rule 37-2.4 in lieu of a Joint Stipulation format under Local Rule 37-2.1 because Defendants "failed to provide [their] portion of the joint stipulation in a timely manner under L.R. 37-2.2." *See* Declaration of TJ Herron in Support of Motion to Compel ("Herron Decl.") ¶ 42; **Exhibit W**.[1]

## I. INTRODUCTORY STATEMENT

After more than two years since this litigation started, Defendant Stein Saks, PLLC and Individual Defendants Judah Stein, Yaakov Saks, Tamir Saland, and Eliyahu Babad have collectively produced one document. Promise after promise to supplement has been made and broken. It is now clear that Defendants will not comply with their discovery obligations without Court intervention. As a result, Experian now seeks a compulsion order and sanctions against Defendants pursuant to Fed. R. Civ. P. 37.

The Amended Complaint alleges that Stein Saks, PLLC and four of its attorneys (Judah Stein, Yaakov Saks, Tamir Saland, and Eliyahu Babad) operated as the engine of a RICO enterprise that fabricated evidence and filed sham FCRA lawsuits against Experian, routing settlement proceeds to unlicensed credit repair

[1] As is required for joint stipulations prepared pursuant to Local Rule 37-2.1, Experian includes herein each Request in dispute, "verbatim," along with Defendants "insufficient answer[s]" for the Court's review, which results in this submission exceeding 7,000 words. *See* Local Rule 11-6.1. However, Experian understands that any "motions brought pursuant to Rules 26 through 37—as is this Motion—are discovery motions" pursuant to Local Rule 37 such that Local Rule 11-6 does not apply. *See RG Abrams Ins. v. Law Offices of C.R. Abrams*, 342 F.R.D. 461, 486 (C.D. Cal. 2022) ("disregard[ing]" argument that plaintiff's discovery motion violated Local Rule 11-6). The plain text of Local Rule 37-2.4 does not incorporate Local Rule 11-6 either. Experian is not currently aware of authority holding otherwise, but if this Court requires it, Experian is willing to re-format this Motion to conform with Local Rule 11-6.

operators and mortgage entities in exchange for a steady stream of recruited clients. *See* Dkt. 91 ¶¶ 1-7. The documents Experian seeks go to the core of those allegations: who referred clients to the firm, through what channels, on what terms, and how the money flowed out. But after fourteen months of requests, multiple conferrals, letters, promises, and court filings, Defendants have produced an insurance policy and nothing else.

The record reflects a strategy of evasion. Experian first served Defendants with its Requests for Production on June 10, 2025. *See* Herron Decl. ¶¶ 2-7; **Exhibits A-E**. Between July 24, 2025 and March 9, 2026, Defendants agreed in writing to produce across dozens of Requests, then produced nothing except for their insurance policy. *See* Herron Decl. ¶¶ 9-16, 22-28; **Exhibits F-J, M-Q**. They also committed in late September 2025 to begin producing documents within weeks. *Id.* ¶ 19. They told this Court in April 2026 that "[a]ll Parties are actively conducting document review" (*see* Dkt. 162 at 6) and revealed three weeks later that they had not yet engaged a vendor. *See* Herron Decl. ¶¶ 32, 35; **Exhibit T**. They ignored Experian's second Rule 37-1 letter for ten days and responded only after the conferral window had expired. *See id.* ¶¶ 39-41; **Exhibits U-V**. Meanwhile, Experian produced 33,175 documents. *Id.* ¶¶ 30, 38. Even the other defendants in this case have made at least one substantive production. *Id.* ¶ 39.

Three independent grounds warrant relief. First, Defendants made express written commitments to produce across as many as twenty-four Requests per Defendant and have honored none of them. Second, for other Requests (including those targeting referral source identities, trust account records, fee-sharing arrangements, and settlement disbursements to non-attorneys) Defendants served word-for-word identical boilerplate objections across all five Defendants, without explanation, without a privilege log, and without identifying a single withheld document. Those objections are both procedurally defective and substantively wrong: the targeted records are not privileged, and Defendants' own sworn

declarations in prior litigation effectively confirm that such records should exist. Third, for another subset of Requests, Defendants disclaim that responsive documents exist at all, which representations were made before the parties even finalized ESI search terms, and that Defendants have never supported with any account of what was searched, where, or by whom.

Expert disclosures are due on September 15, 2026. Depositions cannot meaningfully proceed on a one-sided record. The Joint Stipulation extending the discovery deadlines explicitly warned that proceeding without a complete documentary record "would deprive Experian of the discovery it needs" and "cascad[e] across every remaining phase of this litigation." Dkt. 162 at 8. Defendants signed that stipulation. The Court should hold them to it.

Experian respectfully requests that the Court: (1) compel immediate production of all documents responsive to the Requests for which Defendants made express production commitments without qualification; (2) overrule Defendants' boilerplate objections and order production of all documents responsive to the objection-only Requests; (3) require Defendants to serve supplemental responses to the "not believed to exist" Requests with a documented account of the search conducted; and (4) award Experian its reasonable attorneys' fees and costs for bringing this Motion, together with any additional relief the Court deems just and proper.

## II. DISCOVERY IN DISPUTE[2]

### A. EXPERIAN REQUEST NO. 1:

**6/10/2025 REQUEST FOR PRODUCTION NO. 1: (SAME AS TO ALL DEFENDANTS)**

All DOCUMENTS and COMMUNICATIONS IDENTIFIED in YOUR responses to Experian's First Set of Interrogatories propounded to YOU, served contemporaneously herewith.

---

[2] Due to the volume of disputed Requests and responses, Experian has consolidated herein the disputed Requests, responses, and supplemental responses that are identical or substantially similar across multiple Defendants. *See* Herron Decl., ¶¶ 3-7, 10-14, 23-27; **Exhibits A-J, M-Q**.

**<u>7/24/2025 RESPONSE TO REQUEST FOR PRODUCTION NO. 21</u>: (SAME FROM ALL DEFENDANTS)**

Responding Party will produce all non-privileged responsive documents in Responding Party's possession, custody, and control.

**B. EXPERIAN REQUEST NO. 2:**

**<u>6/10/2025 REQUEST FOR PRODUCTION NO. 2</u>: (SAME AS TO ALL DEFENDANTS)**

All oral or written statements taken by YOU or on YOUR behalf from any PERSON relating to the claims alleged in the COMPLAINT.

**<u>7/24/2025 RESPONSE TO REQUEST FOR PRODUCTION NO. 2</u>: (SAME FROM ALL DEFENDANTS)**

Objection. This request is vague and ambiguous, requiring Responding Party to speculate as to what documents are sought. Responding Party further objects to this request on the grounds that it is overbroad as to time and scope and seeks information not relevant to any party's claim or defense nor proportional to the needs of the case within the meaning of revised Federal Rule of Civil Procedure Rule 26(b)(1). Moreover, this request may seek documents that violate attorney client and/or work product privilege.

Without waiving said objections, Responding Party answers as follows: As Responding Party has not obtained any written or oral statements in this litigation, Responding Party has no responsive documents.

**<u>3/9/2026 SUPPLEMENTAL RESPONSE TO REQUEST NO. 22</u>: (SAME FROM ALL DEFENDANTS)**

Without waiving the above, previously stated, objections, Responding Party answers as follows:

Responding party shall comply with this request by producing all non-privileged documents for the period January 1, 2018, to the present, that are responsive to this request and which are related to the specific individuals (Defendant Yenon Argy, Defendant Justin Zeig, Defendant Chesky Monk, Defendant Daniel J.

Soffer) and specific cases (Adjmi v. Experian Info. Sols. Inc. et al., 3:23-cv-20736; Amiram v. Transunion, LLC, et al., 2:22-cv-07018; Butnick v. Experian Info. Sols., Inc., 20-CV-1631; Dorray v. Equifax Info. Servs., LLC, 8:23-cv-02224; Gang vs. Equifax Information Services, LLC, et al., 2:23-cv03834; Glick vs. Experian Info. sols., Inc, 3:23-cv-4335; Greenblatt v. TransUnion, LLC, 2:23-cv-06943; Hano vs. Equifax Information Services, LLC, et al., 2:23-cv-02273; Herskowitz v. TransUnion, LLC, 2:22- cv-07151; Johnson v. TransUnion, LLC, 1:23-cv-21404; Kahen vs. Equifax Information Services, LLC, et al., 2:23-cv-08106; Kanelsky vs. Experian Info. Sols., Inc., et al., 2:23-cv-02524; Kaufman v. Equifax Info. Servs., LLC, 18-cv -7420; King vs. TransUnion, LLC, et al., 3:23-cv-1799; Malichi v. Equifax Info. Servs., LLC, 1:23-cv-08628; Mendlowitz v. TransUnion, LLC, 2:23-cv-01408; Mizrahi vs. Equifax Information Services, LLC, et al., No. 2:23-cv-4570; Nachison v. Equifax, No. 22-cv-02833; Ostreicher v. Chase Bank USA, N.A., 19-CV-8175; Silber v. Transunion, LLC, 2:23-cv-03927; Small v. TransUnion, LLC, 2:23-cv-02782; Sofer vs. Transunion, LLC, et al., 1:23-cv-4844; Vargas, Aquilas 1:23-cv-01325; Zokari v. Equifax Info. Servs., LLC, 1:23-cv-03702) identified in Plaintiff's Amended Complaint. Discovery is ongoing.

### C. EXPERIAN REQUEST NO. 3:

**<u>6/10/2025 Request for Production No. 3</u> (to Stein Saks, PLLC)**

All DOCUMENTS and COMMUNICATIONS sufficient to IDENTIFY each and every REFERRAL SOURCE for YOUR actual or prospective clients in any civil action, arbitration, or other legal proceeding.

**<u>6/10/2025 Request for Production No. 3</u> (to Judah Stein, Yaakov Saks, Eliyahu Babad, Tamir Saland)**

For each and every medium of communication (including but not limited to messaging applications, social media platforms, or encrypted communication services) IDENTIFIED in response to Interrogatory No. 3, all DOCUMENTS RELATED TO the retention, deletion, or archiving settings, protocols, or capabilities

applicable to that medium, including default settings, individual settings or preferences applied to control message or content retention or deletion, any changes made to such settings or policies during the relevant time period, including the dates, reasons for, and PERSONS involved in making such changes.

**<u>7/24/2025 Response to Request for Production No. 3</u>: (same from all Defendants)**

Objection. Responding Party objects to this request on the grounds that it is overbroad as to time and scope and seeks information not relevant to any party's claim or defense nor proportional to the needs of the case within the meaning of revised Federal Rule of Civil Procedure Rule 26(b)(1). Responding Party further objects to this request on the grounds that it seeks information protected by constitutional privacy rights. Further, the request is overbroad, vague, ambiguous and unintelligible. In addition, the request is compound.

*[<u>NOTE</u>: Stein Saks PLLC's response here on July 24, 2025, see **<u>Exhibit F</u>**, is keyed to Request No. 3 served on the Individual Defendants, see **<u>Exhibits B-E</u>**, and does not respond to Request No. 3 served on Stein Saks, PLLC. See **<u>Exhibit A</u>**.]*

**D. EXPERIAN REQUEST NO. 4:**

**<u>6/10/2025 Request for Production No. 4</u> (to Stein Saks, PLLC)**

All DOCUMENTS and COMMUNICATIONS RELATED TO YOUR processes, procedures, or protocols for referring, intaking, or engaging YOUR actual or prospective clients in any civil action, arbitration, or other legal proceeding.

**<u>6/10/2025 Request for Production No. 4</u> (to Judah Stein, Yaakov Saks, Eliyahu Babad, Tamir Saland)**

All DOCUMENTS or COMMUNICATIONS sufficient to show every email address, telephone number (including mobile, landline, and VoIP numbers), screen name, username, handle, mailing address, or other medium of communication (including but not limited to email, SMS/text messaging, online applications, social media platforms, and encrypted or ephemeral communication services) of any

REFERRAL SOURCE or their respective agents with whom YOU COMMUNICATED, including any CO-DEFENDANT, MORTGAGE ENTITY, CREDIT REPAIR ORGANIZATION, YENON ARGY, or CAROL FRANZ, in RELATION TO litigation against any credit bureau (including, but not limited to, EXPERIAN LITIGATION).

**7/24/2025 RESPONSE TO REQUEST FOR PRODUCTION NO. 4: (SAME FROM ALL DEFENDANTS)**

Objection. Responding Party objects to this request on the grounds that it is overbroad as to time and scope and seeks information not relevant to any party's claim or defense nor proportional to the needs of the case within the meaning of revised Federal Rule of Civil Procedure Rule 26(b)(1). Responding Party further objects to this request on the grounds that it seeks information protected by constitutional privacy rights. Further, the request is overbroad, vague, ambiguous and unintelligible. In addition, the request is compound.

*[NOTE: Stein Saks PLLC's response here on July 24, 2025, see **Exhibit F**, is keyed to Request No. 4 served on the Individual Defendants, see **Exhibits B-E**, and does not respond to Request No. 4 served on Stein Saks, PLLC. See **Exhibit A**.]*

**3/9/2026 SUPPLEMENTAL RESPONSE TO REQUEST NO. 4: (FROM STEIN SAKS, PLLC ONLY)**

Without waiving the above, previously stated, objections, Responding Party answers as follows: Responding Party shall comply with this request by producing all non-privileged documents that are responsive to this request and which are related to the specific individuals (Defendant Yenon Argy, Defendant Justin Zeig, Defendant Chesky Monk, Defendant Daniel J. Soffer) identified in the operative first amended complaint.

*[NOTE: Stein Saks PLLC's supplemental response here on March 9, 2026, see **Exhibit M**, is keyed to Request No. 4 served on the Individual Defendants, see **Exhibits B-E**, and does not provide a supplemental response to Request No. 4 served*

*on Stein Saks, PLLC. See **Exhibit A**.]*

**E. EXPERIAN REQUEST NO. 5:**

**6/10/2025 REQUEST FOR PRODUCTION NO. 5 (SAME AS TO ALL DEFENDANTS)**

All COMMUNICATIONS between YOU and any REFERRAL SOURCE RELATED TO the contact, recruitment, or solicitation of potential clients to serve as plaintiffs in litigation against EXPERIAN.

**7/24/2025 RESPONSE TO REQUEST FOR PRODUCTION NO. 5: (SAME FROM ALL DEFENDANTS)**

Objection. Responding Party objects to this request on the grounds that it is overbroad as to time and scope and seeks information not relevant to any party's claim or defense nor proportional to the needs of the case within the meaning of revised Federal Rule of Civil Procedure Rule 26(b)(1). Also, Responding party objects to this request on the grounds that it seeks information protected from disclosure by attorney client privilege. Responding Party further objects to this request on the grounds that it seeks information protected by constitutional privacy rights.

**3/9/2026 SUPPLEMENTAL RESPONSE TO REQUEST NO. 5: (SAME FROM ALL DEFENDANTS)**

Without waiving the above, previously stated, objections, Responding Party answers as follows:

Responding Party shall comply with this request by producing all non-privileged documents for the period January 1, 2018, to the present, that are responsive to this request and which are related to the specific individuals (Defendant Yenon Argy, Defendant Justin Zeig, Defendant Chesky Monk, Defendant Daniel J. Soffer) and specific cases (Adjmi v. Experian Info. Sols. Inc. et al., 3:23-cv-20736; Amiram v. Transunion, LLC, et al., 2:22-cv-07018; Butnick v. Experian Info. Sols., Inc., 20-CV-1631; Dorray v. Equifax Info. Servs., LLC, 8:23-cv-02224; Gang vs. Equifax Information Services, LLC, et al., 2:23-cv03834; Glick vs. Experian Info.

sols., Inc, 3:23-cv-4335; Greenblatt v. TransUnion, LLC, 2:23-cv-06943; Hano vs. Equifax Information Services, LLC, et al., 2:23-cv-02273; Herskowitz v. TransUnion, LLC, 2:22- cv-07151; Johnson v. TransUnion, LLC, 1:23-cv-21404; Kahen vs. Equifax Information Services, LLC, et al., 2:23-cv-08106; Kanelsky vs. Experian Info. Sols., Inc., et al., 2:23-cv-02524; Kaufman v. Equifax Info. Servs., LLC, 18-cv -7420; King vs. TransUnion, LLC, et al., 3:23-cv-1799; Malichi v. Equifax Info. Servs., LLC, 1:23-cv-08628; Mendlowitz v. TransUnion, LLC, 2:23-cv-01408; Mizrahi vs. Equifax Information Services, LLC, et al., No. 2:23-cv-4570; Nachison v. Equifax, No. 22-cv-02833; Ostreicher v. Chase Bank USA, N.A., 19-CV-8175; Silber v. Transunion, LLC, 2:23-cv-03927; Small v. TransUnion, LLC, 2:23-cv-02782; Sofer vs. Transunion, LLC, et al., 1:23-cv-4844; Vargas, Aquilas 1:23-cv-01325; Zokari v. Equifax Info. Servs., LLC, 1:23-cv-03702) identified in Plaintiff's Amended Complaint. Discovery is ongoing.

**F. EXPERIAN REQUEST NO. 6:**

**6/10/2025 REQUEST FOR PRODUCTION NO. 6: (TO STEIN SAKS, PLLC)**

All policies, procedures, or guidelines implemented by YOU regarding the retention, preservation, or destruction of DOCUMENTS RELATED TO EXPERIAN LITIGATION or litigation against or any other credit bureau.

**6/10/2025 REQUEST FOR PRODUCTION NO. 6: (TO JUDAH STEIN, YAAKOV SAKS, ELIYAHU BABAD, TAMIR SALAND)**

All policies, procedures, or guidelines implemented by YOU or STEIN SAKS regarding the retention, preservation, or destruction of DOCUMENTS RELATED TO EXPERIAN LITIGATION or litigation against or any other credit bureau.

**7/24/2025 RESPONSE TO REQUEST FOR PRODUCTION NO. 6: (SAME FROM STEIN SAKS, PLLC, JUDAH STEIN, YAAKOV SAKS, ELIYAHU BABAD)**

Objection. Responding Party objects to this request on the grounds that it is overbroad as to time and scope and seeks information not relevant to any party's claim or defense nor proportional to the needs of the case within the meaning of

revised Federal Rule of Civil Procedure Rule 26(b)(1).

Without waiving said objections, Responding Party will produce all responsive documents in Responding Party's possession, custody, and control with respect to this litigation. Responding Party states that no such documents are believed to exist.

**<u>7/24/2025 Response to Request for Production No. 6</u>: (from Tamir Saland)**

Objection. Responding Party objects to this request on the grounds that it is overbroad as to time and scope and seeks information not relevant to any party's claim or defense nor proportional to the needs of the case within the meaning of revised Federal Rule of Civil Procedure Rule 26(b)(1).

