UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| EXPERIAN INFORMATION SOLUTIONS, INC., an Ohio Corporation,<br><br>Plaintiff,<br><br>v.<br><br>STEIN SAKS, PLLC, a New York company; JUDAH STEIN, a New Jersey resident; YAAKOV SAKS, a Florida resident, TAMIR SALAND, a New York resident, ELIYAHU BABAD, a New Jersey resident, ZEIG LAW FIRM, LLC, a Florida company, JUSTIN ZEIG, a Florida resident, CHESKY MONK, a New Jersey resident, DANIEL J. SOFFER, a New Jersey resident, and DOE DEFENDANTS 1-10,<br><br>Defendants. | Case No. 8:24-cv-1186-FWS-JDE<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM DEFENDANTS STEIN SAKS, PLLC, JUDAH STEIN, YAAKOV SAKS, ELIYAHU BABAD, AND TAMIR SALAND** |

Based on the Motion (Dkt. 171, "Motion") filed by Plaintiff Experian Information Solutions, Inc. ("Plaintiff" or "Experian") to Compel Production of Documents From Defendants Stein Saks, PLLC, Judah Stein, Yaakov Saks, Eliyahu Babad, and Tamir Saland ("Defendants") and the documents filed in support of and in opposition to the Motion (Dkt. 171-1 to 171-26; Dkt. 174 ("Opposition" or "Opp."); Dkt. 176), having found the Motion may properly be decided without oral

argument (Dkt. 183), and good cause appearing, in part, the Court ORDERS as follows:

1. Experian's Motion (Dkt. 171) is GRANTED, in part, and DENIED in part, as follows.

2. As Defendants, in their Opposition, do not offer support for objections asserted in response to the discovery at issue in the Motion (see Cotracom Commodity Trading Co. v. Seaboard Corp., 189 F.R.D. 655, 662 (D. Kan. 1999) ("When ruling upon a motion to compel, the court generally considers those objections which have been timely asserted and relied upon in response to the motion. It generally deems objections initially raised but not relied upon in response to the motion as abandoned."), Defendants shall produce, without qualification or further objection, except as limited below as to objections based on the attorney-client privilege, all documents responsive to the following Requests as to which each Defendant made an express commitment to produce:

a. Stein Saks, PLLC: Request Nos. 1-2, 5-6, 9-17, 28-30, 33-38, 40-41
b. Judah Stein: Request Nos. 1-2, 5-6, 9-17, 28-36, 38
c. Yaakov Saks: Request Nos. 1-2, 5-6, 9-17, 28-36, 38
d. Eliyahu Babad: Request Nos. 1-2, 5-6, 9-17, 28-36, 38-39
e. Tamir Saland: Request Nos. 1-2, 5, 9-12, 15-16, 28, 30-32, 34-36, 38

3. All objections, except for objections based on attorney-client privilege, by Defendant Stein Saks, PLLC to Request Nos. 3, 4, 31, and 32 are deemed waived. Accordingly, Stein Saks, PLLC shall produce, without qualification or further objection, all non-privileged documents responsive to Experian's Request Nos. 3, 4, 31, and 32.

4. All objections, except for objections based on attorney-client privilege, by Individual Defendants Judah Stein, Yaakov Saks, Eliyahu Babad, and Tamir

Saland to Request Nos. 3 and 4 directed to them, as well as all objections, except for attorney-client privilege, by Individual Defendants Judah Stein, Yaakov Saks, and Tamir Saland to Request No. 39 directed to them, are overruled, and they shall produce, without qualification or further objection, all non-privileged documents responsive to those Requests.

5. Defendants' objections to Requests 19-23, except for objections based on attorney-client privilege, are overruled, and Defendants shall produce, without qualification or further objection, all non-privileged documents responsive to those Requests.

6. With respect to Request Nos. 8, 18, and 24-27, each Defendant shall (a) conduct a complete search using the agreed-upon ESI Protocol and search terms; and (b) serve compliant supplemental responses.

7. Defendants are ORDERED to serve all such documents described in paragraphs 2-6, above, within fourteen (14) days from the date of this Order.

8. As to attorney-client privilege, although any assertion of the privilege as to a particular document would be untimely under Fed. R. Civ. P. 34(b) at this time, the Court may not find a "per se waiver" due to an untimely assertion of the attorney-client privilege, but instead must consider any possible waiver on a case-by case basis, considering the following factors:

> The degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged (where providing particulars typically contained in a privilege log is presumptively sufficient and boilerplate objections are presumptively insufficient); the timeliness of the objection and accompanying information about the withheld documents (where service within 30 days, as a default guideline, is sufficient); the magnitude of the document production; and other particular

> circumstances of the litigation that make responding to discovery unusually easy . . . or unusually hard.

Burlington Northern & Santa Fe Railyard Co. v. United States District Court, 408 F.3d 1142, 1149 (9th Cir. 2005). Here, the first two factors favor waiver here; however, the third and fourth factors, the magnitude of the document production (here, more than 700,000 documents with search term "hits" that would take a team of 100-150 attorneys two weeks to review) and the "particular circumstances of the litigation that make responding . . . unusually hard" (here, the disclaiming of insurance coverage for Defendants' litigation costs just as the review for responsiveness of the more than 700,000 documents, including privilege review, was to commence), counsel against waiver, at least at this time. On balance, the Court finds on the unique facts here, a waiver of the attorney-client privilege is not warranted based on Defendants' failure to timely provide a privilege log or otherwise timely assert document-specific privilege objections at this time. Defendants are ORDERED to provide to Plaintiff, within 14 days from the date of this Order, a compliant, document-specific privilege log that must include all necessary information to support a claim of the attorney-client privilege, including, as appropriate, the drafter/sender of each such "document" (as used herein including electronically stored information), all recipient(s) (including titles and, if an attorney is identified, a statement of whom the attorney represents), a description of the subject matter of the document sufficient to support the claim of privilege but without revealing the information itself that is claimed to be privileged, and the date of the document and/or the date it was shared. The privilege shall be deemed waived as to any document responsive to any of the Requests for which production is ordered in paragraphs (2)-(6) above that is not identified in such a privilege log served within 14 days, and, as such, any such responsive document ordered to be produced in paragraphs (2)-(6) above that is not properly identified on a compliant privilege log within 14 days must be produced within 14 days.

9. The Court denies the Motion to the extent it seeks an order compelling Defendants to "explain" their "efforts to retrieve data" at this time; nothing herein prevents Plaintiff from asking questions of Defendants and/or relevant custodians at depositions or from propounding interrogatories to Defendants regarding their efforts to locate responsive documents.

10. As the Motion is granted in part and denied in part, the Court finds expenses incurred in connection with the Motion are appropriately apportioned such that each party shall pay its own expenses (Fed. R. Civ. P. 37(a)(5)(C)) and further finds that, considering the unique facts and circumstances here, an award against Defendants would be unjust. As such, Plaintiff's request for recovery of its reasonable expenses, including attorney's fees, under Fed. R. Civ. P. 37(a)(5) is denied.

IT IS SO ORDERED.

Dated: September 28, 2026

JOHN D. EARLY
United States Magistrate Judge