Without waiving said objections, Responding Party is unable to comply with this request because responsive documents are no longer in Responding Party's possession, custody, or control.

### G. EXPERIAN REQUEST NO. 7:

**<u>6/10/2025 Request for Production No. 7</u>: (same as to all Defendants)**

All DOCUMENTS and COMMUNICATIONS RELATED TO any efforts by YOU to solicit, recruit, engage, or compensate individuals to serve as plaintiffs in FCRA or other consumer litigation, including but not limited to advertisements, referral agreements, or incentive programs.

**<u>7/24/2025 Response to Request for Production No. 7</u>: (same from all Defendants)**

Objection. Responding Party objects to this request on the grounds that it is overbroad as to time and scope and seeks information not relevant to any party's claim or defense nor proportional to the needs of the case within the meaning of revised Federal Rule of Civil Procedure Rule 26(b)(1). Moreover, this request seeks documents that violate attorney client and/or work product privilege.

**<u>3/9/2026 Supplemental Response to Request No. 7</u>: (same from all Defendants)**

Without waiving the above, previously stated, objections, Responding Party answers as follows: Responding Party is not in possession of any documents responsive to this request. To the extent that any such documents exist, said documents are maintained by the Responding Party's vendor, StraightNorth (https://www.straightnorth.com/), 1001 W. 31st Street, Suite 100, Downers Grove, IL 60515.

### H. EXPERIAN REQUEST NO. 8:

**6/10/2025 REQUEST FOR PRODUCTION NO. 8: (SAME AS TO ALL DEFENDANTS)**

All agreements, contracts, memoranda of understanding, engagement letters, or instruments of any kind between YOU and any REFERRAL SOURCE, including but not limited to any CREDIT REPAIR ORGANIZATION, MORTGAGE ENTITY, or CO-DEFENDANTS, RELATED TO the identification, solicitation, intake, referral, or representation of consumers or potential plaintiffs in any lawsuit.

**7/24/2025 RESPONSE TO REQUEST FOR PRODUCTION NO. 8: (SAME FROM ALL DEFENDANTS)**

Objection. This request is vague and ambiguous, requiring Responding Party to speculate as to what documents are sought. Moreover, this request may seek documents that violate attorney client and/or work product privilege. The request is also overly broad and vague as to time. Furthermore, the request seeks information not relevant to any party's claim or defense nor proportional to the needs of the case within the meaning of revised Federal Rule of Civil Procedure Rule 26(b)(1). Moreover, the request seeks documents which are confidential, proprietary, and contain trade secrets.

**3/9/2026 SUPPLEMENTAL RESPONSE TO REQUEST NO. 8: (SAME FROM ALL DEFENDANTS)**

Without waiving the above, previously stated, objections, Responding Party answers as follows: Responding Party is unable to comply with this request as no such documents are believed to exist.

## I. EXPERIAN REQUEST NO. 9:

**<u>6/10/2025 Request for Production No. 9</u>: (same as to all defendants)**

All DOCUMENTS and COMMUNICATIONS RELATED TO any compensation, fee share, commission, profit-sharing, or promise of payment between YOU and any CREDIT REPAIR ORGANIZATION, YENON ARGY, MORTGAGE ENTITY, or CO-DEFENDANTS.

**<u>7/24/2025 Response to Request for Production No. 9</u>: (same from all Defendants)**

Objection. This request is vague and ambiguous, requiring Responding Party to speculate as to what documents are sought. Moreover, this request may seek documents that violate attorney client and/or work product privilege. The request is also overly broad and vague as to time. Furthermore, the request seeks information not relevant to any party's claim or defense nor proportional to the needs of the case within the meaning of revised Federal Rule of Civil Procedure Rule 26(b)(1). Moreover, the request seeks documents which are confidential, proprietary, and contain trade secrets.

**<u>3/9/2026 Supplemental Response to Request No. 9</u>: (same from all Defendants)**

Responding Party shall comply with this request by producing all non-privileged documents for the period January 1, 2018, to the present, that are responsive to this request and which are related to the specific individuals (Defendant Yenon Argy, Defendant Justin Zeig, Defendant Chesky Monk, Defendant Daniel J. Soffer) and specific cases (Adjmi v. Experian Info. Sols. Inc. et al., 3:23-cv-20736; Amiram v. Transunion, LLC, et al., 2:22-cv-07018; Butnick v. Experian Info. Sols., Inc., 20-CV-1631; Dorray v. Equifax Info. Servs., LLC, 8:23-cv-02224; Gang vs. Equifax Information Services, LLC, et al., 2:23-cv03834; Glick vs. Experian Info. sols., Inc, 3:23-cv-4335; Greenblatt v. TransUnion, LLC, 2:23-cv-06943; Hano vs.

Equifax Information Services, LLC, et al., 2:23-cv-02273; Herskowitz v. TransUnion, LLC, 2:22- cv-07151; Johnson v. TransUnion, LLC, 1:23-cv-21404; Kahen vs. Equifax Information Services, LLC, et al., 2:23-cv-08106; Kanelsky vs. Experian Info. Sols., Inc., et al., 2:23-cv-02524; Kaufman v. Equifax Info. Servs., LLC, 18-cv -7420; King vs. TransUnion, LLC, et al., 3:23-cv-1799; Malichi v. Equifax Info. Servs., LLC, 1:23-cv-08628; Mendlowitz v. TransUnion, LLC, 2:23-cv-01408; Mizrahi vs. Equifax Information Services, LLC, et al., No. 2:23-cv-4570; Nachison v. Equifax, No. 22-cv-02833; Ostreicher v. Chase Bank USA, N.A., 19-CV-8175; Silber v. Transunion, LLC, 2:23-cv-03927; Small v. TransUnion, LLC, 2:23-cv-02782; Sofer vs. Transunion, LLC, et al., 1:23-cv-4844; Vargas, Aquilas 1:23-cv-01325; Zokari v. Equifax Info. Servs., LLC, 1:23-cv-03702) identified in Plaintiff's Amended Complaint. Discovery is ongoing.

### J. EXPERIAN REQUEST NO. 10:

**<u>6/10/2025 Request for Production No. 10</u>: (same as to all Defendants)**

All DOCUMENTS and COMMUNICATIONS RELATED TO the transfer of any payment, remuneration, compensation, fee, reimbursement, or other form of monetary or non-monetary consideration (including, but not limited to, cash, checks, electronic transfers, gift cards, or in-kind benefits) between YOU and CREDIT REPAIR ORGANIZATIONS, YENON ARGY, MORTGAGE ENTITIES, or CODEFENDANTS, whether directly or indirectly.

**<u>7/24/2025 Response to Request for Production No. 10</u>: (same from all Defendants)**

Objection. This request is vague and ambiguous, requiring Responding Party to speculate as to what documents are sought. Moreover, this request may seek documents that violate attorney client privilege and/or work product doctrine. The request is also overly broad and vague as to time. Furthermore, the request seeks information not relevant to any party's claim or defense nor proportional to the needs of the case within the meaning of revised Federal Rule of Civil Procedure Rule

26(b)(1). Moreover, the request seeks documents which are confidential, proprietary, and violates the right to privacy.

**<u>3/9/2026 SUPPLEMENTAL RESPONSE TO REQUEST NO. 10</u>: (SAME FROM ALL DEFENDANTS)**

Responding party shall comply with this request by producing all non-privileged documents for the period January 1, 2018, to the present, that are responsive to this request and which are related to the specific individuals (Defendant Yenon Argy, Defendant Justin Zeig, Defendant Chesky Monk, Defendant Daniel J. Soffer) and specific cases (Adjmi v. Experian Info. Sols. Inc. et al., 3:23-cv-20736; Amiram v. Transunion, LLC, et al., 2:22-cv-07018; Butnick v. Experian Info. Sols., Inc., 20-CV-1631; Dorray v. Equifax Info. Servs., LLC, 8:23-cv-02224; Gang vs. Equifax Information Services, LLC, et al., 2:23-cv03834; Glick vs. Experian Info. sols., Inc, 3:23-cv-4335; Greenblatt v. TransUnion, LLC, 2:23-cv-06943; Hano vs. Equifax Information Services, LLC, et al., 2:23-cv-02273; Herskowitz v. TransUnion, LLC, 2:22- cv-07151; Johnson v. TransUnion, LLC, 1:23-cv-21404; Kahen vs. Equifax Information Services, LLC, et al., 2:23-cv-08106; Kanelsky vs. Experian Info. Sols., Inc., et al., 2:23-cv-02524; Kaufman v. Equifax Info. Servs., LLC, 18-cv -7420; King vs. TransUnion, LLC, et al., 3:23-cv-1799; Malichi v. Equifax Info. Servs., LLC, 1:23-cv-08628; Mendlowitz v. TransUnion, LLC, 2:23-cv-01408; Mizrahi vs. Equifax Information Services, LLC, et al., No. 2:23-cv-4570; Nachison v. Equifax, No. 22-cv-02833; Ostreicher v. Chase Bank USA, N.A., 19-CV-8175; Silber v. Transunion, LLC, 2:23-cv-03927; Small v. TransUnion, LLC, 2:23-cv-02782; Sofer vs. Transunion, LLC, et al., 1:23-cv-4844; Vargas, Aquilas 1:23-cv-01325; Zokari v. Equifax Info. Servs., LLC, 1:23-cv-03702) identified in Plaintiff's Amended Complaint. Discovery is ongoing.

### K. EXPERIAN REQUEST NO. 11:

**<u>6/10/2025 REQUEST FOR PRODUCTION NO. 11</u>: (SAME AS TO ALL DEFENDANTS)**

All DOCUMENTS and COMMUNICATIONS RELATED TO any civil

action, arbitration, or other legal proceeding in which YOU represented a plaintiff who was referred to YOU, directly or indirectly, by CO-DEFENDANTS, YENON ARGY, a CREDIT REPAIR ORGANIZATION, or a MORTGAGE ENTITY.

**<u>7/24/2025 Response to Request for Production No. 11</u>: (same from all Defendants)**

Objection. Responding Party objects to this request on the grounds that it is overbroad as to time and scope and seeks information not relevant to any party's claim or defense nor proportional to the needs of the case within the meaning of revised Federal Rule of Civil Procedure Rule 26(b)(1). Also, Responding party objects to this request on the grounds that it seeks information protected from disclosure by attorney client privilege and/or work product doctrine. Responding Party further objects to this request on the grounds that it seeks information protected by constitutional privacy rights.

**<u>3/9/2026 Supplemental Response to Request No. 11</u>: (same from all Defendants)**

Responding Party shall comply with this request by producing all non-privileged documents for the period January 1, 2018, to the present, that are responsive to this request and which are related to the specific individuals (Defendant Yenon Argy, Defendant Justin Zeig, Defendant Chesky Monk, Defendant Daniel J. Soffer) and specific cases (Adjmi v. Experian Info. Sols. Inc. et al., 3:23-cv-20736; Amiram v. Transunion, LLC, et al., 2:22-cv-07018; Butnick v. Experian Info. Sols., Inc., 20-CV-1631; Dorray v. Equifax Info. Servs., LLC, 8:23-cv-02224; Gang vs. Equifax Information Services, LLC, et al., 2:23-cv03834; Glick vs. Experian Info. sols., Inc, 3:23-cv-4335; Greenblatt v. TransUnion, LLC, 2:23-cv-06943; Hano vs. Equifax Information Services, LLC, et al., 2:23-cv-02273; Herskowitz v. TransUnion, LLC, 2:22- cv-07151; Johnson v. TransUnion, LLC, 1:23-cv-21404; Kahen vs. Equifax Information Services, LLC, et al., 2:23-cv-08106; Kanelsky vs. Experian Info. Sols., Inc., et al., 2:23-cv-02524; Kaufman v. Equifax Info. Servs.,

LLC, 18-cv -7420; King vs. TransUnion, LLC, et al., 3:23-cv-1799; Malichi v. Equifax Info. Servs., LLC, 1:23-cv-08628; Mendlowitz v. TransUnion, LLC, 2:23-cv-01408; Mizrahi vs. Equifax Information Services, LLC, et al., No. 2:23-cv-4570; Nachison v. Equifax, No. 22-cv-02833; Ostreicher v. Chase Bank USA, N.A., 19-CV-8175; Silber v. Transunion, LLC, 2:23-cv-03927; Small v. TransUnion, LLC, 2:23-cv-02782; Sofer vs. Transunion, LLC, et al., 1:23-cv-4844; Vargas, Aquilas 1:23-cv-01325; Zokari v. Equifax Info. Servs., LLC, 1:23-cv-03702) identified in Plaintiff's Amended Complaint. Discovery is ongoing.

### L. EXPERIAN REQUEST NO. 12:

**6/10/2025 REQUEST FOR PRODUCTION NO. 12: (SAME AS TO ALL DEFENDANTS)**

All DOCUMENTS and COMMUNICATIONS RELATED TO the creation, preparation, drafting, approval, distribution, or provision of any alleged credit denial letter to a consumer, including templates, forms, or sample credit denial letters.

**7/24/2025 RESPONSE TO REQUEST FOR PRODUCTION NO. 12: (SAME FROM ALL DEFENDANTS)**

Objection. Responding Party objects to this request on the grounds that it is overbroad as to time and scope and seeks information not relevant to any party's claim or defense nor proportional to the needs of the case within the meaning of revised Federal Rule of Civil Procedure Rule 26(b)(1). Also, Responding party objects to this request on the grounds that it seeks information protected from disclosure by attorney client privilege and/or work product doctrine.

**3/9/2026 SUPPLEMENTAL RESPONSE TO REQUEST NO. 12: (SAME FROM ALL DEFENDANTS)**

Responding Party shall comply with this request by producing all non-privileged documents for the period January 1, 2018, to the present, that are responsive to this request and which are related to the specific individuals (Defendant Yenon Argy, Defendant Justin Zeig, Defendant Chesky Monk, Defendant Daniel J. Soffer) and specific cases (Adjmi v. Experian Info. Sols. Inc. et al., 3:23-cv-20736;

Amiram v. Transunion, LLC, et al., 2:22-cv-07018; Butnick v. Experian Info. Sols., Inc., 20-CV-1631; Dorray v. Equifax Info. Servs., LLC, 8:23-cv-02224; Gang vs. Equifax Information Services, LLC, et al., 2:23-cv03834; Glick vs. Experian Info. sols., Inc, 3:23-cv-4335; Greenblatt v. TransUnion, LLC, 2:23-cv-06943; Hano vs. Equifax Information Services, LLC, et al., 2:23-cv-02273; Herskowitz v. TransUnion, LLC, 2:22- cv-07151; Johnson v. TransUnion, LLC, 1:23-cv-21404; Kahen vs. Equifax Information Services, LLC, et al., 2:23-cv-08106; Kanelsky vs. Experian Info. Sols., Inc., et al., 2:23-cv-02524; Kaufman v. Equifax Info. Servs., LLC, 18-cv -7420; King vs. TransUnion, LLC, et al., 3:23-cv-1799; Malichi v. Equifax Info. Servs., LLC, 1:23-cv-08628; Mendlowitz v. TransUnion, LLC, 2:23-cv-01408; Mizrahi vs. Equifax Information Services, LLC, et al., No. 2:23-cv-4570; Nachison v. Equifax, No. 22-cv-02833; Ostreicher v. Chase Bank USA, N.A., 19-CV-8175; Silber v. Transunion, LLC, 2:23-cv-03927; Small v. TransUnion, LLC, 2:23-cv-02782; Sofer vs. Transunion, LLC, et al., 1:23-cv-4844; Vargas, Aquilas 1:23-cv-01325; Zokari v. Equifax Info. Servs., LLC, 1:23-cv-03702) identified in Plaintiff's Amended Complaint. Discovery is ongoing.

### M. EXPERIAN REQUEST NO. 13:

**6/10/2025 REQUEST FOR PRODUCTION NO. 13: (SAME AS TO ALL DEFENDANTS)**

All DOCUMENTS and COMMUNICATIONS between YOU and CODEFENDANTS, YENON ARGY, or any REFERRAL SOURCE RELATED TO the absence of credit inquiries on a consumer's credit file that correspond to an alleged credit denial for that consumer.

**7/24/2025 RESPONSE TO REQUEST FOR PRODUCTION NO. 13: (SAME FROM STEIN SAKS, PLLC, JUDAH STEIN, YAAKOV SAKS, ELIYAHU BABAD)**

Objection. This request is vague and ambiguous, requiring Responding Party to speculate as to what documents are sought. Responding Party also objects to this request on the grounds that it is overbroad as to time and scope and seeks information not relevant to any party's claim or defense nor proportional to the needs of the case

within the meaning of revised Federal Rule of Civil Procedure Rule 26(b)(1). Also, Responding party objects to this request on the grounds that it seeks information protected from disclosure by attorney client privilege and/or work product doctrine.

Without waiving said objections, Responding Party will produce all non-privileged responsive documents in Responding Party's possession, custody, and control.

**7/24/2025 RESPONSE TO REQUEST FOR PRODUCTION NO. 13: (FROM TAMIR SALAND)**

Objection. This request is vague and ambiguous, requiring Responding Party to speculate as to what documents are sought. Responding Party also objects to this request on the grounds that it is overbroad as to time and scope and seeks information not relevant to any party's claim or defense nor proportional to the needs of the case within the meaning of revised Federal Rule of Civil Procedure Rule 26(b)(1). Also, Responding party objects to this request on the grounds that it seeks information protected from disclosure by attorney client privilege and/or work product doctrine.

Without waiving said objections, Responding Party is unable to comply with this request because responsive documents are no longer in Responding Party's possession, custody, or control.

**N. EXPERIAN REQUEST NO. 14:**

**6/10/2025 REQUEST FOR PRODUCTION NO. 14: (TO STEIN SAKS, PLLC)**

All DOCUMENTS and COMMUNICATIONS RELATED TO audits, assessments, or reviews performed by or for YOU regarding the authenticity, source, or accuracy of credit denial letters used in litigation.

**6/10/2025 REQUEST FOR PRODUCTION NO. 14: (TO JUDAH STEIN, YAAKOV SAKS, ELIYAHU BABAD, TAMIR SALAND)**

All DOCUMENTS and COMMUNICATIONS RELATED TO audits, assessments, or reviews performed by or for YOU or STEIN SAKS regarding the authenticity, provenance, or accuracy of credit denial letters used in litigation.

**<u>7/24/2025 RESPONSE TO REQUEST FOR PRODUCTION NO. 14</u>: (SAME FROM STEIN SAKS PLLC, JUDAH STEIN, YAAKOV SAKS, AND ELIYAHU BABAD)**

Objection. This request is vague and ambiguous, requiring Responding Party to speculate as to what documents are sought. Responding Party also objects to this request on the grounds that it is overbroad as to time and scope and seeks information not relevant to any party's claim or defense nor proportional to the needs of the case within the meaning of revised Federal Rule of Civil Procedure Rule 26(b)(1). Also, Responding party objects to this request on the grounds that it seeks information protected from disclosure by attorney client privilege and/or work product doctrine.

Without waiving said objections, Responding Party will produce all non-privileged responsive documents in Responding Party's possession, custody, and control.

**<u>7/24/2025 RESPONSE TO REQUEST FOR PRODUCTION NO. 14</u>: (FROM TAMIR SALAND)**

Objection. This request is vague and ambiguous, requiring Responding Party to speculate as to what documents are sought. Responding Party also objects to this request on the grounds that it is overbroad as to time and scope and seeks information not relevant to any party's claim or defense nor proportional to the needs of the case within the meaning of revised Federal Rule of Civil Procedure Rule 26(b)(1). Also, Responding party objects to this request on the grounds that it seeks information protected from disclosure by attorney client privilege and/or work product doctrine.

Without waiving said objections, Responding Party is unable to comply with this request because responsive documents are no longer in Responding Party's possession, custody, or control.

### O. EXPERIAN REQUEST NO. 15:

**<u>6/10/2025 REQUEST FOR PRODUCTION NO. 15</u>: (SAME AS TO ALL DEFENDANTS)**

All DOCUMENTS and COMMUNICATIONS that IDENTIFY and DESCRIBE the role of any PERSON in creating, drafting, editing, approving,

procuring, or producing credit denial letters RELATED TO EXPERIAN LITIGATION or litigation against any other credit bureau.

**<u>7/24/2025 Response to Request for Production No. 15</u>: (same from all Defendants)**

Objection. This request is vague and ambiguous, requiring Responding Party to speculate as to what documents are sought. Responding Party also objects to this request on the grounds that it is overbroad as to time and scope and seeks information not relevant to any party's claim or defense nor proportional to the needs of the case within the meaning of revised Federal Rule of Civil Procedure Rule 26(b)(1). Also, Responding party objects to this request on the grounds that it seeks information protected from disclosure by attorney client privilege and/or work product doctrine.

**<u>3/9/2026 Supplemental Response to Request No. 15</u>: (same from all Defendants)**

Responding Party shall comply with this request by producing all non-privileged documents for the period January 1, 2018, to the present, that are responsive to this request and which are related to the specific individuals (Defendant Yenon Argy, Defendant Justin Zeig, Defendant Chesky Monk, Defendant Daniel J. Soffer) and specific cases (Adjmi v. Experian Info. Sols. Inc. et al., 3:23-cv-20736; Amiram v. Transunion, LLC, et al., 2:22-cv-07018; Butnick v. Experian Info. Sols., Inc., 20-CV-1631; Dorray v. Equifax Info. Servs., LLC, 8:23-cv-02224; Gang vs. Equifax Information Services, LLC, et al., 2:23-cv03834; Glick vs. Experian Info. sols., Inc, 3:23-cv-4335; Greenblatt v. TransUnion, LLC, 2:23-cv-06943; Hano vs. Equifax Information Services, LLC, et al., 2:23-cv-02273; Herskowitz v. TransUnion, LLC, 2:22- cv-07151; Johnson v. TransUnion, LLC, 1:23-cv-21404; Kahen vs. Equifax Information Services, LLC, et al., 2:23-cv-08106; Kanelsky vs. Experian Info. Sols., Inc., et al., 2:23-cv-02524; Kaufman v. Equifax Info. Servs., LLC, 18-cv -7420; King vs. TransUnion, LLC, et al., 3:23-cv-1799; Malichi v. Equifax Info. Servs., LLC, 1:23-cv-08628; Mendlowitz v. TransUnion, LLC, 2:23-

cv-01408; Mizrahi vs. Equifax Information Services, LLC, et al., No. 2:23-cv-4570; Nachison v. Equifax, No. 22-cv-02833; Ostreicher v. Chase Bank USA, N.A., 19-CV-8175; Silber v. Transunion, LLC, 2:23-cv-03927; Small v. TransUnion, LLC, 2:23-cv-02782; Sofer vs. Transunion, LLC, et al., 1:23-cv-4844; Vargas, Aquilas 1:23-cv-01325; Zokari v. Equifax Info. Servs., LLC, 1:23-cv-03702) identified in Plaintiff's Amended Complaint. Discovery is ongoing.

**P. EXPERIAN REQUEST NO. 16:**

**6/10/2025 REQUEST FOR PRODUCTION NO. 16: (SAME AS TO ALL DEFENDANTS)**

All DOCUMENTS and COMMUNICATIONS between YOU and any CREDIT REPAIR ORGANIZATION, MORTGAGE ENTITY, YENON ARGY, or CO-DEFENDANT concerning procuring, drafting, or obtaining a letter purporting to deny a credit application for any consumer.

**7/24/2025 RESPONSE TO REQUEST FOR PRODUCTION NO. 16: (SAME FROM ALL DEFENDANTS)**

Objection. This request is vague and ambiguous, requiring Responding Party to speculate as to what documents are sought. Responding Party further objects to this request on the grounds that it is overbroad as to time and scope and seeks information not relevant to any party's claim or defense nor proportional to the needs of the case within the meaning of revised Federal Rule of Civil Procedure Rule 26(b)(1). Also, Responding Party objects to this request on the grounds that it seeks information protected from disclosure by attorney client privilege and/or work product doctrine.

**3/9/2026 SUPPLEMENTAL RESPONSE TO REQUEST NO. 16: (SAME FROM ALL DEFENDANTS)**

Responding Party shall comply with this request by producing all non-privileged documents for the period January 1, 2018, to the present, that are responsive to this request and which are related to the specific individuals (Defendant Yenon Argy, Defendant Justin Zeig, Defendant Chesky Monk, Defendant Daniel J.

Soffer) and specific cases (Adjmi v. Experian Info. Sols. Inc. et al., 3:23-cv-20736; Amiram v. Transunion, LLC, et al., 2:22-cv-07018; Butnick v. Experian Info. Sols., Inc., 20-CV-1631; Dorray v. Equifax Info. Servs., LLC, 8:23-cv-02224; Gang vs. Equifax Information Services, LLC, et al., 2:23-cv03834; Glick vs. Experian Info. sols., Inc, 3:23-cv-4335; Greenblatt v. TransUnion, LLC, 2:23-cv-06943; Hano vs. Equifax Information Services, LLC, et al., 2:23-cv-02273; Herskowitz v. TransUnion, LLC, 2:22- cv-07151; Johnson v. TransUnion, LLC, 1:23-cv-21404; Kahen vs. Equifax Information Services, LLC, et al., 2:23-cv-08106; Kanelsky vs. Experian Info. Sols., Inc., et al., 2:23-cv-02524; Kaufman v. Equifax Info. Servs., LLC, 18-cv -7420; King vs. TransUnion, LLC, et al., 3:23-cv-1799; Malichi v. Equifax Info. Servs., LLC, 1:23-cv-08628; Mendlowitz v. TransUnion, LLC, 2:23-cv-01408; Mizrahi vs. Equifax Information Services, LLC, et al., No. 2:23-cv-4570; Nachison v. Equifax, No. 22-cv-02833; Ostreicher v. Chase Bank USA, N.A., 19-CV-8175; Silber v. Transunion, LLC, 2:23-cv-03927; Small v. TransUnion, LLC, 2:23-cv- 02782; Sofer vs. Transunion, LLC, et al., 1:23-cv-4844; Vargas, Aquilas 1:23-cv-01325; Zokari v. Equifax Info. Servs., LLC, 1:23-cv-03702) identified in Plaintiff's Amended Complaint. Discovery is ongoing.

### Q. EXPERIAN REQUEST NO. 17:

**<u>6/10/2025 REQUEST FOR PRODUCTION NO. 17</u>: (SAME AS TO ALL DEFENDANTS)**

All DOCUMENTS and COMMUNICATIONS RELATED TO CORNERSTONE FIRST MORTGAGE, LLC, CAROL FRANZ, and FUNDING RESOURCES MORTGAGE CORPORATION, including but not limited to letters purporting to deny a credit application for any consumer.

**<u>7/24/2025 RESPONSE TO REQUEST FOR PRODUCTION NO. 17</u>: (SAME FROM STEIN SAKS, PLLC, JUDAH STEIN, YAAKOV SAKS, AND ELIYAHU BABAD)**

Objection. Responding Party objects to this request on the grounds that it is overbroad as to time and scope and seeks information not relevant to any party's claim or defense nor proportional to the needs of the case within the meaning of

revised Federal Rule of Civil Procedure Rule 26(b)(1). Also, Responding Party objects to this request on the grounds that it seeks information protected from disclosure by attorney client privilege and/or work product doctrine.

Without waiving said objections, Responding Party will produce all non-privileged responsive documents in Responding Party's possession, custody, and control.

**<u>7/24/2025 Response to Request for Production No. 17</u>: (from Tamir Saland)**

Objection. Responding Party objects to this request on the grounds that it is overbroad as to time and scope and seeks information not relevant to any party's claim or defense nor proportional to the needs of the case within the meaning of revised Federal Rule of Civil Procedure Rule 26(b)(1). Also, Responding Party objects to this request on the grounds that it seeks information protected from disclosure by attorney client privilege and/or work product doctrine.

Without waiving said objections, Responding Party is unable to comply with this request because responsive documents are no longer in Responding Party's possession, custody, or control.

**R. EXPERIAN REQUEST NO. 18:**

**<u>6/10/2025 Request for Production No. 18</u>: (same as to all Defendants)**

All DOCUMENTS and COMMUNICATIONS RELATED TO the modification, alteration, deletion, destruction, or concealment of records (including but not limited to electronic chats, emails, or drafts of credit denial letters) following EXPERIAN'S subpoenas, discovery requests, or inquiries in other litigation involving any of the CO-DEFENDANTS, YENON ARGY, or CAROL FRANZ.

**<u>7/24/2025 Response to Request for Production No. 18</u>: (same from all Defendants)**

Objection. Responding Party objects to this request on the grounds that it is overbroad as to time and scope and seeks information not relevant to any party's

claim or defense nor proportional to the needs of the case within the meaning of revised Federal Rule of Civil Procedure Rule 26(b)(1). Also, Responding Party objects to this request on the grounds that it seeks information protected from disclosure by attorney client privilege and/or work product doctrine.

Without waiving said objections, Responding Party cannot comply with this request because Responding Party does not have responsive documents in Responding Party's possession, custody and control, as responsive documents have never existed.

### S. EXPERIAN REQUEST NO. 19:

**<u>6/10/2025 Request for Production No. 19</u>: (same as to all Defendants)**

All DOCUMENTS and COMMUNICATIONS RELATED TO any client trust account(s) (including Interest on Lawyers' Trust Accounts or "IOLTA") maintained, controlled, or accessed by YOU, including but not limited to (a) monthly bank statements for each such account; (b) check registers, deposit slips, wire transfer records, cancelled checks, and electronic funds transfer (ETF) confirmations; (c) reconciliations performed for each account; (d) opening and closing documentation for any client trust account during the relevant period; (e) any accounting ledgers, spreadsheets, or financial software records reflecting deposits, disbursements, and balances in each client trust account; (f) disbursement or distribution schedules and accompanying calculations for settlement funds, including the portion of any settlement proceeds paid to a PERSON other than the named client.

**<u>7/24/2025 Response to Request for Production No. 19</u>: (same from all Defendants)**

Objection. Responding Party objects to this request on the grounds that it is overbroad as to time and scope and seeks information not relevant to any party's claim or defense nor proportional to the needs of the case within the meaning of revised Federal Rule of Civil Procedure Rule 26(b)(1). Also, Responding party objects to this request on the grounds that it seeks information protected from

disclosure by attorney client privilege and/or work product doctrine. Responding Party further objects to this request on the grounds that it seeks information protected by constitutional privacy rights.

**T. EXPERIAN REQUEST NO. 20:**

**6/10/2025 REQUEST FOR PRODUCTION NO. 20: (TO STEIN SAKS, PLLC)**

All DOCUMENTS and COMMUNICATIONS RELATED TO the purpose, source, and authorization for each deposit into YOUR client trust account(s).

**REQUEST FOR PRODUCTION NO. 20: (TO JUDAH STEIN, YAAKOV SAKS, ELIYAHU BABAD, TAMIR SALAND)**

All DOCUMENTS and COMMUNICATIONS RELATED TO the purpose, source, and authorization for each deposit into YOUR or STEIN SAKS'S client trust account(s).

**7/24/2025 RESPONSE TO REQUEST FOR PRODUCTION NO. 20: (SAME FROM ALL DEFENDANTS)**

Objection. This request is vague and ambiguous, requiring Responding Party to speculate as to what documents are sought. Responding Party further objects to this request on the grounds that it is overbroad as to time and scope and seeks information not relevant to any party's claim or defense nor proportional to the needs of the case within the meaning of revised Federal Rule of Civil Procedure Rule 26(b)(1). Also, Responding party objects to this request on the grounds that it seeks information protected from disclosure by attorney client privilege and/or work product doctrine. Responding Party further objects to this request on the grounds that it seeks information protected by constitutional privacy rights.

**U. EXPERIAN REQUEST NO. 21:**

**6/10/2025 REQUEST FOR PRODUCTION NO. 21: (TO STEIN SAKS, PLLC)**

All DOCUMENTS and COMMUNICATIONS RELATED TO the purpose, authorization, and recipient for each disbursement from YOUR client trust account(s), including client instructions, settlement statements, and written

approvals.

**6/10/2025 REQUEST FOR PRODUCTION NO. 21: (TO JUDAH STEIN, YAAKOV SAKS, ELIYAHU BABAD, TAMIR SALAND)**

All DOCUMENTS and COMMUNICATIONS RELATED TO the purpose, authorization, and recipient for each disbursement from YOUR or STEIN SAKS'S client trust account(s), including client instructions, settlement statements, and written approvals.

**7/24/2025 RESPONSE TO REQUEST FOR PRODUCTION NO. 21: (SAME FROM ALL DEFENDANTS)**

Objection. This request is vague and ambiguous, requiring Responding Party to speculate as to what documents are sought. Responding Party further objects to this request on the grounds that it is overbroad as to time and scope and seeks information not relevant to any party's claim or defense nor proportional to the needs of the case within the meaning of revised Federal Rule of Civil Procedure Rule 26(b)(1). Also, Responding party objects to this request on the grounds that it seeks information protected from disclosure by attorney client privilege and/or work product doctrine. Responding Party further objects to this request on the grounds that it seeks information protected by constitutional privacy rights.

## V. EXPERIAN REQUEST NO. 22:

**6/10/2025 REQUEST FOR PRODUCTION NO. 22: (TO STEIN SAKS, PLLC)**

All DOCUMENTS and COMMUNICATIONS RELATED TO YOUR policies and procedures concerning the handling, management, and administration of addressing disputes, errors, or discrepancies in trust account balances and the return or retention of unearned fees or unused client funds.

**6/10/2025 REQUEST FOR PRODUCTION NO. 22: (TO JUDAH STEIN, YAAKOV SAKS, ELIYAHU BABAD, TAMIR SALAND)**

All DOCUMENTS and COMMUNICATIONS RELATED TO YOUR or STEIN SAKS'S policies and procedures concerning the handling, management, and

administration of addressing disputes, errors, or discrepancies in trust account balances and the return or retention of unearned fees or unused client funds.

**7/24/2025 RESPONSE TO REQUEST FOR PRODUCTION NO. 22: (SAME FROM ALL DEFENDANTS)**

Objection. Responding Party objects to this request on the grounds that it is overbroad as to time and scope and seeks information not relevant to any party's claim or defense nor proportional to the needs of the case within the meaning of revised Federal Rule of Civil Procedure Rule 26(b)(1).

**W. EXPERIAN REQUEST NO. 23:**

**6/10/2025 REQUEST FOR PRODUCTION NO. 23: (TO STEIN SAKS, PLLC)**

All DOCUMENTS and COMMUNICATIONS RELATED TO YOUR policies and procedures concerning the handling, management, administration, or safeguarding of client funds in trust.

**6/10/2025 REQUEST FOR PRODUCTION NO. 23: (TO JUDAH STEIN, YAAKOV SAKS, ELIYAHU BABAD, TAMIR SALAND)**

All DOCUMENTS and COMMUNICATIONS RELATED TO YOUR or STEIN SAKS'S policies and procedures concerning the handling, management, administration, or safeguarding of client funds in trust.

**7/24/2025 RESPONSE TO REQUEST FOR PRODUCTION NO. 23: (SAME FROM ALL DEFENDANTS)**

Objection. Responding Party objects to this request on the grounds that it is overbroad as to time and scope and seeks information not relevant to any party's claim or defense nor proportional to the needs of the case within the meaning of revised Federal Rule of Civil Procedure Rule 26(b)(1).

**X. EXPERIAN REQUEST NO. 24:**

**6/10/2025 REQUEST FOR PRODUCTION NO. 24: (TO STEIN SAKS, PLLC)**

All COMMUNICATIONS with any bank, credit union, or other financial institution concerning deposits of settlement proceeds that were subsequently

transferred by YOU to a PERSON not licensed to practice law.

**<u>6/10/2025 REQUEST FOR PRODUCTION NO. 24</u>: (TO JUDAH STEIN, YAAKOV SAKS, ELIYAHU BABAD, TAMIR SALAND)**

All COMMUNICATIONS with any bank, credit union, or other financial institution concerning deposits of settlement proceeds that were subsequently transferred by YOU or STEIN SAKS to a PERSON not licensed to practice law.

**<u>7/24/2025 RESPONSE TO REQUEST FOR PRODUCTION NO. 24</u>: (SAME FROM ALL DEFENDANTS)**

Objection. Responding Party objects to this request on the grounds that it is overbroad as to time and scope and seeks information not relevant to any party's claim or defense nor proportional to the needs of the case within the meaning of revised Federal Rule of Civil Procedure Rule 26(b)(1). Also, Responding party objects to this request on the grounds that it seeks information protected from disclosure by attorney client privilege and/or work product doctrine. Responding Party further objects to this request on the grounds that it seeks information protected by constitutional privacy rights.

**<u>3/9/2026 SUPPLEMENTAL RESPONSE TO REQUEST NO. 24</u>: (SAME FROM ALL DEFENDANTS)**

Without waiving the above, previously stated, objections, Responding Party answers as follows: Responding Party is unable to comply with this request as no such documents are believed to exist.

### Y. EXPERIAN REQUEST NO. 25:

**<u>6/10/2025 REQUEST FOR PRODUCTION NO. 25</u>: (TO STEIN SAKS, PLLC)**

All DOCUMENTS and COMMUNICATIONS RELATED TO payments, gifts, consideration or anything of value provided by YOU to any CREDIT REPAIR ORGANIZATION, MORTGAGE ENTITY, or any employees, agents, or representatives thereof.

**<u>6/10/2025 REQUEST FOR PRODUCTION NO. 25</u>: (TO JUDAH STEIN, YAAKOV SAKS,**

**ELIYAHU BABAD, TAMIR SALAND)**

All DOCUMENTS and COMMUNICATIONS RELATED TO payments, gifts, consideration or anything of value provided by YOU or STEIN SAKS to any CREDIT REPAIR ORGANIZATION, MORTGAGE ENTITY, or any employees, agents, or representatives thereof.

**7/24/2025 RESPONSE TO REQUEST FOR PRODUCTION NO. 25: (SAME FROM ALL DEFENDANTS)**

Objection. Responding Party objects to this request on the grounds that it is overbroad as to time and scope and seeks information not relevant to any party's claim or defense nor proportional to the needs of the case within the meaning of revised Federal Rule of Civil Procedure Rule 26(b)(1). Also, Responding Party objects to this request on the grounds that it seeks information protected from disclosure by attorney client privilege and/or work product doctrine. Responding Party further objects to this request on the grounds that it seeks information protected by constitutional privacy rights.

**3/9/2026 SUPPLEMENTAL RESPONSE TO REQUEST NO. 25: (SAME FROM ALL DEFENDANTS)**

Without waiving the above, previously stated, objections, Responding Party answers as follows: Responding Party is unable to comply with this request as no such documents are believed to exist.

**Z. EXPERIAN REQUEST NO. 26:**

**6/10/2025 REQUEST FOR PRODUCTION NO. 26: (SAME AS TO ALL DEFENDANTS)**

All COMMUNICATIONS with any of YOUR clients or REFERRAL SOURCES in RELATION TO the potential or actual disbursement of more than $1,000 in settlement proceeds to any PERSON not licensed to practice law or REFERRAL SOURCE

**7/24/2025 RESPONSE TO REQUEST FOR PRODUCTION NO. 26: (SAME FROM ALL DEFENDANTS)**

Objection. Responding Party objects to this request on the grounds that it is overbroad as to time and scope and seeks information not relevant to any party's claim or defense nor proportional to the needs of the case within the meaning of revised Federal Rule of Civil Procedure Rule 26(b)(1). Also, Responding Party objects to this request on the grounds that it seeks information protected from disclosure by attorney client privilege and/or work product doctrine. Responding Party further objects to this request on the grounds that it seeks information protected by constitutional privacy rights.

**<u>3/9/2026 SUPPLEMENTAL RESPONSE TO REQUEST NO. 26</u>: (SAME FROM ALL DEFENDANTS)**

Without waiving the above, previously stated, objections, Responding Party answers as follows: Responding Party is unable to comply with this request as no such documents are believed to exist.

**AA. EXPERIAN REQUEST NO. 27:**

**<u>6/10/2025 REQUEST FOR PRODUCTION NO. 27</u>: (TO STEIN SAKS, PLLC)**

All DOCUMENTS and COMMUNICATIONS RELATED TO YOUR knowledge, training, or instruction regarding Rule 5.4 of the New York Rules of Professional Conduct or any analogous rule in any other jurisdiction where YOU or YOUR attorneys practice.

**<u>6/10/2025 REQUEST FOR PRODUCTION NO. 27</u>: (SAME AS TO JUDAH STEIN, YAAKOV SAKS, ELIYAHU BABAD, TAMIR SALAND)**

All DOCUMENTS and COMMUNICATIONS RELATED TO YOUR knowledge, training, or instruction regarding Rule 5.4 of the New York Rules of Professional Conduct or any analogous rule in any other jurisdiction where YOU practice.

**<u>7/24/2025 RESPONSE TO REQUEST FOR PRODUCTION NO. 27</u>: (SAME FROM ALL DEFENDANTS)**

Objection. This request is vague and ambiguous, requiring Responding Party

to speculate as to what documents are sought. Responding Party further objects to this request on the grounds that it is overbroad as to time and scope and seeks information not relevant to any party's claim or defense nor proportional to the needs of the case within the meaning of revised Federal Rule of Civil Procedure Rule 26(b)(1).

**<u>3/9/2026 SUPPLEMENTAL RESPONSE TO REQUEST NO. 27</u>: (SAME FROM ALL DEFENDANTS)**

Without waiving the above, previously stated, objections, Responding Party answers as follows: Responding Party is unable to comply with this request as no such documents are believed to exist.

**BB. EXPERIAN REQUEST NO. 28:**

**<u>6/10/2025 REQUEST FOR PRODUCTION NO. 28</u>: (TO STEIN SAKS, PLLC)**

All DOCUMENTS and COMMUNICATIONS RELATED TO notices of deficiency, warnings, audits, or disciplinary actions YOU received in connection with client trust accounts from any regulatory or enforcement authority.

**<u>6/10/2025 REQUEST FOR PRODUCTION NO. 28</u>: (SAME AS TO JUDAH STEIN, YAAKOV SAKS, ELIYAHU BABAD, TAMIR SALAND)**

All DOCUMENTS and COMMUNICATIONS RELATED TO notices of deficiency, warnings, audits, or disciplinary actions to YOU or STEIN SAKS received in connection with client trust accounts from any regulatory or enforcement authority.

**<u>7/24/2025 RESPONSE TO REQUEST FOR PRODUCTION NO. 28</u>: (SAME FROM ALL DEFENDANTS)**

Objection. Responding Party objects to this request on the grounds that it is overbroad as to time and scope and seeks information not relevant to any party's claim or defense nor proportional to the needs of the case within the meaning of revised Federal Rule of Civil Procedure Rule 26(b)(1). Responding Party further objects to this request on the grounds that it seeks information protected by

constitutional privacy rights.

**<u>3/9/2026 SUPPLEMENTAL RESPONSE TO REQUEST NO. 28</u>: (SAME FROM ALL DEFENDANTS)**

Responding Party shall comply with this request by producing all non-privileged documents for the period January 1, 2018, to the present, that are responsive to this request and which are related to the specific individuals (Defendant Yenon Argy, Defendant Justin Zeig, Defendant Chesky Monk, Defendant Daniel J. Soffer) and specific cases (Adjmi v. Experian Info. Sols. Inc. et al., 3:23-cv-20736; Amiram v. Transunion, LLC, et al., 2:22-cv-07018; Butnick v. Experian Info. Sols., Inc., 20-CV-1631; Dorray v. Equifax Info. Servs., LLC, 8:23-cv-02224; Gang vs. Equifax Information Services, LLC, et al., 2:23-cv03834; Glick vs. Experian Info. sols., Inc, 3:23-cv-4335; Greenblatt v. TransUnion, LLC, 2:23-cv-06943; Hano vs. Equifax Information Services, LLC, et al., 2:23-cv-02273; Herskowitz v. TransUnion, LLC, 2:22- cv-07151; Johnson v. TransUnion, LLC, 1:23-cv-21404; Kahen vs. Equifax Information Services, LLC, et al., 2:23-cv-08106; Kanelsky vs. Experian Info. Sols., Inc., et al., 2:23-cv-02524; Kaufman v. Equifax Info. Servs., LLC, 18-cv -7420; King vs. TransUnion, LLC, et al., 3:23-cv-1799; Malichi v. Equifax Info. Servs., LLC, 1:23-cv-08628; Mendlowitz v. TransUnion, LLC, 2:23-cv-01408; Mizrahi vs. Equifax Information Services, LLC, et al., No. 2:23-cv-4570; Nachison v. Equifax, No. 22-cv-02833; Ostreicher v. Chase Bank USA, N.A., 19-CV-8175; Silber v. Transunion, LLC, 2:23-cv-03927; Small v. TransUnion, LLC, 2:23-cv-02782; Sofer vs. Transunion, LLC, et al., 1:23-cv-4844; Vargas, Aquilas 1:23-cv-01325; Zokari v. Equifax Info. Servs., LLC, 1:23-cv-03702) identified in Plaintiff's Amended Complaint. Discovery is ongoing.

**CC. EXPERIAN REQUEST NO. 29:**

**<u>6/10/2025 REQUEST FOR PRODUCTION NO. 29</u>: (TO STEIN SAKS, PLLC)**

All DOCUMENTS and COMMUNICATIONS RELATED TO YOUR engagement of any PERSON retained to review YOUR practices concerning client

intake, evidence verification, fee sharing, or litigation conduct.

**<u>6/10/2025 REQUEST FOR PRODUCTION NO. 29</u>: (SAME AS TO JUDAH STEIN, YAAKOV SAKS, ELIYAHU BABAD, TAMIR SALAND)**

All DOCUMENTS and COMMUNICATIONS RELATED TO YOUR or STEIN SAKS'S engagement of any PERSON retained to review practices concerning client intake, evidence verification, fee sharing, or litigation conduct.

**<u>7/24/2025 RESPONSE TO REQUEST FOR PRODUCTION NO. 29</u>: (SAME FROM STEIN SAKS, PLLC, JUDAH STEIN, YAAKOV SAKS, ELIYAHU BABAD)**

Objection. This request is vague and ambiguous, requiring Responding Party to speculate as to what documents are sought. Responding Party further objects to this request on the grounds that it is overbroad as to time and scope and seeks information not relevant to any party's claim or defense nor proportional to the needs of the case within the meaning of revised Federal Rule of Civil Procedure Rule 26(b)(1).

Without waiving said objections, Responding Party will produce all non-privileged responsive documents in Responding Party's possession, custody, and control.

**<u>7/24/2025 RESPONSE TO REQUEST FOR PRODUCTION NO. 29</u>: (FROM TAMIR SALAND)**

Objection. This request is vague and ambiguous, requiring Responding Party to speculate as to what documents are sought. Responding Party further objects to this request on the grounds that it is overbroad as to time and scope and seeks information not relevant to any party's claim or defense nor proportional to the needs of the case within the meaning of revised Federal Rule of Civil Procedure Rule 26(b)(1).

Without waiving said objections, Responding Party cannot comply with this request because Responding Party does not have any responsive documents in Responding Party's possession, custody, or control.

**DD. EXPERIAN REQUEST NO. 30:**

**6/10/2025 REQUEST FOR PRODUCTION NO. 30: (TO STEIN SAKS, PLLC)**

All versions of any retainer agreement, engagement letter, or fee agreement provided to YOUR clients referred to YOU by any CREDIT REPAIR ORGANIZATION or MORTGAGE ENTITY.

**6/10/2025 REQUEST FOR PRODUCTION NO. 30: (SAME TO JUDAH STEIN, YAAKOV SAKS, ELIYAHU BABAD, TAMIR SALAND)**

All versions of any retainer agreement, engagement letter, or fee agreement provided to YOUR clients referred to YOU or STEIN SAKS by any CREDIT REPAIR ORGANIZATION or any MORTGAGE ENTITY.

**7/24/2025 RESPONSE TO REQUEST FOR PRODUCTION NO. 30: (SAME FROM ALL DEFENDANTS)**

Objection. Responding Party objects to this request on the grounds that it is overbroad as to time and scope and seeks information not relevant to any party's claim or defense nor proportional to the needs of the case within the meaning of revised Federal Rule of Civil Procedure Rule 26(b)(1). Also, Responding Party objects to this request on the grounds that it seeks information protected from disclosure by attorney client privilege and/or work product doctrine.

**3/9/2026 SUPPLEMENTAL RESPONSE TO REQUEST NO. 30: (SAME FROM ALL DEFENDANTS)**

Responding party shall comply with this request by producing all non-privileged documents for the period January 1, 2018, to the present, that are responsive to this request and which are related to the specific individuals (Defendant Yenon Argy, Defendant Justin Zeig, Defendant Chesky Monk, Defendant Daniel J. Soffer) and specific cases (Adjmi v. Experian Info. Sols. Inc. et al., 3:23-cv-20736; Amiram v. Transunion, LLC, et al., 2:22-cv-07018; Butnick v. Experian Info. Sols., Inc., 20-CV-1631; Dorray v. Equifax Info. Servs., LLC, 8:23-cv-02224; Gang vs.

Equifax Information Services, LLC, et al., 2:23-cv03834; Glick vs. Experian Info. sols., Inc, 3:23-cv-4335; Greenblatt v. TransUnion, LLC, 2:23-cv-06943; Hano vs. Equifax Information Services, LLC, et al., 2:23-cv-02273; Herskowitz v. TransUnion, LLC, 2:22- cv-07151; Johnson v. TransUnion, LLC, 1:23-cv-21404; Kahen vs. Equifax Information Services, LLC, et al., 2:23-cv-08106; Kanelsky vs. Experian Info. Sols., Inc., et al., 2:23-cv-02524; Kaufman v. Equifax Info. Servs., LLC, 18-cv -7420; King vs. TransUnion, LLC, et al., 3:23-cv-1799; Malichi v. Equifax Info. Servs., LLC, 1:23-cv-08628; Mendlowitz v. TransUnion, LLC, 2:23-cv-01408; Mizrahi vs. Equifax Information Services, LLC, et al., No. 2:23-cv-4570; Nachison v. Equifax, No. 22-cv-02833; Ostreicher v. Chase Bank USA, N.A., 19-CV-8175; Silber v. Transunion, LLC, 2:23-cv-03927; Small v. TransUnion, LLC, 2:23-cv-02782; Sofer vs. Transunion, LLC, et al., 1:23-cv-4844; Vargas, Aquilas 1:23-cv-01325; Zokari v. Equifax Info. Servs., LLC, 1:23-cv-03702) identified in Plaintiff's Amended Complaint. Discovery is ongoing.

**EE. EXPERIAN REQUEST NO. 31:**

**6/10/2025 REQUEST FOR PRODUCTION NO. 31: (TO STEIN SAKS, PLLC)[3]**

All organizational charts, employee rosters, or other DOCUMENTS sufficient to identify every Stein Saks, PLLC attorney, paralegal, or staff member involved in (a) negotiating referral arrangements or (b) processing or approving disbursements of settlement proceeds to PERSONS not licensed to practice law.

**6/10/2025 REQUEST FOR PRODUCTION NO. 31: (SAME AS TO JUDAH STEIN,**

[3] Experian served 41 Requests on Stein Saks, PLLC and 39 Requests on the Individual Defendants. *See* Herron Decl., ¶¶ 15-16, 28. Requests 3, 4, 31, and 32 to Stein Saks, PLLC were unique. *See id.* **Exhibit A**. Request Nos. 33 through 41 to Stein Saks, PLLC are substantively identical to Request Nos. 31 through 39 to the Individual Defendants, but are numbered differently in Stein Saks PLLC's responses because it used the set of 39 Requests served on the Individual Defendants as a template for its responses, rather than its own 41-Request set. *See id.* ¶¶ 15-16, 28 Accordingly, where this Joint Stipulation presents each Request in dispute, Stein Saks, PLLC's responses to its own Request Nos. 33-41 (as set forth in **Exhibit A**) are drawn from its responses to Request Nos. 31-39 set forth in **Exhibits F** and **M** (i.e., two numbers lower). Each Stein Saks, PLLC response entry below identifies the corresponding Stein Saks, PLLC Request number in brackets for ease of reference. For Request Nos. 40 and 41, which were served on Stein Saks, PLLC only, Stein Saks, PLLC's substantive position is reflected by its responses to Request Nos. 38 and 39, respectively, which are identical in substance and cross-referenced accordingly.

**YAAKOV SAKS, ELIYAHU BABAD, TAMIR SALAND)**

All DOCUMENTS and COMMUNICATIONS from October 1, 2023 to the present RELATED TO any consideration, discussion, decision, action, or proposal to alter, revise, modify, suspend, or terminate any existing referral arrangements or agreements, whether formal or information, with any REFERRAL SOURCE.

**<u>7/24/2025 RESPONSE TO REQUEST FOR PRODUCTION NO. 31</u>: (SAME FROM ALL DEFENDANTS)**

Objection. Responding Party objects to this request on the grounds that it is overbroad as to time and scope and seeks information not relevant to any party's claim or defense nor proportional to the needs of the case within the meaning of revised Federal Rule of Civil Procedure Rule 26(b)(1).

*[<u>NOTE</u>: Stein Saks PLLC's response here on July 24, 2025, see **<u>Exhibit F</u>**, is keyed to its own Request No. 33, see **<u>Exhibit A</u>**, but misnumbered as Request No. 31 in its response as explained in footnote 2, supra. Thus, the response to Request No. 31 in **<u>Exhibit F</u>** does not respond to the Request No. 31 served on Stein Saks, PLLC. See **<u>Exhibit A</u>**.]*

**<u>3/9/2026 SUPPLEMENTAL RESPONSE TO REQUEST NO. 31</u>: (SAME FROM ALL DEFENDANTS)**

Responding party shall comply with this request by producing all non-privileged documents for the period January 1, 2018, to the present, that are responsive to this request and which are related to the specific individuals (Defendant Yenon Argy, Defendant Justin Zeig, Defendant Chesky Monk, Defendant Daniel J. Soffer) and specific cases (Adjmi v. Experian Info. Sols. Inc. et al., 3:23-cv-20736; Amiram v. Transunion, LLC, et al., 2:22-cv-07018; Butnick v. Experian Info. Sols., Inc., 20-CV-1631; Dorray v. Equifax Info. Servs., LLC, 8:23-cv-02224; Gang vs. Equifax Information Services, LLC, et al., 2:23-cv03834; Glick vs. Experian Info. sols., Inc, 3:23-cv-4335; Greenblatt v. TransUnion, LLC, 2:23-cv-06943; Hano vs. Equifax Information Services, LLC, et al., 2:23-cv-02273; Herskowitz v.

TransUnion, LLC, 2:22- cv-07151; Johnson v. TransUnion, LLC, 1:23-cv-21404; Kahen vs. Equifax Information Services, LLC, et al., 2:23-cv-08106; Kanelsky vs. Experian Info. Sols., Inc., et al., 2:23-cv-02524; Kaufman v. Equifax Info. Servs., LLC, 18-cv -7420; King vs. TransUnion, LLC, et al., 3:23-cv-1799; Malichi v. Equifax Info. Servs., LLC, 1:23-cv-08628; Mendlowitz v. TransUnion, LLC, 2:23-cv-01408; Mizrahi vs. Equifax Information Services, LLC, et al., No. 2:23-cv-4570; Nachison v. Equifax, No. 22-cv-02833; Ostreicher v. Chase Bank USA, N.A., 19-CV-8175; Silber v. Transunion, LLC, 2:23-cv-03927; Small v. TransUnion, LLC, 2:23-cv-02782; Sofer vs. Transunion, LLC, et al., 1:23-cv-4844; Vargas, Aquilas 1:23-cv-01325; Zokari v. Equifax Info. Servs., LLC, 1:23-cv-03702) identified in Plaintiff's Amended Complaint. Discovery is ongoing.

*[NOTE: Stein Saks PLLC's supplemental response here on March 9, 2026, see **Exhibit M**, is keyed to its own Request No. 33, see **Exhibit A**, but misnumbered as Request No. 31 in its supplemental response as explained in footnote 2, supra. Thus, the supplemental response to Request No. 31 in **Exhibit M** does not provide a supplemental response to the Request No. 31 served on Stein Saks, PLLC. See **Exhibit A**.]*

**FF. EXPERIAN REQUEST NO. 32:**

**6/10/2025 REQUEST FOR PRODUCTION NO. 32: (TO STEIN SAKS, PLLC)**

All DOCUMENTS and COMMUNICATIONS RELATED TO the transfer of any payment, remuneration, compensation, fee, reimbursement, or other form of monetary or non-monetary consideration from YOU to ZEIG LAW, JUSTIN ZEIG, CHESKY MONK, INNOVATIVE CREDIT CONSULTANTS, YENON ARGY, COLLECTIVE CREDIT INTERNATIONAL, LLC or DANIEL SOFFER, whether directly or indirectly.

**6/10/2025 REQUEST FOR PRODUCTION NO. 32: (SAME TO JUDAH STEIN, YAAKOV SAKS, ELIYAHU BABAD, TAMIR SALAND)**

All COMMUNICATIONS between YOU and a MORTGAGE ENTITY or

CREDIT REPAIR ORGANIZATION RELATED TO consumer credit applications or denials.

**7/24/2025 RESPONSE TO REQUEST FOR PRODUCTION NO. 32: (SAME FROM ALL DEFENDANTS)**

Objection. Responding Party objects to this request on the grounds that it is overbroad as to time and scope and seeks information not relevant to any party's claim or defense nor proportional to the needs of the case within the meaning of revised Federal Rule of Civil Procedure Rule 26(b)(1). Also, Responding Party objects to this request on the grounds that it seeks information protected from disclosure by attorney client privilege and/or work product doctrine.

*[NOTE: Stein Saks PLLC's response here on July 24, 2025, see **Exhibit F**, is keyed to its own Request No. 34, see **Exhibit A**, but misnumbered as Request No. 32 in its response as explained in footnote 2, supra. Thus, the response to Request No. 32 in **Exhibit F** does not respond to the Request No. 32 served on Stein Saks, PLLC. See **Exhibit A**.]*

**3/9/2026 SUPPLEMENTAL RESPONSE TO REQUEST NO. 32: (SAME FROM ALL DEFENDANTS)**

Responding party shall comply with this request by producing all non-privileged documents for the period January 1, 2018, to the present, that are responsive to this request and which are related to the specific individuals (Defendant Yenon Argy, Defendant Justin Zeig, Defendant Chesky Monk, Defendant Daniel J. Soffer) and specific cases (Adjmi v. Experian Info. Sols. Inc. et al., 3:23-cv-20736; Amiram v. Transunion, LLC, et al., 2:22-cv-07018; Butnick v. Experian Info. Sols., Inc., 20-CV-1631; Dorray v. Equifax Info. Servs., LLC, 8:23-cv-02224; Gang vs. Equifax Information Services, LLC, et al., 2:23-cv03834; Glick vs. Experian Info. sols., Inc, 3:23-cv-4335; Greenblatt v. TransUnion, LLC, 2:23-cv-06943; Hano vs. Equifax Information Services, LLC, et al., 2:23-cv-02273; Herskowitz v. TransUnion, LLC, 2:22- cv-07151; Johnson v. TransUnion, LLC, 1:23-cv-21404;

Kahen vs. Equifax Information Services, LLC, et al., 2:23-cv-08106; Kanelsky vs. Experian Info. Sols., Inc., et al., 2:23-cv-02524; Kaufman v. Equifax Info. Servs., LLC, 18-cv -7420; King vs. TransUnion, LLC, et al., 3:23-cv-1799; Malichi v. Equifax Info. Servs., LLC, 1:23-cv-08628; Mendlowitz v. TransUnion, LLC, 2:23-cv-01408; Mizrahi vs. Equifax Information Services, LLC, et al., No. 2:23-cv-4570; Nachison v. Equifax, No. 22-cv-02833; Ostreicher v. Chase Bank USA, N.A., 19-CV-8175; Silber v. Transunion, LLC, 2:23-cv-03927; Small v. TransUnion, LLC, 2:23-cv-02782; Sofer vs. Transunion, LLC, et al., 1:23-cv-4844; Vargas, Aquilas 1:23-cv-01325; Zokari v. Equifax Info. Servs., LLC, 1:23-cv-03702) identified in Plaintiff's Amended Complaint. Discovery is ongoing.

*[NOTE: Stein Saks PLLC's supplemental response here on March 9, 2026, see **Exhibit M**, is keyed to its own Request No. 34, see **Exhibit A**, but misnumbered as Request No. 32 in its supplemental response as explained in footnote 2, supra. Thus, the supplemental response to Request No. 32 in **Exhibit M** does not provide a supplemental response to the Request No. 32 served on Stein Saks, PLLC. See **Exhibit A**.]*

**GG. EXPERIAN REQUEST NO. 33:**

**6/10/2025 REQUEST FOR PRODUCTION NO. 33: (TO STEIN SAKS, PLLC)**

All DOCUMENTS and COMMUNICATIONS from October 1, 2023 to the present RELATED TO any consideration, discussion, decision, action, or proposal to alter, revise, modify, suspend, or terminate any existing referral arrangements or agreements, whether formal or information, with any REFERRAL SOURCE.

**6/10/2025 REQUEST FOR PRODUCTION NO. 33: (SAME AS TO JUDAH STEIN, YAAKOV SAKS, ELIYAHU BABAD, TAMIR SALAND)**

All COMMUNICATIONS between YOU and CAROL FRANZ or CORNERSTONE FIRST MORTGAGE, LLC.

**7/24/2025 RESPONSE TO REQUEST FOR PRODUCTION NO. 33: (SAME FROM STEIN SAKS, PLLC, JUDAH STEIN, YAAKOV SAKS, ELIYAHU BABAD)**

Responding Party will produce all responsive documents in Responding Party's possession, custody, and control.

*[NOTE: Stein Saks PLLC's response here on July 24, 2025, see **Exhibit F**, is keyed to its own Request 35, see **Exhibit A**, but misnumbered as Request No. 33 in its response as explained in footnote 2, supra]*

**7/24/2025 RESPONSE TO REQUEST FOR PRODUCTION NO. 33: (FROM TAMIR SALAND)**

Responding Party is unable to comply with this request because responsive documents are no longer in Responding Party's possession, custody, or control.

**HH. EXPERIAN REQUEST NO. 34:**

**6/10/2025 REQUEST FOR PRODUCTION NO. 34: (TO STEIN SAKS, PLLC)**

All COMMUNICATIONS between YOU and a MORTGAGE ENTITY or CREDIT REPAIR ORGANIZATION RELATED TO consumer credit applications or denials.

**6/10/2025 REQUEST FOR PRODUCTION NO. 34: (SAME AS TO JUDAH STEIN, YAAKOV SAKS, ELIYAHU BABAD, TAMIR SALAND)**

All DOCUMENTS and COMMUNICATIONS RELATED TO YOUR practices, procedures, or other due diligence to verify, authenticate, confirm, or otherwise ensure any denial letter YOU or STEIN SAKS received from a REFERRAL SOURCE was authentic and accurately reflected a bona fide credit denial.

**7/24/2025 RESPONSE TO REQUEST FOR PRODUCTION NO. 34: (SAME FROM ALL DEFENDANTS)**

Objection. Responding Party objects to this request on the grounds that it is overbroad as to time and scope and seeks information not relevant to any party's claim or defense nor proportional to the needs of the case within the meaning of revised Federal Rule of Civil Procedure Rule 26(b)(1). Also, Responding Party objects to this request on the grounds that it seeks information protected from

disclosure by attorney client privilege and/or work product doctrine.

*[NOTE: Stein Saks PLLC's response here on July 24, 2025, see **Exhibit F**, is keyed to its own Request No. 36, see **Exhibit A**, but misnumbered as Request No. 34 in its response as explained in footnote 2, supra]*

**3/9/2026 SUPPLEMENTAL RESPONSE TO REQUEST NO. 34: (SAME FROM ALL DEFENDANTS)**

Responding party shall comply with this request by producing all non-privileged documents for the period January 1, 2018, to the present, that are responsive to this request and which are related to the specific individuals (Defendant Yenon Argy, Defendant Justin Zeig, Defendant Chesky Monk, Defendant Daniel J. Soffer) and specific cases (Adjmi v. Experian Info. Sols. Inc. et al., 3:23-cv-20736; Amiram v. Transunion, LLC, et al., 2:22-cv-07018; Butnick v. Experian Info. Sols., Inc., 20-CV-1631; Dorray v. Equifax Info. Servs., LLC, 8:23-cv-02224; Gang vs. Equifax Information Services, LLC, et al., 2:23-cv03834; Glick vs. Experian Info. sols., Inc, 3:23-cv-4335; Greenblatt v. TransUnion, LLC, 2:23-cv-06943; Hano vs. Equifax Information Services, LLC, et al., 2:23-cv-02273; Herskowitz v. TransUnion, LLC, 2:22- cv-07151; Johnson v. TransUnion, LLC, 1:23-cv-21404; Kahen vs. Equifax Information Services, LLC, et al., 2:23-cv-08106; Kanelsky vs. Experian Info. Sols., Inc., et al., 2:23-cv-02524; Kaufman v. Equifax Info. Servs., LLC, 18-cv -7420; King vs. TransUnion, LLC, et al., 3:23-cv-1799; Malichi v. Equifax Info. Servs., LLC, 1:23-cv-08628; Mendlowitz v. TransUnion, LLC, 2:23-cv-01408; Mizrahi vs. Equifax Information Services, LLC, et al., No. 2:23-cv-4570; Nachison v. Equifax, No. 22-cv-02833; Ostreicher v. Chase Bank USA, N.A., 19-CV-8175; Silber v. Transunion, LLC, 2:23-cv-03927; Small v. TransUnion, LLC, 2:23-cv-02782; Sofer vs. Transunion, LLC, et al., 1:23-cv-4844; Vargas, Aquilas 1:23-cv-01325; Zokari v. Equifax Info. Servs., LLC, 1:23-cv-03702) identified in Plaintiff's Amended Complaint. Discovery is ongoing.

*[NOTE: Stein Saks PLLC's supplemental response here on March 9, 2026,*

*see **Exhibit M**, is keyed to its own Request No. 36, see **Exhibit A**, but misnumbered as Request No. 34 in its response as explained in footnote 2, supra]*

## II. EXPERIAN REQUEST NO. 35:

**6/10/2025 REQUEST FOR PRODUCTION NO. 35: (TO STEIN SAKS, PLLC)**

All COMMUNICATIONS between YOU and CAROL FRANZ or CORNERSTONE FIRST MORTGAGE, LLC.

**6/10/2025 REQUEST FOR PRODUCTION NO. 35: (SAME AS TO JUDAH STEIN, YAAKOV SAKS, ELIYAHU BABAD, TAMIR SALAND)**

All DOCUMENTS and COMMUNICATIONS RELATED TO each and every civil action, arbitration, or other legal proceeding in which YOU represented a plaintiff who produced or relied upon a purported denial letter from a MORTGAGE ENTITY to support a claim under the FCRA.

**7/24/2025 RESPONSE TO REQUEST FOR PRODUCTION NO. 35: (SAME FROM ALL DEFENDANTS)**

Objection. Responding Party objects to this request on the grounds that it is overbroad as to time and scope and seeks information not relevant to any party's claim or defense nor proportional to the needs of the case within the meaning of revised Federal Rule of Civil Procedure Rule 26(b)(1). Also, Responding Party objects to this request on the grounds that it seeks information protected from disclosure by attorney client privilege and/or work product doctrine.

*[NOTE: Stein Saks PLLC's response here on July 24, 2025, see **Exhibit F**, is keyed to its own Request 37, see **Exhibit A**, but misnumbered as Request No. 35 in its supplemental response as explained in footnote 2, supra]*

**3/9/2026 SUPPLEMENTAL RESPONSE TO REQUEST NO. 35: (SAME FROM ALL DEFENDANTS)**

Responding party shall comply with this request by producing all non-privileged documents for the period January 1, 2018, to the present, that are responsive to this request and which are related to the specific individuals (Defendant

Yenon Argy, Defendant Justin Zeig, Defendant Chesky Monk, Defendant Daniel J. Soffer) and specific cases (Adjmi v. Experian Info. Sols. Inc. et al., 3:23-cv-20736; Amiram v. Transunion, LLC, et al., 2:22-cv-07018; Butnick v. Experian Info. Sols., Inc., 20-CV-1631; Dorray v. Equifax Info. Servs., LLC, 8:23-cv-02224; Gang vs. Equifax Information Services, LLC, et al., 2:23-cv03834; Glick vs. Experian Info. sols., Inc, 3:23-cv-4335; Greenblatt v. TransUnion, LLC, 2:23-cv-06943; Hano vs. Equifax Information Services, LLC, et al., 2:23-cv-02273; Herskowitz v. TransUnion, LLC, 2:22- cv-07151; Johnson v. TransUnion, LLC, 1:23-cv-21404; Kahen vs. Equifax Information Services, LLC, et al., 2:23-cv-08106; Kanelsky vs. Experian Info. Sols., Inc., et al., 2:23-cv-02524; Kaufman v. Equifax Info. Servs., LLC, 18-cv -7420; King vs. TransUnion, LLC, et al., 3:23-cv-1799; Malichi v. Equifax Info. Servs., LLC, 1:23-cv-08628; Mendlowitz v. TransUnion, LLC, 2:23-cv-01408; Mizrahi vs. Equifax Information Services, LLC, et al., No. 2:23-cv-4570; Nachison v. Equifax, No. 22-cv-02833; Ostreicher v. Chase Bank USA, N.A., 19-CV-8175; Silber v. Transunion, LLC, 2:23-cv-03927; Small v. TransUnion, LLC, 2:23-cv-02782; Sofer vs. Transunion, LLC, et al., 1:23-cv-4844; Vargas, Aquilas 1:23-cv-01325; Zokari v. Equifax Info. Servs., LLC, 1:23-cv-03702) identified in Plaintiff's Amended Complaint. Discovery is ongoing.

*[NOTE: Stein Saks PLLC's supplemental response here on March 9, 2026, see **Exhibit M**, is keyed to its own Request No. 37, see **Exhibit A**, but misnumbered as Request No. 35 in its supplemental response as explained in footnote 2, supra]*

**JJ. EXPERIAN REQUEST NO. 36:**

**6/10/2025 REQUEST FOR PRODUCTION NO. 36: (TO STEIN SAKS, PLLC)**

All DOCUMENTS and COMMUNICATIONS RELATED TO YOUR policies, procedures, or other due diligence to verify, authenticate, confirm, or otherwise ensure any credit denial letter YOU received from a REFERRAL SOURCE was authentic and accurately reflected a bona fide credit denial.

**6/10/2025 REQUEST FOR PRODUCTION NO. 36: (SAME AS TO JUDAH STEIN,**

**YAAKOV SAKS, ELIYAHU BABAD, TAMIR SALAND)**

All DOCUMENTS and COMMUNICATIONS RELATED TO each and every instance in which YOU or other PERSONS under YOUR supervision directed, instructed, or advised a consumer, either directly or indirectly, to apply for credit before initiating a civil action, arbitration, or other legal proceeding against EXPERIAN.

**7/24/2025 RESPONSE TO REQUEST FOR PRODUCTION NO. 36: (SAME FROM ALL DEFENDANTS)**

Objection. Responding Party objects to this request on the grounds that it is overbroad as to time and scope and seeks information not relevant to any party's claim or defense nor proportional to the needs of the case within the meaning of revised Federal Rule of Civil Procedure Rule 26(b)(1). Also, Responding Party objects to this request on the grounds that it seeks information protected from disclosure by attorney client privilege and/or work product doctrine.

*[NOTE: Stein Saks PLLC's response here on July 24, 2025, see **Exhibit F**, is keyed to its own Request No. 38, see **Exhibit A**, but misnumbered as Request No. 36 in its response as explained in footnote 2, supra]*

**3/9/2026 SUPPLEMENTAL RESPONSE TO REQUEST NO. 36: (SAME FROM ALL DEFENDANTS)**

Responding Party shall comply with this request by producing all non-privileged documents for the period January 1, 2018, to the present, that are responsive to this request and which are related to the specific individuals (Defendant Yenon Argy, Defendant Justin Zeig, Defendant Chesky Monk, Defendant Daniel J. Soffer) and specific cases (Adjmi v. Experian Info. Sols. Inc. et al., 3:23-cv-20736; Amiram v. Transunion, LLC, et al., 2:22-cv-07018; Butnick v. Experian Info. Sols., Inc., 20-CV-1631; Dorray v. Equifax Info. Servs., LLC, 8:23-cv-02224; Gang vs. Equifax Information Services, LLC, et al., 2:23-cv03834; Glick vs. Experian Info. sols., Inc, 3:23-cv-4335; Greenblatt v. TransUnion, LLC, 2:23-cv-06943; Hano vs.

Equifax Information Services, LLC, et al., 2:23-cv-02273; Herskowitz v. TransUnion, LLC, 2:22- cv-07151; Johnson v. TransUnion, LLC, 1:23-cv-21404; Kahen vs. Equifax Information Services, LLC, et al., 2:23-cv-08106; Kanelsky vs. Experian Info. Sols., Inc., et al., 2:23-cv-02524; Kaufman v. Equifax Info. Servs., LLC, 18-cv -7420; King vs. TransUnion, LLC, et al., 3:23-cv-1799; Malichi v. Equifax Info. Servs., LLC, 1:23-cv-08628; Mendlowitz v. TransUnion, LLC, 2:23-cv-01408; Mizrahi vs. Equifax Information Services, LLC, et al., No. 2:23-cv-4570; Nachison v. Equifax, No. 22-cv-02833; Ostreicher v. Chase Bank USA, N.A., 19-CV-8175; Silber v. Transunion, LLC, 2:23-cv-03927; Small v. TransUnion, LLC, 2:23-cv-02782; Sofer vs. Transunion, LLC, et al., 1:23-cv-4844; Vargas, Aquilas 1:23-cv-01325; Zokari v. Equifax Info. Servs., LLC, 1:23-cv-03702) identified in Plaintiff's Amended Complaint. Discovery is ongoing.

*[NOTE: Stein Saks PLLC's supplemental response here on March 9, 2026, see **Exhibit M**, is keyed to its own Request No. 38, see **Exhibit A**, but misnumbered as Request No. 36 in its supplemental response as explained in footnote 2, supra]*

**KK. EXPERIAN REQUEST NO. 37:**

**6/10/2025 REQUEST FOR PRODUCTION NO. 37: (TO STEIN SAKS, PLLC)**

All DOCUMENTS and COMMUNICATIONS RELATED TO each and every civil action, arbitration, or other legal proceeding in which YOU or YOUR attorneys represented a plaintiff who produced or relied upon a purported denial letter from a MORTGAGE ENTITY to support a claim under the FCRA.

**6/10/2025 REQUEST FOR PRODUCTION NO. 37: (SAME AS TO JUDAH STEIN, YAAKOV SAKS, ELIYAHU BABAD, TAMIR SALAND)**

All DOCUMENTS and COMMUNICATIONS RELATED TO professional liability insurance policy that could cover any potential or actual claim relating to the allegations in the COMPLAINT.

**7/24/2025 RESPONSE TO REQUEST FOR PRODUCTION NO. 37: (SAME FROM STEIN SAKS, PLLC, JUDAH STEIN, YAAKOV SAKS, ELIYAHU BABAD)**

Objection. Responding Party objects to this request on the grounds that it is overbroad as to time and scope and seeks information not relevant to any party's claim or defense nor proportional to the needs of the case within the meaning of revised Federal Rule of Civil Procedure Rule 26(b)(1). Also, Responding Party objects to this request on the grounds that it seeks information protected from disclosure by attorney client privilege and/or work product doctrine.

Without waiving said objections, Responding Party answers as follows: Responding Party will produce a copy of the subject insurance policy.

*[NOTE: Stein Saks PLLC's response here on July 24, 2025, see **Exhibit F**, is keyed to its own Request No. 39, see **Exhibit A**, but misnumbered as Request No. 37 in its response as explained in footnote 2, supra]*

**7/24/2025 RESPONSE TO REQUEST FOR PRODUCTION NO. 37: (FROM TAMIR SALAND)**

Objection. Responding Party objects to this request on the grounds that it is overbroad as to time and scope and seeks information not relevant to any party's claim or defense nor proportional to the needs of the case within the meaning of revised Federal Rule of Civil Procedure Rule 26(b)(1). Also, Responding Party objects to this request on the grounds that it seeks information protected from disclosure by attorney client privilege and/or work product doctrine.

Without waiving said objections, Responding Party cannot comply with this request because responsive documents are no longer in Responding Party's possession, custody and control.

**LL. EXPERIAN REQUEST NO. 38:**

**6/10/2025 REQUEST FOR PRODUCTION NO. 38: (TO STEIN SAKS, PLLC)**

All DOCUMENTS and COMMUNICATIONS RELATED TO each and every instance in which YOU or other PERSONS under YOUR supervision directed, instructed, or advised a consumer, either directly or indirectly, to apply for credit before initiating a civil action, arbitration, or other legal proceeding against

EXPERIAN.

**<u>6/10/2025 REQUEST FOR PRODUCTION NO. 38</u>: (SAME AS TO JUDAH STEIN, YAAKOV SAKS, ELIYAHU BABAD, TAMIR SALAND)**

All DOCUMENTS and COMMUNICATIONS between YOU and CODEFENDANTS, YENON ARGY, CREDIT REPAIR ORGANIZATIONS, MORTGAGE ENTITIES, or REFERRAL SOURCES in RELATION TO YOUR requests for the contact information (including, but not limited to, email addresses, phone numbers, and mailing addresses) of plaintiffs YOU or STEIN SAKS represented in EXPERIAN LITIGATION after litigation had already commenced.

**<u>7/24/2025 RESPONSE TO REQUEST FOR PRODUCTION NO. 38</u>: (SAME FROM ALL DEFENDANTS)**

Objection. Responding Party objects to this request on the grounds that it is overbroad as to time and scope and seeks information not relevant to any party's claim or defense nor proportional to the needs of the case within the meaning of revised Federal Rule of Civil Procedure Rule 26(b)(1). Also, Responding Party objects to this request on the grounds that it seeks information protected from disclosure by attorney client privilege and/or work product doctrine.

*[<u>NOTE</u>: Stein Saks PLLC's response here on July 24, 2025, see **<u>Exhibit F</u>**, is keyed to its own Request No. 40, see **<u>Exhibit A</u>**, but misnumbered as Request No. 38 in its response as explained in footnote 2, supra]*

**<u>3/9/2026 SUPPLEMENTAL RESPONSE TO REQUEST NO. 38</u>: (SAME FROM ALL DEFENDANTS)**

Responding party shall comply with this request by producing all non-privileged documents for the period January 1, 2018, to the present, that are responsive to this request and which are related to the specific individuals (Defendant Yenon Argy, Defendant Justin Zeig, Defendant Chesky Monk, Defendant Daniel J. Soffer) and specific cases (Adjmi v. Experian Info. Sols. Inc. et al., 3:23-cv-20736; Amiram v. Transunion, LLC, et al., 2:22-cv-07018; Butnick v. Experian Info. Sols.,

Inc., 20-CV-1631; Dorray v. Equifax Info. Servs., LLC, 8:23-cv-02224; Gang vs. Equifax Information Services, LLC, et al., 2:23-cv03834; Glick vs. Experian Info. sols., Inc, 3:23-cv-4335; Greenblatt v. TransUnion, LLC, 2:23-cv-06943; Hano vs. Equifax Information Services, LLC, et al., 2:23-cv-02273; Herskowitz v. TransUnion, LLC, 2:22- cv-07151; Johnson v. TransUnion, LLC, 1:23-cv-21404; Kahen vs. Equifax Information Services, LLC, et al., 2:23-cv-08106; Kanelsky vs. Experian Info. Sols., Inc., et al., 2:23-cv-02524; Kaufman v. Equifax Info. Servs., LLC, 18-cv -7420; King vs. TransUnion, LLC, et al., 3:23-cv-1799; Malichi v. Equifax Info. Servs., LLC, 1:23-cv-08628; Mendlowitz v. TransUnion, LLC, 2:23-cv-01408; Mizrahi vs. Equifax Information Services, LLC, et al., No. 2:23-cv-4570; Nachison v. Equifax, No. 22-cv-02833; Ostreicher v. Chase Bank USA, N.A., 19-CV-8175; Silber v. Transunion, LLC, 2:23-cv-03927; Small v. TransUnion, LLC, 2:23-cv-02782; Sofer vs. Transunion, LLC, et al., 1:23-cv-4844; Vargas, Aquilas 1:23-cv-01325; Zokari v. Equifax Info. Servs., LLC, 1:23-cv-03702) identified in Plaintiff's Amended Complaint. Discovery is ongoing.

*[NOTE:Stein Saks PLLC's supplemental response here on March 9, 2026, see **Exhibit M**, is keyed to its own Request No. 40, see **Exhibit A**, but misnumbered as Request No. 38 in its supplemental response as explained in footnote 2, supra]*

**MM. EXPERIAN REQUEST NO. 39:**

**6/10/2025 REQUEST FOR PRODUCTION NO. 39: (TO STEIN SAKS, PLLC)**

All DOCUMENTS and COMMUNICATIONS RELATED TO professional liability insurance policy that could cover any potential or actual claim relating to the allegations in the COMPLAINT.

**6/10/2025 REQUEST FOR PRODUCTION NO. 39: (SAME AS TO JUDAH STEIN, YAAKOV SAKS, ELIYAHU BABAD, TAMIR SALAND)**

All DOCUMENTS and COMMUNICATIONS between YOU and CODEFENDANTS, YENON ARGY, CREDIT REPAIR ORGANIZATIONS, MORTGAGE ENTITIES, or REFERRAL SOURCES in RELATION TO litigation

discovery requests to plaintiffs that YOU or STEIN SAKS represented in EXPERIAN LITIGATION.

**7/24/2025 RESPONSE TO REQUEST FOR PRODUCTION NO. 39: (SAME FROM ALL DEFENDANTS)**

Objection. Responding Party objects to this request on the grounds that it is overbroad as to time and scope and seeks information not relevant to any party's claim or defense nor proportional to the needs of the case within the meaning of revised Federal Rule of Civil Procedure Rule 26(b)(1). Also, Responding Party objects to this request on the grounds that it seeks information protected from disclosure by attorney client privilege and/or work product doctrine.

*[NOTE: Stein Saks PLLC's response here on July 24, 2025, see **Exhibit F**, is keyed to its own Request No. 41, see **Exhibit A**, but misnumbered as Request No. 39 in its response as explained in footnote 2, supra]*

**3/9/2026 SUPPLEMENTAL RESPONSE TO REQUEST NO. 39: (FROM STEIN SAKS, PLLC AND ELIYAHU BABAD ONLY)**

Responding party shall comply with this request by producing all non-privileged documents for the period January 1, 2018, to the present, that are responsive to this request and which are related to the specific individuals (Defendant Yenon Argy, Defendant Justin Zeig, Defendant Chesky Monk, Defendant Daniel J. Soffer) and specific cases (Adjmi v. Experian Info. Sols. Inc. et al., 3:23-cv-20736; Amiram v. Transunion, LLC, et al., 2:22-cv-07018; Butnick v. Experian Info. Sols., Inc., 20-CV-1631; Dorray v. Equifax Info. Servs., LLC, 8:23-cv-02224; Gang vs. Equifax Information Services, LLC, et al., 2:23-cv03834; Glick vs. Experian Info. sols., Inc, 3:23-cv-4335; Greenblatt v. TransUnion, LLC, 2:23-cv-06943; Hano vs. Equifax Information Services, LLC, et al., 2:23-cv-02273; Herskowitz v. TransUnion, LLC, 2:22- cv-07151; Johnson v. TransUnion, LLC, 1:23-cv-21404; Kahen vs. Equifax Information Services, LLC, et al., 2:23-cv-08106; Kanelsky vs. Experian Info. Sols., Inc., et al., 2:23-cv-02524; Kaufman v. Equifax Info. Servs.,

LLC, 18-cv -7420; King vs. TransUnion, LLC, et al., 3:23-cv-1799; Malichi v. Equifax Info. Servs., LLC, 1:23-cv-08628; Mendlowitz v. TransUnion, LLC, 2:23-cv-01408; Mizrahi vs. Equifax Information Services, LLC, et al., No. 2:23-cv-4570; Nachison v. Equifax, No. 22-cv-02833; Ostreicher v. Chase Bank USA, N.A., 19-CV-8175; Silber v. Transunion, LLC, 2:23-cv-03927; Small v. TransUnion, LLC, 2:23-cv-02782; Sofer vs. Transunion, LLC, et al., 1:23-cv-4844; Vargas, Aquilas 1:23-cv-01325; Zokari v. Equifax Info. Servs., LLC, 1:23-cv-03702) identified in Plaintiff's Amended Complaint. Discovery is ongoing.

*[NOTE: Stein Saks PLLC's supplemental response here on March 9, 2026, see **Exhibit M**, is keyed to its own Request No. 41, see **Exhibit A**, but misnumbered as Request No. 39 in its supplemental response as explained in footnote 2, supra]*

**NN. EXPERIAN REQUEST NO. 40 (TO STEIN SAKS, PLLC ONLY):**

**6/10/2025 REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS and COMMUNICATIONS between YOU and CODEFENDANTS, YENON ARGY, CREDIT REPAIR ORGANIZATIONS, MORTGAGE ENTITIES, or REFERRAL SOURCES in RELATION TO YOUR requests for the contact information (including, but not limited to, email addresses, phone numbers, and mailing addresses) of plaintiffs YOU represented in EXPERIAN LITIGATION after litigation had already commenced.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

*[NOTE: Stein Saks, PLLC has not served a formal response to this Request as numbered in the Stein Saks, PLLC Request set (**Exhibit A**, Request No. 40). However, a substantively identical request was served on the Individual Defendants as Request No. 38, and Stein Saks, PLLC's response to that substantively identical request is set forth above]*

**OO. EXPERIAN REQUEST NO. 41 (TO STEIN SAKS, PLLC ONLY):**

**6/10/2025 REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS and COMMUNICATIONS between YOU and

CODEFENDANTS, YENON ARGY, CREDIT REPAIR ORGANIZATIONS, MORTGAGE ENTITIES, or REFERRAL SOURCES in RELATION TO litigation discovery requests to plaintiffs that YOU represented in EXPERIAN LITIGATION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

*[NOTE: Stein Saks, PLLC has not served a formal response to this Request as numbered in the Stein Saks, PLLC Request set (**Exhibit A**, Request No. 41). However, a substantively identical request was served on the Individual Defendants as Request No. 39, and Stein Saks, PLLC's response to that substantively identical request is set forth above]*

## III. BACKGROUND

This motion is the product of fourteen months of unfulfilled commitments, recycled excuses, and a discovery record that speaks for itself. On June 10, 2025, Experian served its first set of Requests for Production on all five Defendants. *See* Herron Decl. ¶¶ 2-7. Defendants sought and received extensions of time to respond, and on July 24, 2025, they served their initial written responses. *Id.* ¶¶ 8-14. On August 19, 2025, they produced a single document: an insurance policy. *Id.* ¶ 17. Several responses confirmed that Defendants "will produce" documents across dozens of Requests. *See id.* ¶¶ 10-14; **Exhibits F-J**. They have not produced any other documents to this day.

On September 15, 2025, Experian sent Defendants a detailed Rule 37-1 letter characterizing their responses as "deficient, obstructive, and non-compliant with the Federal Rules of Civil Procedure." *See id.* ¶ 18; **Exhibit K** at 1. The letter set forth Experian's concerns that each Defendant had parroted a set of boilerplate objections and then pasted them word-for-word into nearly every Request. **Exhibit K** at 1-2. The letter also explained Experian's concerns that Defendants were withholding quintessential business records (e.g., referral and fee-sharing agreements, retainer agreements, trust account records, and communications with third-party referral sources) and that not a single document or communication with credit repair

operators or mortgage entities had been produced. *Id.* at 5-7.

Counsel met and conferred on September 19 and September 24, 2025. During the September 19 conferral, Defendants represented that they had retained a vendor to extract documents from their Microsoft Exchange email system, including accounts of former personnel, and that other sources (phones and messaging applications) would be included as applicable. Herron Decl. ¶ 19; **Exhibit L** at 2. Defendants' counsel stated that they aimed to substantially complete production by the end of the month, a deadline that came and went without a single document. *Id.* Defendants further agreed to confer with their clients regarding a range of other Requests. *Id.* Despite those commitments, no production followed.

In February 2026, the parties finished negotiating a detailed ESI Protocol governing the production of electronically stored information, which was filed with the Court on February 25, 2026. *Id.*, ¶ 20. The Protocol defines the format, custodians, and parameters for ESI production and left Defendants with no room to claim confusion about the mechanics of their obligations. *See* Dkt. 154. On March 6, 2026, Defendants filed a stipulated Protective Order with the Court governing the production of confidential documents. *See* Dkt. 157. And following multiple rounds of negotiation, the parties later reached agreement on search terms pursuant the ESI protocol on March 20, 2026. *See* Herron Decl. ¶ 29.

Meanwhile, on March 9, 2026, Defendants served supplemental written responses in which each Defendant broadened its production commitments across dozens of Requests. *See* Herron Decl. ¶¶ 22-28; **Exhibits M-Q**. No documents accompanied those supplemental responses.

On April 3, 2026, Experian made a substantial production of over 25,000 documents. Herron Decl. ¶ 30. That same day, Experian's counsel wrote to Defendants' counsel to note that, despite the September 15, 2025 Rule 37-1 letter and multiple meet-and-confers since, Experian had "yet to receive any substantive document production" and that "[t]his is unacceptable given the case deadlines

bearing down on both parties." *Id.*; **Exhibit R**. Experian demanded a date certain by which Defendants would complete their production and stated its intention to move to compel if no firm commitment was received. *Id.* On April 9, 2026, Defendants' counsel responded only to advise that they were "working with our vendor regarding the production" and would "update you as soon as possible." *Id.* Herron Decl. ¶ 31; **Exhibit S**. No production came.

On April 16, 2026, the parties jointly stipulated to extend the discovery deadline to December 22, 2026. Herron Decl. ¶ 32; *see also* Dkt. 162. In that stipulation, Defendants represented to the Court that they "are currently working through a document review based on the agreed-upon search terms" and that "[a]ll Parties are actively conducting document review." Dkt. 162 at 6. The parties also represented that they intended "to take depositions on a complete documentary record," which was "one of the central reasons a schedule extension serves all Parties' interests," and acknowledged that "depositions . . . cannot meaningfully proceed without substantial completion of document productions." *Id.* at 6-7.

Less than three weeks after the Joint Stipulation was filed, during a May 6, 2026 meet-and-confer, Defendants' counsel disclosed that Defendants had still not engaged a vendor and that meaningful progress on document review had not been made. *See* Herron Decl. ¶¶ 34-35. Defendants' counsel stated that Defendants were "prioritizing the production" and "actively seeking additional vendors." *Id.*; **Exhibit T** at 1. Experian noted that it was "extremely surprised to learn that there ha[d] been such little progress on completing document review, particularly at this stage," and that Experian had understood from prior correspondence "nearly a month ago that there was already a vendor being used." **Exhibit T** at 2. Experian pressed for "a concrete picture of when Stein Saks plans to produce documents" and warned that if court intervention became necessary, it would seek it. *Id.* at 1. Defendants offered no timeline and produced nothing.

On May 12, 2026, Experian supplemented its written responses and objections

to Defendants' first set of document requests, which the parties discussed separately during their meet and confer on May 6. Herron Decl. ¶¶ 34, 36. On July 31, 2026, Experian supplemented its written responses to some of Defendants' interrogatories, which Experian also agreed to supplement during the meet and confer. *Id.* ¶¶ 34, 37. On July 31, 2026, Experian made a second production of over 7,800 more documents to all parties. *Id.* ¶ 38.

On August 7, 2026, Experian again invoked the Local Rule 37-1 process, addressing Defendants' continued non-production, their objection-only and "not believed to exist" responses, and the adequacy of their searches. *Id.* ¶ 39; **Exhibit U**. Experian received no response for ten days. *Id.* ¶ 40. On August 17, 2026, having received no response and with the conferral deadline expiring that day, Experian followed up advising that it would proceed with preparing a joint stipulation if Defendants could not confer that day. *Id.*; **Exhibit V** at 3-4. Defendants' counsel responded on August 18, 2026, citing a trial schedule as explanation for the delay, and the parties conferred that afternoon. **Exhibit V** at 2. During that conference, Defendants' counsel confirmed that Defendants were not yet prepared to make a document production, were still in the process of transitioning counsel, and were working on engaging a new vendor. *Id.* at 1. While counsel also agreed to confer with Defendants on producing documents in response to certain Requests, no commitment to produce was made, and none has been honored since. *See id.* ¶ 41; **Exhibit V**. The parties were unable to resolve their discovery disputes, requiring the Court's intervention. *Id.* ¶ 41.

On August 25, 2026, Experian served Defendants with a joint stipulation and all of its supporting materials pursuant to Local Rule 37-2.2. *Id.* ¶ 42. Defendants did not respond, nor did they provide their portion of the joint stipulation within seven days of receipt as required by Local Rule 37-2.2. *Id.* On September 2, 2026, having receiving nothing in response, Experian notified Defendants of its intention to proceed with a motion to compel pursuant to Local Rule 37-2.4. *Id.*; **Exhibit W**.

The asymmetry in the discovery record is stark. Experian (which is not the primary custodian of much of the evidence central to this litigation) has produced 33,175 documents. *Id.* ¶¶ 30, 38. Even the other co-defendants have made substantive productions. *Id.* ¶ 39. Defendants, by contrast, have produced a single insurance policy despite repeatedly agreeing to produce responsive documents and representing to this Court that their document review was actively underway.

More than a year into discovery, Defendants' production remains effectively nonexistent. The pattern is unmistakable. Defendants have used meet-and-confers to make promises they did not keep, used ESI Protocol negotiations to consume time without producing documents, and relied on the Joint Stipulation filed in April 2026 to obtain an extended discovery deadline while apparently having no concrete plan to fulfill the obligations they undertook in exchange for it. This motion is Experian's effort to obtain from the Court what months of good-faith conferral with Defendants has been unable to secure: compliance.

## IV. <u>ARGUMENT</u>[4]

The discovery record in this case presents three distinct and independently sufficient grounds for Court intervention. First, across dozens of Requests, Defendants made express, written commitments to produce documents but have produced nothing. Second, for other Requests, Defendants served objection-only responses—or no responses at all—that are facially improper under the Federal Rules and substantively indefensible. Third, for still other Requests, Defendants disclaim any search obligation by asserting that responsive documents "are not believed to exist" or "have never existed," but those representations preceded the finalization of agreed-upon search terms and cannot be credited as the product of a principled,

[4] Local Rule 37-2.1 requires parties to state, as to each disputed issue, its contentions and how it proposed to resolve the dispute at the conference of counsel. Applying that requirement separately to each disputed Request here across all five Defendants would generate substantial repetition and unnecessarily burden the Court's review. Accordingly, Experian has elected to group the disputed Request under the Section IV subheadings below, each addressing common deficiencies shared by the Requests within a particular category, to facilitate the Court's review.

protocol-driven inquiry. Each of these deficiencies is addressed in turn below.

### A. Defendants Refuse To Produce Documents They Have Agreed To Produce

The most urgent relief Experian seeks here is also the most basic: an order requiring Defendants to produce documents, without qualification, in response to the Requests for which they have already agreed to produce. On July 24, 2025 and then on March 9, 2026, Defendants committed in writing to produce documents responsive to dozens of Requests. *See* Herron Decl. **Exhibits F-J, Exhibits M-Q**. They repeated those commitments in representations to this Court. *See* Dkt. 162. They accepted Experian's good-faith accommodations in reliance on those assurances. *See* Herron Decl. ¶ 32. And then they produced virtually nothing. That pattern of unfulfilled commitments has persisted for over fourteen months.

On July 24, 2025, Stein Saks, PLLC, Judah Stein, Yaakov Saks, and Eliyahu Babad each stated that they "will produce" documents in response to approximately eight Requests. *Id.* ¶¶ 9-13; **Exhibits F-I**. Tamir Saland made the same commitment as to one Request. *Id.*, ¶ 14; **Exhibit J**. Following Experian's September 15, 2025 Rule 37-1 letter (**Exhibit K**) and subsequent meet-and-confers, Defendants each served supplemental responses on March 9, 2026, broadening their production commitments. *Id.* ¶¶ 22-28; **Exhibits M-Q**. The disputed Requests for which Defendants have agreed to produce documents stand as follows:

- Stein Saks PLLC has expressly committed to produce documents in response to twenty-four Requests: Nos. 1-2, 5-6, 9-17, 28-30, 33-38, and 40-41. *See* **Exhibits F, M**.
- Judah Stein has expressly committed to produce documents in response to twenty-three Requests: Nos. 1, 2, 5-6, 9-17, 28-36, and 38. *See* **Exhibits G, N**.
- Yaakov Saks has expressly committed to produce documents in response to twenty-three Requests: Nos. 1, 2, 5-6, 9-17, 28-36, and 38. *See* **Exhibits H, O**.

- Eliyahu Babad has expressly committed to produce documents in response to twenty-four Requests: Nos. 1-2, 5-6, 9-17, 28-36, 38-39. *See* **Exhibits I, P**.
- Tamir Saland has expressly committed to produce in response to seventeen Requests: Nos. 1-2, 5, 9-12, 15-16, 28, 30-32, 34-36, and 38. *See* **Exhibits J, Q**.

Herron Decl. ¶¶ 9-16; 22-28. The only document Defendants have produced is a single insurance policy, served in August 2025. *Id.* ¶ 17. Not one of their commitments in response to any of the other Requests has been honored.

Defendant's failure to produce is made even worse given their prior representations to this Court. On April 16, 2026, the parties jointly stipulated to extend the discovery deadline to December 22, 2026. *See* Dkt. 162. In that stipulation, Defendants represented to the Court that they "*are currently working through a document review based on the agreed-upon search terms*" and that "*[a]ll Parties are actively conducting document review.*" *Id.* at 6 (emphasis added). The parties also represented that they intended "to take depositions on a complete documentary record" (identifying this as "one of the central reasons a schedule extension serves all Parties' interests") and acknowledged that "depositions . . . cannot meaningfully proceed without substantial completion of document productions." *Id.* at 6-7.

Less than three weeks later, Defendants' counsel revealed during a meet-and-confer that Defendants had not yet formally engaged a vendor to complete their document review. *See* Herron Decl. ¶ 35; **Exhibit T**. Experian memorialized its reaction in writing, noting that it was "extremely surprised to learn that there ha[d] been such little progress on completing document review, particularly at this stage," and had previously understood "nearly a month ago that there was already a vendor being used." *Id.*, **Exhibit T** at 2. Defendants' counsel assured Experian that Defendants were "prioritizing the production" and "seeking additional vendors." **Exhibit T** at 1.

Nothing improved after that. On August 7, 2026, Experian sent a second Rule

37-1 letter demanding, among other things, that Defendants cure their continuing non-production. *See* Herron Decl. ¶ 39; **Exhibit U**. Experian received no response for ten days. *Id.* ¶¶ 40-41; **Exhibit V**. On August 17, 2026, Experian followed up to advise that the conferral window would expire, whereupon it would proceed with this filing. *Id.* **Exhibit V** at 3-4. Only then, on August 18, 2026, after the conferral window had passed, did Defendants' counsel respond and agree to confer. Herron Decl. ¶ 41; **Exhibit V** at 3. During that conference, counsel confirmed that Defendants *still* had not yet finalized the engagement of a vendor and could not commit to a production date. Herron Decl. ¶ 41; **Exhibit V** at 1. All told, more than fourteen months after Experian served its Requests on June 10, 2025 and despite repeated assurances to the contrary, Defendants have still not produced a single document besides an insurance policy. *Id.* ¶¶ 17, 19, 22; **Exhibit L**.

Federal Rule of Civil Procedure 34(b)(2)(B) requires a responding party to "state that it will produce copies of documents or of electronically stored information." Once a party states that it will produce, that commitment is enforceable. *See M2 Software, Inc. v. M2 Commc'ns, L.L.C.*, 217 F.R.D. 499, 501 (C.D. Cal. 2003) (holding that the plaintiff's response "to each request to produce amounts to a response under penalty of perjury that it will produce all documents responsive to the request"). Defendants induced Experian to forgo motion practice through repeated production promises (negotiating the ESI Protocol, finalizing search terms, representing to the Court that they were "actively conducting document review") and have not produced documents in fulfillment of those commitments. *See* Fed. R. Civ. P. 37(a)(3)(B)(iv) (authorizing a motion to compel where a party "fails to produce documents . . . as requested under Rule 34").

Courts do not tolerate the kind of gamesmanship evident from Defendants here. Production of limited documents (or as here, virtually none) is unacceptable when full and complete production has been repeatedly promised. *See Payne v. Exxon Corp.*, 121 F.3d 503, 508 (9th Cir. 1997) ("failure to produce documents as ordered

is considered sufficient prejudice") (citation and internal alterations omitted); *Yotta Techs. Inc. v. Evolve Bank*, No. 3:24-cv-06456, Dkt. 97 at 1–2 (N.D. Cal. Oct. 31, 2025) (where defendant had produced essentially nothing, "it is not reasonable to expect [plaintiff] to start taking any depositions" and "[defendant] needs to complete its document production as fast as possible").

The prejudice to Experian is concrete and escalating. Without Defendants' immediate production of documents, Experian cannot take informed depositions, develop key facts within Defendants' exclusive possession, or build the evidentiary record to which it is entitled. *See Payne*, 121 F.3d at 508; *Rago v. Select Comfort Retail Corp.*, 2020 WL 8611033, at *5-7 (C.D. Cal. Dec. 9, 2020) (failure to produce key documents prior to a deposition caused the deposing party prejudice and constituted discovery failures necessitating an award of monetary sanctions). For its part, Experian has expended considerable costs and resources to review and produce 33,175 documents. *See* Herron Decl. ¶¶ 30, 38.

The damage extends to expert discovery as well. The April 2026 Joint Stipulation extended the expert disclosure deadline to September 15, 2026. Lacking a complete documentary record from Defendants before that date, potential experts cannot analyze the evidence they need; any opinions disclosed before Defendants produce responsive documents may require costly revision or supplementation. The Joint Stipulation itself warned that proceeding on an incomplete record "would deprive Experian of the discovery it needs" and "cascad[e] across every remaining phase of this litigation." Dkt. 162 at 8. Defendants signed onto that stipulation and are now engineering precisely that outcome. *See Fuentes v. Manning*, 2025 WL 3004825, at *6 (E.D. Cal. Oct. 27, 2025) (finding prejudice where a party's failure to produce documents prevented the opposing party from "conduct[ing] expert discovery"); *Rago v. Select Comfort Retail Corp.*, 2021 WL 3621890, at *8 (C.D. Cal. June 11, 2021) (finding that a party "failed to justify her failure to satisfy her ongoing duty to produce the responsive documents relied upon by her experts" and

holding that "the fact that defendant could depose plaintiff's experts is not a sufficient excuse for failing to produce those documents").

Experian respectfully requests that the Court order each Defendant to immediately produce all documents responsive to each Request set forth above, without qualification, for which that Defendant has already made a commitment to produce.

### B. Defendants' Boilerplate Objections And Failures to Respond Are Improper

On top of their failure to honor production commitments, Defendants responded to several Requests with nothing but recycled boilerplate: identical objections of overbreadth, relevance, burden, vagueness, and privilege, copy-pasted word-for-word with no commitment to search, produce, or identify what is being withheld. Such responses are impermissible, as the documents sought are directly relevant to Experian's claims.

Rule 34(b)(2)(B) requires that objections be "state[d] with specificity." Rule 34(b)(2)(C) further requires a responding party to state whether any responsive materials are being withheld on the basis of an objection. These requirements exist to prevent what Defendants have done here. *See, e.g.*, *Infanzon v. Allstate Ins. Co.*, 335 F.R.D. 305, 311 (C.D. Cal. 2020) ("Rule 34 was amended precisely to rid federal discovery practice of these hide-and-seek games — to 'end the confusion that frequently arises when a producing party states several objections . . . leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections.'") (citation omitted); *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) "[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper . . . Similarly, boilerplate relevancy objections, without setting forth any explanation or argument why the requested documents are not relevant, are improper.") (citations omitted); *Brevoort v. G4S Secure Sols. (USA) Inc.*, 2022 WL 3012529, at *5 (C.D. Cal. June

21, 2022) ("Plaintiff cannot simply invoke generalized objections without describing, in specific detail, how each request is overbroad and unduly burdensome."); *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 379 (C.D. Cal. 2009) ("[U]nexplained and unsupported boilerplate objections are improper.").

The word-for-word uniformity of Defendants' objections shows they are not the product of good-faith, individualized assessment, but a coordinated, enterprise-wide refusal to disclose. *See, e.g.*, Herron Decl. **Exhibits M-Q**. Even if the objected-to or ignored Requests were improper (they are not), "that cannot serve as a blanket reason to ignore or respond incorrectly to other properly propounded discovery requests." *Infanzon*, 335 F.R.D. at 312 (citation omitted). However, the objected-to or ignored categories of documents are squarely within the permissible scope of discovery, highly relevant to Experian's claims, and must be produced:

### 1. Request Nos. 3 and 4 to Stein Saks, PLLC (Referral Sources and Client Intake Procedures)

Request Nos. 3 and 4 to Stein Saks PLLC target the operational infrastructure at the heart of Experian's claims: who referred clients to the firm, through what channels, and under what intake protocols. *See* **Exhibit A**. These documents are critical to establishing how Defendants obtained clients, directed key participants and how the alleged network operated. *See, e.g.*, Dkt. 91 ¶¶ 2, 17, 424, 433.

Sworn declarations from the Individual Defendants in separate litigation confirm why the documents sought are necessary. Defendant Judah Stein—a founding partner of Stein Saks, PLLC—has admitted under penalty of perjury that "[i]t is common for credit repair companies to refer their clients to FCRA attorneys since their clients often have credit repair issues that need to be litigated if they cannot be resolved," and that credit repair companies "provide the client our contact information" and in some cases "remain[] the authorized representative and point of contact for the client even after referring the client file to Stein Saks." Declaration of Judah Stein at ¶¶ 20-21, *Sofer v. Transunion, LLC et al.*, No. 1:23-cv-04844-DLI-

JAM, Dkt. 57 (E.D.N.Y. May 17, 2024) ("Stein Decl."). Stein Saks PLLC frequently treats the credit repair company as "the authorized representative of the client" and the "point of contact for the client before and during litigation," and routes settlement proceeds to that representative. *Id.* ¶ 31. Mr. Stein "always communicate[s] either directly with the client or with the client's authorized representative prior to or at the outset of a particular engagement." *Id.* ¶ 30.

Defendant Tamir Saland, for his part, has acknowledged that "[o]ther attorneys at the firm—usually Judah Stein —will gather documents from clients, and present to me a file of documents related to client credit errors and denials." Declaration of Tamir Saland at ¶ 5, *Sofer v. Transunion, LLC*, No. 1:23-cv-04844-DLI-JAM, Dkt. 59 (E.D.N.Y. May 17, 2024) ("Saland Decl."). And Defendant Yaakov Saks confirmed that he is "involved in our litigation matters from inception through settlement or other disposition." Declaration of Yaakov Saks at ¶ 7, *Sofer v. Transunion, LLC*, No. 1:23-cv-04844-DLI-JAM, Dkt. 58 (E.D.N.Y. May 17, 2024) ("Saks Decl."). These admissions map directly onto the Amended Complaint's allegations that the Individual Defendants "directed, supervised, and conspired with other Stein Saks employees, multiple credit repair organizations, and other individuals who have unlawfully aided and abetted the scheme to defraud Experian through the fabrication of evidence for use in sham lawsuits." Dkt. 91, ¶¶ 10-13. Documents identifying referral sources and governing client intake provide the evidentiary foundation for those allegations.

Relevance notwithstanding, Stein Saks, PLLC never responded to Request Nos. 3 and 4. Both its initial responses served on July 24, 2025, and its supplemental responses served on March 9, 2026, reproduce and address Request Nos. 3 and 4 served on the Individual Defendants—not the Request Nos. 3 and 4 served on Stein Saks, PLLC itself. *Compare, e.g.*, **Exhibit A** with **Exhibits F and M**. Stein Saks, PLLC cannot respond to different Requests directed to the Individual Defendants and then invoke any objections embedded in those misdirected responses as a shield

against its own Request Nos. 3 and 4.

It is "well established" in the Ninth Circuit that "a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). A party that never responds forfeits its right to object. Forfeiture here is beyond dispute. Stein Saks, PLLC allowed over a year to pass without remediation, even while serving supplemental responses in March 2026. *See Bryant v. Armstrong*, 285 F.R.D. 596, 602 (S.D. Cal. 2012) (finding that defendant "waived any objections" to plaintiffs requests by serving them "roughly one and one-half months late."); *Liguori v. Hansen*, 2012 WL 760747, at *14 (D. Nev. Mar. 6, 2012) (finding that the court was "well within its discretion to find waiver" where the "responses were at least one month late and, in all likelihood, probably significantly later.").

All objections to Request Nos. 3 and 4 have been waived. Stein Saks, PLLC must produce responsive documents. Experian requests and order from the Court reflecting the same.

### 2. Request Nos. 3 and 4 to the Individual Defendants (Retention Policies and Referral Sources)

Request No. 3 to the Individual Defendants seeks documents concerning the retention, deletion, and archiving settings for each communication medium they use. *See e.g.*, Herron Decl., **Exhibits B-E**. Request No. 4 seeks contact identifiers for referral sources with whom the Individual Defendants communicated in connection with litigation against credit bureaus, including Experian. *Id.* The Individual Defendants have responded to both requests with identical, boilerplate objections and committed to produce nothing. *See, e.g.*, *id.*, **Exhibits N-Q**.

These objections are baseless. Request No. 3 lays the evidentiary groundwork for Experian's allegations that Defendants used unmonitored, ephemeral communication channels to hide behind an intentionally opaque RICO scheme. *See, e.g.*, Dkt. 91 ¶¶ 68-88, 455-468. Request No. 4 goes to the pipeline through which

clients were recruited and funneled into FCRA litigation against Experian. *Id.* ¶¶ 2, 17, 424, 433.

These documents are essential to trace the enterprise's mode and manner of operation, as well as the division of labor among participants in litigation activities specifically targeting Experian. *Id.* ¶¶ 423-428. Their relevance to Experian's RICO claims is obvious. Mr. Stein has admitted that there are instances when "the credit repair company remains the authorized representative and point of contact for the client even after referring the client file to Stein Saks" and "even if and after the matter goes to litigation." Stein Decl. at ¶ 21. Identifying all of those participants is necessary for Experian's prosecution of the case. But not a single document describing a referral source, credit repair operator, or mortgage entity in connection with Experian-related litigation has been produced, even though the Individual Defendants' sworn declarations all but confirm that such documents must exist. *See also* Dkt. 91 ¶¶ 49, 82, 271. And, of course, there is no privilege barrier either. *See, e.g.*, *In re Pac. Pictures Corp.*, 679 F.3d 1121, 1126–27 (9th Cir. 2012) (communications with third parties "will generally destroy the privilege"); *Reiserer v. United States*, 479 F.3d 1160, 1165 (9th Cir. 2007) ("there is no confidentiality where a third party . . . either receives or generates the documents").

Additionally, the Individual Defendants' own firm has abandoned the very objections they continue to press. In its March 9, 2026 supplemental responses, Stein Saks, PLLC agreed to produce all non-privileged documents responsive to Request No. 4 relating to Yenon Argy, Justin Zeig, Chesky Monk, and Daniel Soffer (*see* **Exhibit M**), thereby acknowledging the relevance and producibility of exactly this material. The Individual Defendants—all of whom are alleged participants in the same enterprise—must do the same. *See A. Farber*, 234 F.R.D. at 188; *Duran*, 258 F.R.D. at 378-79. The Court should overrule the Individual Defendants' boilerplate objections and order the production of all documents response to Request Nos. 3 and 4 directed at them.

**3. Request Nos. 19-23 to all Defendants (Trust Account and Financial Records)**

Request Nos. 19-23—which were refused by all Defendants—seek records of Stein Saks' client trust and IOLTA accounts, including deposits, disbursements, authorizations, and the policies governing the handling of client funds. These requests target the inner workings of the financial infrastructure through which the Amended Complaint alleges settlement proceeds were laundered to non-attorneys. *E.g.*, Dkt. 91 ¶¶ 3, 20, 30, 35, 66-72, 438-447. They are undeniably relevant to the predicate acts for the alleged RICO scheme. *Id.* ¶¶ 438-447. Mr. Stein has already conceded that litigation clients of Stein Saks, PLLC would sometimes "provide[] a written authorization disburse settlement proceeds directly to CCI as an authorized representative of the Client." Stein Decl. at ¶ 31. Defendants cannot credibly claim that trust account, bank, or accounting ledger records do not exist because professional conduct rules require that they be maintained.

Nor can Defendants limit their discovery responses based on their own determinations of relevance. *See Treasure Island, LLC v. Affiliated Fm Ins. Co.*, 2023 WL 6295500, at *4 (D. Nev. Sept. 26, 2023) ("Defendant's unilateral relevance determination was contrary to clearly established law."). Indeed, "[f]ederal courts do not typically 'tolerate a party unilaterally and unreasonably deciding that requested discovery is not relevant or discoverable under proportionality based solely on its own litigation position.'" *Id.* (collecting cases). Defendants relevance objections to Request Nos. 19-23 are particularly egregious examples of improper unilateral determinations, *see* **Exhibits M-Q**, when those Requests map directly to alleged predicate acts pled with specificity in the Amended Complaint. *E.g.*, Dkt. 91 ¶¶ 438-447.

Finally, none of the categories sought by Request Nos. 19-23 targets privileged information. Attorney trust accounts and ledgers are not privileged. *United States v. Bank of California*, 424 F. Supp. 220, 225 (N.D. Cal. 1976) ("it is the law of this

Circuit and elsewhere that checks deposited in or drawn upon a law office trust account are not privileged communications"). Nor are "bank records pertaining to an attorney's client trust accounts." *Gjerde v. United States*, 2011 WL 1344731, at *4 (E.D. Cal. Apr. 8, 2011) (collecting cases). Nor are fee agreements with clients or fee-sharing arrangements with non-clients. *E.g.*, *In re Michaelson*, 511 F.2d 882, 888 (9th Cir. 1975) ("information concerning the fee arrangement between an attorney and his client, or the existence of the attorney-client relationship is not privileged or protected by the attorney-client privilege."); *Allstate Ins. Co. v. Nassiri*, 2011 WL 2516943, at *3 (D. Nev. June 23, 2011) (citation omitted) (agreements with non-clients are not privileged because "such information 'ordinarily reveals no confidential professional communication'"); *see also Eastman v. Thompson,* 636 F. Supp. 3d 1078, 1089 (C.D. Cal. 2022) (a "third party's shared desire to see the same outcome in a legal matter is insufficient to maintain confidentiality") (internal quotations omitted); *Crosby v. Cal. Physicians' Serv.*, 2020 WL 2510651, at *4 (C.D. Cal. Feb. 26, 2020) (similar); *Rodriguez v. Seabreeze Jetlev LLC*, 620 F. Supp. 3d 1009, 1022 (N.D. Cal. 2022) (similar).

For these reasons, the Court should order the immediate production, without qualification, of all documents responsive to Request Nos. 19-23.

#### 4. Request Nos. 31-32 to Stein Saks, PLLC (Organizational Charts and Payments to Co-Conspirators)

Request No. 31 to Stein Saks, PLLC seeks organizational charts, employee rosters, or other documents sufficient to identify every Stein Saks, PLLC employee involved in either negotiating referral arrangements or processing and approving disbursements of settlement proceeds. *See* **Exhibit A**. Request No. 32 seeks documents relating to any transfer of payment, compensation, fee, or other non-monetary consideration from Stein Saks, PLLC to the key alleged co-conspirators. *Id.* Both categories are germane to the operation of the alleged enterprise and predicate acts. *E.g.*, Dkt. 91 ¶¶ 20-21, 37-40, 438-447.

Documents responsive to Request Nos. 31 and 32 almost certainly exist. After all, Mr. Stein "was and remain[s] intimately involved in the intake process for almost all cases." Stein Decl. at ¶ 29. Mr. Saks "participates in and oversees litigation throughout the lifespan of our cases." *Id.* Mr. Saland handled dozens of litigations "at any given time, from complaint to discovery and settlement or through conclusion of the litigation." Saland Decl. at ¶ 12. And Mr. Stein has conceded that there were instances in which litigation settlement funds were routed to credit repair operators like Yenon Argy. *See* Stein Decl. at ¶ 31.

Moreover, as with Request Nos. 3 and 4 (*see supra*), Stein Saks, PLLC never responded to Request Nos. 31 or 32. Both its initial responses served on July 24, 2025, and its supplemental responses served on March 9, 2026, reproduced and addressed Request Nos. 31 and 32 served on the Individual Defendants—not the Request Nos. 31 and 32 served on Stein Saks, PLLC. *Compare, e.g.*, **Exhibit A** with **Exhibits F and M**. The forfeiture of any objection to Request Nos. 31 and 32 follows inescapably from the same reasoning as to Request Nos. 3 and 4 because Stein Saks, PLLC allowed over a year to pass without remediation, even while serving supplemental responses in March 2026. *Richmark*, 959 F.3d at 1473; *Bryant*, 285 F.R.D. at 602; *Liguori*, 2012 WL 760747, at *14. All objections to Request Nos. 31 and 32 have been waived and responsive documents must be produced. Experian requests an order from the Court reflecting the same.

### 5. Request No. 39 to the Individual Defendants (Conduct In Litigation and Discovery)

Request No. 39 to the Individual Defendants (refused by Judah Stein, Yaakov Saks, and Tamir Saland) seeks communications with co-defendants and referral sources about discovery served on plaintiffs in Experian-related FCRA litigation. *See* **Exhibits B-E**. This is precisely the conduct that the Complaint alleges constituted deliberate obstruction designed to prevent Experian from uncovering the fraud, including efforts to prevent witnesses from responding to subpoenas, obstruct

depositions, and file dispositive motions without their clients' knowledge. *E.g.*, Dkt. 91, ¶¶ 455-468. These are targeted demands for documents directly relevant to the predicate acts underlying Defendants' alleged RICO violations—not speculative or peripheral requests.

The Individual Defendants themselves confirm that they "participate[d] in and over[saw] litigation throughout the lifespan of [Stein Saks, PLLC] cases." Stein Decl. at ¶ 29. Mr. Saks "personally oversee[s] our associate litigators, like Tamir Saland, and [is] involved in our litigation matters from inception through settlement or other disposition." Saks Decl. at ¶ 7. Mr. Saland likewise "handle[d] all aspects of discovery for cases assigned to me." Saland Decl. at ¶ 6. That involvement in "all aspects" of litigation necessarily included outreach and interaction with credit repair referral sources. As Mr. Stein concedes: in certain lawsuits "the credit repair company handling the underlying credit dispute will act as the authorized representative of the client and be the point of contact for the client before and during litigation." Stein Decl. at ¶ 31.

Notably, Defendant Eliyahu Babad has already discarded the boilerplate objections that the other Individual Defendants continue to hide behind. In his March 9, 2026 supplemental responses, Mr. Babad agreed to "comply" with Request No. 39 (*see* **Exhibit P**), thereby conceding the relevance and producibility of documents responsive to Request No. 39. The other similarly-situated Individual Defendants, all of whom are alleged participants in the same enterprise, must do the same. *See A. Farber*, 234 F.R.D. at 188; *Duran*, 258 F.R.D. at 378-79. Experian respectfully requests that the Court overrule all objections to Request No. 39 and order all Individual Defendants to produce responsive documents promptly.

### C. Defendants' Assertions That Certain Documents Are "Not Believed to Exist" Or "Never Existed" Were Not the Product of a Principled Search

For a third category of Requests, Defendants disclaim any obligation to

produce by asserting either that "no such documents are believed to exist" (Request Nos. 8, 24-27) or that responsive materials "have never existed" (Request No. 18). *See, e.g.*, **<u>Exhibits M-Q</u>.**

As an initial matter, the Federal Rules require that a party's discovery responses be certified as the product of a "reasonable inquiry." *See* Fed. R. Civ. P. 26(g)(1). By signing Defendants' responses to Request Nos. 8 and 24-27, counsel certified that Defendants looked and found nothing. However, the phrase "no such documents are believed to exist" is a hedge, not a confirmed, good-faith account that a diligent search was conducted and came up empty. Defendants did not identify the custodians searched, repositories reviewed, platforms and devices examined, or methodology used to reach the conclusion that "no such documents are believed to exist" for Request Nos. 8 and 24-27. *A. Farber*, 234 F.R.D. at 189 (holding that a party responding to a Rule 34 request has an "affirmative duty" to seek information reasonably available to it from employees, agents, or others under its control and must detail "the nature of [its] reasonable inquiry to locate responsive documents . . . on a request-by-request basis") (internal quotations and citation omitted).

More fundamentally, Defendants made those representations before the parties finalized agreed-upon search terms pursuant to the ESI Protocol, meaning they were not the product of any agreed-upon review methodology at all. *Compare* Herron Decl. ¶ 29 (search terms finalized on March 20, 2026), *with* **<u>Exhibits M-Q</u>** (supplemental responses served on March 9, 2026). Defendants' counsel admitted as recently as August 18, 2026 that Defendants *still* has not retained a vendor to assist with document review and production. *See* Herron Decl. ¶ 41. Without any account of where or how Defendants searched, Experian cannot assess whether a reasonable inquiry was actually conducted. Representations about the non-existence of documents that precede a protocol-driven search carry no weight.

Above all, Defendants' responses to Request Nos. 8, 18, 24-27 lack credibility. For example, Defendants disclaim the existence of "agreements, contracts,

memoranda of understanding, engagement letters, or instruments of any kind" with referral sources in response to Request No. 8 (*e.g.*, **Exhibit M** at 10), but have conceded that sometimes a "credit repair company handling the underlying credit dispute will act as the authorized representative of the client and be the point of contact for the client before and during litigation," and that clients of Stein Saks PLLC will sometimes "provide[] written authorization to disburse settlement proceeds directly to CCI as an authorized representative of the Client." Stein Decl. at ¶ 31. Given that Stein Saks PLLC has "put procedures in place that require verification with the underlying client, both verbally and in writing, prior to filing or serving any document on their behalf," the non-existence of any documentation whatsoever evidencing an agreement(s) with referral sources who serve as "authorized representative[s]" and "points of contact" "before and during litigation" is implausible. Stein Decl. at ¶¶ 6, 31.

Defendants also disclaim the existence of documents responsive to Request Nos. 24, 25, and 26, which seek financial transfers and disbursements—the kind of records that should exist in bank statements, accounting ledgers, and wire transfer confirmations that are objectively verifiable. *See* **Exhibit U** at 7. The idea that Stein Saks PLLC, a law firm that has handled thousands of consumer litigation matters (*see* Dkt. 91, ¶ 29) and received and disbursed settlement proceeds, maintains no financial records, no records of payments to co-defendants or referral sources, and no bank records reflecting those transactions strains credulity.

As another example, Request No. 27 seeks documents reflecting each Defendants' knowledge of Rule 5.4 of the New York Rules of Professional Conduct and analogous ethical rules in relevant jurisdictions, which are most directly implicated by Defendants' alleged unlawful fee-splitting. *See* Dkt. 91, ¶ 69. The notion that no documents of any kind reflecting Defendants' awareness and implementation of these rules is difficult to accept at face value. After all, Mr. Stein has acknowledged that he is "embarrassed and deeply remorseful about the way my

firm handled our volume practice of cases in recent years" but "retained ethics counsel to advise on our firm's practices and procedures, to advise on the implementation of new best practices for the firm and to ensure that the mistakes of this case are never repeated again." Stein Decl. at ¶¶ 2, 9; *see also* Saks Decl. at ¶ 6 ("We are also working with retained ethics counsel to advise on proper practices and procedures").

Experian requests that the Court order each Defendant to: (1) conduct a complete and documented search using the parties' agreed-upon ESI Protocol and search terms; (2) serve supplemental responses that either confirm, by verified representation following a complete search, whether responsive documents exist in response to Request Nos. 8, 18, and 24-27; and (3) where a Defendant continues to represent that no documents responsive to Request Nos. 8, 18, and 24-27 exist, provide a written explanation of the custodians searched, repositories reviewed, and methodology applied.

### D. Tamir Saland's Individual Disclaimers as to Request Nos. 6, 13-14, 17, 29, and 33

With respect to Request Nos. 6, 13-14, 17, 29 and 33, Defendant Tamir Saland claims that he "cannot comply" or is "unable to comply" because responsive materials are "no longer in [his] possession, custody, or control." *See* **Exhibits J, Q**. Experian recognizes that Mr. Saland is no longer employed at Stein Saks, PLLC, but he identifies no devices, accounts, search terms, or time frames reviewed. *A. Farber*, 234 F.R.D. at 189 (holding that a party responding to a Rule 34 production request has an "affirmative duty" to seek information reasonably available to it and must detail "the nature of [its] reasonable inquiry to locate responsive documents, and such declarations must address the inquiry [it] made on a request-by-request basis.") (internal quotations and citation omitted).

Mr. Saland also fails to explain his efforts to retrieve data from servers, emails, encrypted messaging apps, or external drives. *See Jimenez v. Rameau*, 2025 WL

822422, at *7 (W.D. Wash. Mar. 13, 2025) ("A reasonable inquiry includes an investigation and inquiry of . . . agents[] and others[] who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response.") (internal quotations and citations omitted). Experian has no way to assess the veracity of his responses to Request Nos. 6, 13-14, 17, 29 and 33 without descriptions of the efforts he made to obtain relevant documents from all of his devices.

Experian's concern is more than speculation. Defendants communicated via off-channel, off-email mechanisms (*e.g.*, Dkt. 91, ¶¶ 75, 86 (screenshots of WhatsApp chats among Judah Stein, Yenon Argy, and Chesky Monk)) and that Mr. Saland was counsel of record in a key case involving the production of a Cornerstone Denial Letter purportedly signed by Carol Franz and lead communications with Experian when Experian sought to depose the plaintiff and Carol Franz in that case, which is particularly relevant to Request Nos. 17 and 33. *See, e.g.*, Dkt. 91, ¶¶ 89-109. If Mr. Saland continues to refuse production, the Court should, at minimum, require Mr. Saland to supplement his responses to Request Nos 6, 13-14, 17, 29 and 33 describing why and how the sought-after documents are no longer in his possession.

**E. Experian Is Entitled To Relief Under Fed. R. Civ. P. 37**

Experian seeks monetary relief against Defendants Stein Saks, PLLC, Judah Stein, Yaakov Saks, Eliyahu Babad, and Tamir Saland pursuant to Fed. R. Civ. P. 37. *Dahl v. City of Huntington Beach*, 84 F.3d 363, 367 (9th Cir. 1996) (a court "has great latitude in imposing sanctions for discovery abuse"). "Rule 34 violations are enough by themselves to support monetary sanctions." *Infanzon*, 335 F.R.D. at 312. If the Court grants Experian's motion, it must, "after giving an opportunity to be heard," require the Defendants "to pay [Experian's] reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The award is mandatory unless Defendants can show that their conduct was "substantially

justified" or that "other circumstances make an award of expenses unjust." *Id.* 37(a)(5)(A)(ii)-(iii).

Defendants cannot make either showing. The record documents a year-long pattern of coordinated non-compliance across all five Defendants. They committed in writing across dozens of Requests to produce documents and have produced virtually nothing. *See* Herron Decl. ¶¶ 9-16, 22-28; **Exhibits F-J and M-Q**. They served nearly word-for-word boilerplate objections without explanation, without a privilege log, and without identifying a single withheld document. *Id.* **Exhibits F-J**. And they made representations that document review was "underway" (Dkt. 162 at 6) and that a vendor had been retained (*e.g.*, **Exhibits L and S**) only to walk those representations back, forcing Experian to restart its conferral efforts from scratch. *E.g.*, Herron Decl. ¶ 41; **Exhibit V** at 1. Failures of this magnitude do not reflect inadvertence by Defendants. They mirror the pattern of deliberate concealment at the heart of Experian's substantive claims against them.

Experian respectfully requests that the Court impose sanctions against Stein Saks, PLLC, Judah Stein, Yaakov Saks, Eliyahu Babad, and Tamir Saland pursuant to Fed. R. Civ. P. 37(a)(5)(A) and any other relief it deems appropriate.

## V. CONCLUSION

For the foregoing reasons, Experian respectfully requests that the Court grant its motion in its entirety and enter an order compelling Defendants to immediately produce all responsive documents and certify their search efforts and preservation measures. Experian further requests that the Court impose appropriate sanctions against Defendants under Rule 37(a)(5)(A), including Experian's reasonable attorneys' fees and costs incurred in bringing this motion, and grant any other relief the Court deems appropriate.

Respectfully submitted,

Dated: September 2, 2026

By: /s/ *TJ Herron*

TJ HERRON (SBN 331728)
*Therron@goodwinlaw.com*
**GOODWIN PROCTER LLP**

Attorneys for Plaintiff
EXPERIAN INFORMATION SOLUTIONS, INC.